| | | |
|---|---|---|
| 1 | GEORGE A. ZELCS (*pro hac vice*)<br>gzelcs@koreintillery.com | PEGGY J. WEDGWORTH (*pro hac vice*)<br>pwedgworth@milberg.com |
| 2 | **KOREIN TILLERY, LLC** | **MILBERG PHILLIPS GROSSMAN LLP** |
| 3 | 205 North Michigan, Suite 1950<br>Chicago, IL 60601<br>Telephone: (312) 641-9750 | One Penn Plaza, Suite 1920<br>New York, New York 10119<br>Telephone: 212-594-5300 |
| 4 | Facsimile: (312) 641-9751 | Facsimile: 212-868-1229 |
| 5 | KARMA M. GIULIANELLI (SBN 184175)<br>karma.giulianelli@bartlitbeck.com | *Counsel for Plaintiffs and the Proposed Class in Bentley v. Google LLC, et al.* |
| 6 | GLEN E. SUMMERS (SBN 176402)<br>glen.summers@bartlitbeck.com | |
| 7 | JAMESON R. JONES (*pro hac vice pending*)<br>Jameson.jones@bartlitbeck.com | PAUL J. RIEHLE (SBN 115199)<br>paul.riehle@faegredrinker.com |
| 8 | **BARTLIT BECK LLP** | **FAEGRE DRINKER BIDDLE & REATH LLP** |
| 9 | 1801 Wewetta St. Suite 1200,<br>Denver, Colorado 80202 | Four Embarcadero Center, 27th Floor<br>San Francisco, CA 94111 |
| 10 | Telephone: (303) 592-3100<br>Facsimile: (303) 592-3140 | Telephone: (415) 591-7500<br>Facsimile: (415) 591-7510 |
| 11 | *Counsel for Plaintiffs and the Proposed Class in Carr v. Google LLC, et al.* | CHRISTINE A. VARNEY (*pro hac vice*)<br>cvarney@cravath.com |
| 12 | | |
| 13 | STEVE W. BERMAN (*pro hac vice*)<br>steve@hbsslaw.com | **CRAVATH, SWAINE & MOORE LLP**<br>825 Eighth Avenue |
| 14 | **HAGENS BERMAN SOBOL SHAPIRO LLP** | New York, New York 10019<br>Telephone: (212) 474-1000 |
| 15 | 1301 Second Ave., Suite 2000<br>Seattle, WA 98101 | Facsimile: (212) 474-3700 |
| 16 | Telephone: (206) 623-7292<br>Facsimile: (206) 623-0594 | *Counsel for Plaintiff Epic Games, Inc. in Epic Games, Inc. v. Google LLC, et al.* |
| 17 | *Counsel for Plaintiffs and the Proposed Class in Pure Sweat Basketball, Inc. v. Google LLC, et al.* | |
| 18 | | BRIAN C. ROCCA (221576)<br>brian.rocca@morganlewis.com |
| 19 | BONNY E. SWEENEY (SBN 176174)<br>bsweeney@hausfeld.com | **MORGAN, LEWIS & BOCKIUS LLP**<br>One Market, Spear Street Tower |
| 20 | **HAUSFELD LLP** | San Francisco, CA 94105-1596<br>Telephone: (415) 442-1000 |
| 21 | 600 Montgomery Street, Suite 3200<br>San Francisco, CA 94104 | Facsimile: (415) 442-1001 |
| 22 | Telephone: (415) 633-1908<br>Facsimile: (415) 358-4980 | *Counsel for Defendants Google LLC, Google Ireland Limited, Google Commerce Ltd., Google Asia Pacific Pte. Ltd. and Google Payment Corp.* |
| 23 | *Counsel for Plaintiffs and the Proposed Class in Peekya App Services, Inc. v. Google LLC, et al.* | |
| 24 | | |
| 25 | | |
| 26 | [Additional counsel appear on signature page] | |
| 27 | | |
| 28 | | |

STIPULATION AND [PROPOSED] ORDER REGARDING COORDINATION OF DISCOVERY
Case Nos.: 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:20-cv-05792-JD

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| EPIC GAMES, INC., *Plaintiff,* v. GOOGLE LLC et al., *Defendants.* | Case No. 3:20-cv-05671-JD |
| BENTLEY, et al., *Plaintiffs,* v. GOOGLE LLC et al., *Defendants.* | Case No. 4:20-cv-07079-DMR |
| MARY CARR, et al., *Plaintiffs,* v. GOOGLE LLC et al., *Defendants.* | Case No. 3:20-cv-05761-JD |
| PURE SWEAT BASKETBALL, INC., et. al, *Plaintiffs,* v. GOOGLE LLC et al., *Defendants.* | Case No. 3:20-cv-05792-JD |
| PEEKYA APP SERVICES, INC., et. al, *Plaintiffs,* v. GOOGLE LLC et al., *Defendants.* | Case No. 3:20-cv-06772-JD **STIPULATION AND [PROPOSED] ORDER REGARDING COORDINATION OF DISCOVERY** Judge: Hon. James Donato |

Plaintiffs in the above-captioned actions (the "Related Actions"), consisting of Plaintiffs in *Mary Carr, et al. v. Google LLC, et al.*, Case No. 3:20-cv-05761-JD ("Carr Plaintiffs"), *Bentley et al. v. Google LLC et al.*, No. 4:20-cv-07079-DMR ("Bentley Plaintiffs" and, together with Carr Plaintiffs, Consumer Plaintiffs), *Pure Sweat Basketball, Inc., et al. v. Google LLC, et al.*, Case No. 3:20-cv-05792-JD ("PSB Plaintiffs"), *Peekya App Services., Inc. v. Google LLC et al.*, Case No. 3:20-cv-06772-JD ("Peekya Plaintiffs" and, together with PSB Plaintiffs, Developer Plaintiffs) and *Epic Games Inc. v. Google LLC, et al.*, Case No. 3:20-cv-05671-JD ("Epic" and, together with Consumer Plaintiffs and Developer Plaintiffs, the "Plaintiffs"), and the Google Defendants[1] in the Related Actions, Google LLC; Google Ireland Limited; Google Commerce Ltd.; Google Asia Pacific Pte. Ltd.; and Google Payment Corp. (collectively "Google"; each of the Consumer Plaintiffs, the Developer Plaintiffs, Epic and Google will be referred to as a "Party" and, all four groups collectively shall be referred to as the "Parties"), by and through their respective counsel, hereby agree as follows:

1. Counsel for the Parties shall identify primary discovery contacts at their respective firms for the purpose of sending and receiving communications related to discovery in the Related Actions (hereafter, "the Discovery Liaison Counsel"), which may be updated from time to time. The Parties agree that all discovery documents, productions and correspondence may be served on any Party by way of email to its Discovery Liaison Counsel.

2. Plaintiffs shall coordinate discovery efforts to the fullest extent reasonably possible to minimize expense and facilitate the orderly and efficient progress of the Related Actions. Plaintiffs shall consult with each other and with Google in good faith and engage in reasonable efforts to coordinate discovery and jointly resolve any disputes concerning discovery they seek from Google, so as to avoid duplication and unnecessary burden. To the extent discovery is

---

[1] Not all Google entities have been served in each of the actions. The use of the definition "Google Defendants" or "Google" does not constitute a waiver of service as to any particular defendant.

-3-
STIPULATION AND [PROPOSED] ORDER REGARDING COORDINATION OF DISCOVERY
Case Nos.: 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:20-cv-05792-JD

served by any Plaintiff, such Plaintiff shall make reasonable efforts to avoid duplicating discovery requests previously served by any other Plaintiffs.

3. Discovery requests, discovery responses, and discovery produced by Parties in any of the Related Actions shall be served simultaneously on all Parties. Production of a document in one of the Related Actions will be deemed a production of that document in all Related Actions.

4. The Parties are not yet prepared to propose limits on the number of depositions that the Parties may notice of other Parties. To the extent feasible, and except for good cause shown, witnesses should be deposed only once. All Parties in the Related Actions who wish to question an adverse or non-party witness must issue a deposition notice and should participate in a single deposition of that witness. For any Fed. R. Civ. P. 30(b)(1) witness whose deposition will take place pursuant to notice by two or more of the Parties, the deposition will be limited to 10 hours and will be completed in a single day or two consecutive days. In the event that Google notices a deposition of any of the adverse Parties (or an employee of any of the adverse Parties) and another of the Parties also notices the same witness for deposition, Google shall be entitled to 7 of the 10 hours, unless otherwise stipulated or ordered by the Court. For any other witness whose deposition will take place pursuant to notice by only one Party (i.e., by only one of Google, Consumer Plaintiffs, Developer Plaintiffs or Epic) pursuant to Fed. R. Civ. P. 30(b)(1), the witness's deposition will be limited to one day of seven hours, unless otherwise stipulated or ordered by the Court or otherwise agreed to by the Parties. If a witness/designee (i.e., the same person) is to testify pursuant to both Fed. R. Civ. P. 30(b)(1) and Fed. R. Civ. P. 30(b)(6), unless otherwise stipulated, the witness/designee should sit for a single session, with multiple days being scheduled consecutively to the extent possible. The Parties shall make reasonable efforts to disclose topics under Fed. R. Civ. P. 30(b)(6) prior to commencing depositions under Fed. R. Civ. P. 30(b)(1). The Parties further acknowledge that this paragraph does not specify the overall time limit for deposing a person who is to testify pursuant to both Fed. R. Civ. P. 30(b)(1) and Fed. R.

Civ. P. 30(b)(6).  The Parties must coordinate in good faith regarding deposition noticing and scheduling.

5. There is no limit on the number of non-party depositions in the Related Actions.

6. Plaintiffs shall make a reasonable effort to include representatives from Epic, Developer Plaintiffs and Consumer Plaintiffs at all discovery meet and confers regarding common issues.

7. Before serving discovery on non-parties (whether a document request, deposition notice, or other), the Parties shall each consider whether the request may reasonably be served by joint subpoena with some or all of the other Parties.  Any of the Parties that serves a discovery request on a non-party and receives responsive discovery materials shall provide or make available a copy of such materials to all other Parties within four business days after receipt of such materials from the non-party, including a written summary of any modification agreed to concerning the scope of the original requests.

8. All disclosures made pursuant to Fed. R. Civ. P. 26(a) (i.e., initial disclosures and expert disclosures, and supplements thereto) shall be served on all Parties.

9. Epic, the group of Consumer Plaintiffs, and the group of Developer Plaintiffs will each be permitted to serve no more than 25 requests for admission (not including requests for admission directed solely at authentication of documents) on Google, and Google will be permitted to serve no more than 25 requests for admission (not including requests for admission directed solely at authentication of documents) on each of Epic, the group of Consumer Plaintiffs, and the group of Developer Plaintiffs.  For the avoidance of doubt, "Google" in this paragraph refers to the group of Google Defendants.

10. Epic, the group of Consumer Plaintiffs, and the group of Developer Plaintiffs will each be permitted to serve no more than 20 interrogatories on Google, and Google will be permitted to serve no more than 25 interrogatories on each of Epic, the group of Consumer Plaintiffs, and the group of Developer Plaintiffs.  For the avoidance of doubt, "Google" in this paragraph refers to the group of Google Defendants.

11. Barring further order of the Court on good cause shown, any cases that are subsequently related to the Related Actions are to be bound by these protocols governing the coordination of discovery, as well as any current or future stipulations regarding ESI and expert discovery agreed upon by the Parties.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: October 22, 2020

CRAVATH, SWAINE & MOORE LLP
  Christine Varney
  Katherine B. Forrest
  Gary A. Bornstein
  Yonatan Even
  Laurent A. Moskowitz
  M. Brent Byars

Respectfully submitted,

By:  /s/ *Gary A. Bornstein*
  Gary A. Bornstein

*Counsel for Plaintiff Epic Games, Inc.*

Dated: October 22, 2020

KOREIN TILLERY, LLC
  George A. Zelcs
  Robert E. Litan
  Randall P. Ewing, Jr.
  Jonathan D. Byrer
  Stephen M. Tillery
  Michael E. Klenov
  Carol L. O'Keefe

BARTLIT BECK LLP
  Karma M. Giulianelli
  Glen E. Summers
  Jameson R. Jones

Respectfully submitted,

By:  /s/ *Jamie L. Boyer*
  Jamie L. Boyer

*Counsel for Plaintiffs and the Proposed Class in Carr v. Google LLC et al.*

| | | |
|---|---|---|
| 1 | Dated: October 22, 2020 | HAGENS BERMAN SOBOL SHAPIRO LLP |
| | | Robert F. Lopez |
| 2 | | Benjamin J. Siegel |
| 3 | | Respectfully submitted, |
| 4 | | By:  /s/  *Steve W. Berman* |
| 5 | | Steve W. Berman |
| 6 | | *Counsel for Plaintiffs and the Proposed Class in Pure Sweat Basketball v. Google LLC et al.* |

Dated: October 22, 2020                                   MILBERG PHILLIPS GROSSMAN LLP
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Peggy J. Wedgworth
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Robert A. Wallner
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Elizabeth McKenna
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Blake Yagman
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Michael Acciavatti

Respectfully submitted,

By:  /s/  *Peggy J. Wedgworth*
　　　Peggy J. Wedgworth

*Counsel for Plaintiffs and the Proposed Class in Bentley, et al. v. Google LLC et al.*

Dated: October 22, 2020                                   HAUSFELD LLP
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Bonny E. Sweeney
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Melinda R. Coolidge
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Katie R. Beran
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Samantha J. Stein
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Scott A. Martin
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Irving Scher

Respectfully submitted,

By:  /s/  *Bonny E. Sweeney*
　　　Bonny E. Sweeney

*Counsel for Plaintiffs and the Proposed Class in Peekya App Services, Inc. v. Google LLC et. al*

-7-
STIPULATION AND [PROPOSED] ORDER REGARDING COORDINATION OF DISCOVERY
Case Nos.: 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:20-cv-05792-JD

Dated: October 22, 2020

MORGAN, LEWIS & BOCKIUS LLP
Sujal J. Shah
Michelle Park Chiu
Minna Lo Naranjo
Rishi P. Satia

Respectfully submitted,

By: /s/ *Brian C. Rocca*
Brian C. Rocca

*Counsel for Defendant Google LLC et. al*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: _____

HON. JAMES DONATO
United States District Judge

**E-FILING ATTESTATION**

I, Jamie L. Boyer, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

/s/ *Jamie L. Boyer*
Jamie L. Boyer