# EXHIBIT H

315 W. 11TH AVE., DENVER, CO 80204   |   720–328–1418   |   www.LAWWEEKCOLORADO.com   VOL. 17  |  NO. 24  |  $6  |  JUNE 24, 2019

# LAW WEEK COLORADO

# Court Resolves Family Business Feud

*Judge's order gives control to wealthy entrepreneur's family members*

**JULIA CARDI**
LAW WEEK COLORADO

After three years, two trips to the Colorado Supreme Court and two trials, the Arapahoe County Court has resolved a family dispute for control over several businesses. Judge Charles Pratt issued a June 20 order in favor of the family of Jack Grynberg, against Grynberg's claims of unjust enrichment from his family members' ownership of the businesses.

Ownership of three family businesses formed between 1993 and 1997 was put in three of his children's and now ex-wife's names, as well as several of their trusts. Grynberg built a fortune through the companies off mineral interests in Kazakhstan.

Between 2015 and 2016, a number of events and business decisions led Grynberg's family members to believe his ability to manage the businesses was failing, and also that he was at risk of scammers taking advantage of him.

They attempted to revoke his control of the businesses by removing his signatory authority on primary bank accounts. Grynberg sued his family members in Colorado and in Texas. He also attempted to transfer $100 million from the business accounts to his personal bank account, which the court took as evidence he didn't believe his family members had the right to revoke his control.

This month's bench trial addressed whether the benefit Grynberg's family members received from owning the businesses occurred under circumstances that would make it unjust for them to keep their ownership and the distributions without compensating Grynberg. The parties didn't dispute the family members received benefit from owning the businesses and distributions from them, nor that the businesses and the distributions from them resulted from both valuable property rights and funds contributed to the businesses, and funds paid on behalf of the businesses, by Grynberg.

In a trial earlier this year, Grynberg claimed he had an oral or implied contract with the family members that he had the right to control the family businesses for life. The jury found against Grynberg.

Grynberg claimed that he formed the businesses and made his family members named owners in the 1990s under his now understood as mistaken belief that he would have control of the businesses for life. But in the order, Pratt wrote the evidence doesn't support finding that Grynberg indeed anticipated control for life. Evidence also shows, he wrote, that when the businesses were formed in the 1990s, Grynberg was a competent smart businessman who knew the implications of his decisions about the companies' structures and ownership.

"Judge Pratt ruled that Jack Grynberg intentionally and deliberately gave his family ownership in the companies, and that he fully understood the consequences of doing that, and that it would result in the family ultimately having control over the companies," said Bartlit Beck partner Glen Summers. "In essence, he found that there was no mistake."

In addition to Summers, the trial team for Grynberg's family also included Hamilton Hill, Dan Taylor, Nico Martinez and Katherine Hacker.

In emailed comments to Law Week, Dorsey & Whitney partner Gregory Tamkin said, "As things currently stand, Mr. Grynberg's children, without having made any contributions to the companies, now have received approximately $1 billion that Mr. Grynberg earned.  By contrast, Mr. Grynberg kept less than $5 million for his work over the last 25 years.  That is unjust and a basis for an appeal."

The case went to the Colorado Supreme Court twice on questions of the admissibility of evidence about Grynberg's mental health. In the most recent decision, the court addressed whether Grynberg impliedly waived his patient privilege by bringing up his mental condition in his defense in the case.

"In the middle of this case, the Supreme Court of Colorado issued an Order overturning an earlier trial court decision, making it clear that certain evidence should not be considered by the trier of fact," Tamkin said. "Unfortunately, after the Supreme Court's order, the trial court still allowed a type of that evidence in through expert testimony.  Since the trial court disregarded the Supreme Court's ruling, we feel there are tremendous grounds for an appeal." Summers confirmed the preliminary injunction on the family's control of the companies has been lifted. Both sides had asked for a preliminary injunction allowing them to control the companies while the litigation worked its way through the courts. Ultimately, a receiver had control of all three companies during the process.

"The key issue is the preliminary injunction has been lifted and the family has been given control of the companies." •

—*Julia Cardi, JCardi@circuitmedia.com*