George A. Zelcs (*pro hac vice*)
  gzelcs@koreintillery.com
Robert E. Litan (*pro hac vice*)
  rlitan@koreintillery.com
Randall P. Ewing, Jr. (*pro hac vice*)
  rewing@koreintillery.com
Jonathon D. Byrer (*pro hac vice*)
  jbyrer@koreintillery.com
**KOREIN TILLERY, LLC**
205 North Michigan, Suite 1950
Chicago, IL  60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751

Stephen M. Tillery (*pro hac vice*)
  stillery@koreintillery.com
Jamie Boyer (*pro hac vice*)
  jboyer@koreintillery.com
Michael E. Klenov, CA Bar #277028
  mklenov@koreintillery.com
Carol O'Keefe (*pro hac vice*)
  cokeefe@koreintillery.com
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO  63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

Karma M. Giulianelli, CA Bar #184175
  karma.giulianelli@bartlitbeck.com
Glen E. Summers, CA Bar # 176402
  glen.summers@bartlitbeck.com
Jameson R. Jones (*pro hac vice*)
  Jameson.jones@bartlitbeck.com
**BARTLIT BECK LLP**
1801 Wewetta St. Suite 1200,
Denver, Colorado 80202
Telephone: (303) 592-3100
Facsimile:  (303) 592-3140
*Attorneys for Plaintiffs and the Proposed Class in Carr v. Google, LLC, et al.*

Peggy J. Wedgworth (*pro hac vice*)
  pwedgworth@milberg.com
Robert A. Wallner (*pro hac vice*)
  rwallner@milberg.com
Elizabeth McKenna (*pro hac vice*)
  emckenna@milberg.com
Blake Yagman (*pro hac vice*)
  byagman@milberg.com
Michael Acciavatti (*pro hac vice*)
  macciavatti@milberg.com
**MILBERG PHILLIPS GROSSMAN LLP**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Telephone: 212-594-5300
Facsimile: 212-868-1229
*Counsel for Plaintiffs and the Proposed Class in Bentley v. Google LLC, et al.*


Elizabeth C. Pritzker, CA Bar#146267
 ecp@pritzkerlevine.com
Bethany Caracuzzo, CA Bar#190687
 bc@pritzkerlevine.com
Caroline Corbitt, CA Bar #305492
 ccc@pritzkerlevine.com
**PRITZKER LEVINE, LLP**
1900 Powell Street, Suite 450
Emeryville, CA 94608
Telephone: (415) 805-8532
Facsimile: (415) 366-6110
*Counsel for Plaintiffs and the Proposed Class in Carroll v. Google, LLC, et al.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| *In re Google Play Consumer Antitrust Litigation* | CASE NO. 3:20-CV-05761 JD |
| *Related Actions:*<br>*Epic Games, Inc. v. Google, LLC*; 3:20-CV-05671-JD<br>*In re Google Play Developer Antitrust Litigation*, 3:20-CV-5792-JD | **PLAINTIFFS CARR, BENTLEY AND CARROLL'S MOTION TO SHORTEN TIME FOR HEARING REGARDING APPOINTMENT OF INTERIM LEAD COUNSEL** |

## INTRODUCTION

Pursuant to Local Rule 6-3, Plaintiffs Carr, Bentley and Carroll (collectively "Moving Plaintiffs") respectfully request the Court shorten the time for hearing from December 31, 2020 to December 10, 2020, on all pending Motions for Appointment of Interim Lead Counsel in *In re Google Play Consumer Antitrust Litigation*. While counsel continue to meet and confer regarding a proposed leadership structure, Moving Plaintiffs make this request so that, absent such agreement, appointed lead counsel can coordinate a consolidated consumer complaint before December 28, 2020, responsive pleadings can proceed, and discovery can be efficiently managed. Accelerating the hearing will not prejudice any party because competing counsel will have 14 days to file opposition briefs and prepare for oral argument, if needed. In contrast, denying the motion would force the consumers to prepare a consolidated pleading without leadership, further delay responsive pleadings and require cumulative participation in discovery by multiple attorneys. The disadvantages of delay, therefore, outweigh any benefit associated with the typical 35-day notice period. No previous request to shorten time has been made and granting the Motion will not affect any other deadlines. Accordingly, the Motion to Shorten Time should be granted.

## FACTUAL AND PROCEDURAL BACKGROUND

This case concerns Google's monopoly over the Android app distribution market and the in-app purchase payment processing market. On November 20, 2020, the Court consolidated all related consumer class actions as *In re Google Play Consumer Antitrust Litigation*, and granted Moving

Plaintiffs leave to file a Motion for Appointment of Interim Lead Counsel. (*Carr* Dkt. 78). Moving Plaintiffs filed their motion on Monday, November 23, 2020, and, pursuant to Local Rule 7-2, set their Motion for hearing on December 31, 2020. (*Carr* Dkt. 81). That same day the Court ordered all consumer plaintiffs to file a consolidated complaint by December 28, 2020. (*Carr* Dkt. 80).

On Wednesday, November 25, 2020, counsel for the pending consumer class actions participated in a conference call to discuss class leadership and a consolidated complaint. (Ex. 1, Boyer Decl. at ¶4). During that call, counsel for *Herrera* and *McNamara* offered to prepare a proposed leadership structure for the group's consideration and circulate it sometime over the weekend. (*Id.* at ¶5). While all counsel pledged to keep discussing an agreed-upon leadership structure, counsel for *Herrera* and *McNamara* indicated they would file a competing motion to be appointed interim co-lead counsel later that day. (*Id.* at ¶6). Given these circumstances, Moving Plaintiffs asked the other attorneys if they would agree to shorten the hearing period so leadership could be addressed well before the December 28, 2020 consolidated complaint deadline. (*Id.* at ¶7). Counsel declined and instead suggested seeking more time to file the consolidated complaint. (*Id.* at ¶8). The Moving Plaintiffs rejected this suggestion as it would further delay responsive pleadings and discovery. (*Id.* at ¶9).

A follow-up call was scheduled for Monday, November 30, 2020, during which counsel discussed the leadership proposal; as the proposal was received shortly before the scheduled conference, a follow-up call was scheduled for Tuesday, December 1, 2020. (*Id.* at ¶10). During the November 30 call, Moving Plaintiffs again sought counsel's agreement on this request to shorten time; other plaintiffs' counsel advised that they would not support the request. (*Id.* at ¶11).

## ARGUMENT

### I. THE NOTICE PERIOD SHOULD BE SHORTENED TO FACILITATE PLEADINGS AND DISCOVERY IN THE CONSUMER CLASS ACTIONS.

The hearing notice period for the competing interim lead counsel motions should be shortened so that adequate time remains for appointed lead counsel to coordinate the consolidated consumer class action complaint due on December 28, 2020. At present, nine consumer class actions are

pending in this district, with the potential for a tenth.[1] While these complaints share common issues of fact and law, consolidating the allegations and claims into a single pleading will still require significant organization. Appointing lead counsel in advance of this deadline will ensure the process is efficiently executed. In contrast, if the leadership motions are not even heard until December 31, 2020, then no interim lead counsel can coordinate consolidation in a way that avoids duplicative and cumulative efforts.

Additionally, until a consolidated complaint is filed, the Court cannot set a schedule for responsive pleadings in the consumer actions. All such deadlines are currently stayed. (*Carr* Dkt. 80). Assuming that Google moves to dismiss, a briefing schedule needs to be set as soon as possible. Adopting the approach suggested by *Herrera* and *McNamara* (*i.e.,* requesting more time to file the consolidated complaint) would delay responsive pleadings even further. Since disputed claims and defenses are largely defined by the pleadings, prompt resolution of the leadership motions—not further delay—is the better course of action.

Swift action is particularly important here because discovery in this action, *In re Google Play Developer Antitrust Litigation* and *Epic v. Google, LLC* is ongoing while the leadership motions are pending. The parties are actively engaged in meet and confers regarding requests for production and ESI production. (Ex. 1, Boyer Decl. at ¶12). While Moving Plaintiffs have long been coordinating with the Developer Class, Epic and Google—and continue to productively do so—prompt appointment of interim lead counsel will ensure discovery is streamlined and efficiently managed. Given the pace of this case, there is no reason to delay a hearing on the competing leadership motions when the arguments presented are straightforward and ripe for resolution.

## II. ATTEMPTS TO AGREE ON A HEARING DATE WERE UNSUCCESSFUL.

As detailed above, attempts to negotiate an earlier hearing date failed. Instead, *Herrera* and *McNamara* argued the existing December 31, 2020 hearing date was cause to seek an extension of

---

[1] The nine cases are the six lawsuits consolidated into this action, as well as *Roberts v. Google, LLC*, 4:20-CV-07824, *Stark v. Google, LLC*, 4:20-CV-8309 and *Esquivel v. Google, LLC,* 4:20-CV-08337. The tenth is *Paige v. Google, LLC,* 1:20-CV-03158*,* if that matter is transferred to this Court from the District Court for the District of Columbia.

the consolidated consumer complaint deadline. The Moving Plaintiffs rejected this suggestion because it would further delay responsive pleadings and consumers' ability to efficiently manage ongoing discovery. Accordingly, this Motion to shorten time was required.

### III. AN EARLIER HEARING WOULD NOT PREJUDICE ANY PARTY.

Each party seeking interim leadership will have a full and fair opportunity to brief and present their arguments if the hearing is set on December 10, 2020. Right now, opposition to the Moving Plaintiffs' leadership motion is due Thursday, December 7, 2020 and opposition to the *Herrera* and *McNamara* leadership motion is due December 9, 2020. *See* L.R. 7-3. All parties, therefore, will have a full 14 days to respond to their opponent's arguments – assuming they cannot agree on a leadership proposal for the Court's consideration before then.

In contrast, delaying the hearing until December 31, 2020 will prejudice consumers in multiple ways. First, it will inhibit their ability to efficiently prepare a consolidated complaint. Second, it will further delay responsive pleadings and, consequently, a better definition of the parties' claims and defenses. And third, it will force consumers to conduct discovery in a cumulative fashion until leadership is resolved. These concerns outweigh any benefit conferred by 35 days' notice.

### IV. THIS FIRST REQUEST WILL NOT AFFECT OTHER DEADLINES.

Finally, no other party has requested a shortening of time and doing so will not affect any other deadline in this case. These factors also weigh in favor of accelerating the hearing date to December 10, 2020.

WHEREFORE, Moving Plaintiffs respectfully request that the hearing date on all motions for appointment of interim lead counsel in *In re Google Play Consumer Antitrust Litigation* be moved from December 31, 2020, to December 10, 2020, and for any further relief the Court deems just and appropriate.

Dated: November 30, 2020

Respectfully submitted,

| | |
|---|---|
| By: */s/ Jamie L. Boyer* | By: */s/ Peggy J. Wedgworth* |
| **KOREIN TILLERY, LLC** | **MILBERG PHILLIPS GROSSMAN LLP** |
| George A. Zelcs (*pro hac vice*) | Peggy J. Wedgworth (*pro hac vice*) |
| Robert E. Litan (*pro hac vice*) | Robert A. Wallner (*pro hac vice*) |
| Randall Ewing, Jr. (*pro hac vice*) | Elizabeth McKenna (*pro hac vice*) |
| Jonathon D. Byrer (*pro hac vice*) | Blake Yagman (*pro hac vice*) |
| 205 North Michigan, Suite 1950 | Michael Acciavatti (*pro hac vice*) |
| Chicago, IL 60601 | 100 Garden City Plaza, Suite 500 |
| Telephone: (312) 641-9750 | Garden City, New York 11530 |
| Facsimile: (312) 641-9751 | Telephone: 212-594-5300 |
| gzelcs@koreintillery.com | Facsimile: 212-868-1229 |
| rlitan@koreintillery.com | pwedgworth@milberg.com |
| rewing@koreintillery.com | rwallner@milberg.com |
| jbyrer@koreintillery.com | emckenna@milberg.com |
| | byagman@milberg.com |
| Stephen M. Tillery (*pro hac vice*) | macciavatti@milberg.com |
| Jamie Boyer (*pro hac vice*) | *Counsel for Plaintiffs in Bentley v. Google* |
| Michael E. Klenov (277028) | *LLC, et al.* |
| Carol O'Keefe (*pro hac vice*) | |
| 505 North 7th Street, Suite 3600 | By: */s/ Elizabeth C. Pritzker* |
| St. Louis, MO 63101 | Elizabeth C. Pritzker (146267) |
| Telephone: (314) 241-4844 | Bethany Caracuzzo, (190687) |
| Facsimile: (314) 241-3525 | Caroline Corbitt, (305492) |
| stillery@koreintillery.com | **PRITZKER LEVINE, LLP** |
| jboyer@koreintillery.com | 1900 Powell Street, Suite 450 |
| mklenov@koreintillery.com | Emeryville, CA 94608 |
| cokeefe@koreintillery.com | Telephone: (415) 805-8532 |
| | Facsimile: (415) 366-6110 |
| **BARTLIT BECK LLP** | ecp@pritzkerlevine.com |
| Karma M. Giulianelli (184175) | bc@pritzkerlevine.com |
| Glen E. Summers (176402) | ccc@pritzkerlevine.com |
| Jameson R. Jones (*pro hac pending*) | *Counsel for Plaintiffs and the Proposed Class* |
| 1801 Wewetta St., Suite 1200 | *in Carroll v. Google, LLC, et al.* |
| Denver, CO 80202 | |
| Telephone: (303) 592-3100 | |
| Facsimile: (303) 592-3140 | |
| karma.giulianelli@bartlitbeck.com | |
| glen.summers@bartlitbeck.com | |
| *Counsel for Plaintiffs in Carr v. Google LLC, et al.* | |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 30, 2020, a true and correct copy of the foregoing document was served upon all counsel of record through the Court's electronic filing and notification system.

/s/ Jamie L. Boyer