BROWNE GEORGE ROSS
O'BRIEN ANNAGUEY & ELLIS LLP
Eric M. George (State Bar No. 166403)
  egeorge@bgrfirm.com
Maribeth Annaguey (State Bar No. 228431)
  mannaguey@bgrfirm.com
Carl Alan Roth (State Bar No. 151517)
  croth@bgrfirm.com
James L. Michaels (State Bar No. 298130)
  jmichaels@bgrfirm.com
Jason Y. Kelly (State Bar No. 274144)
  jkelly@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Plaintiff Ashly Esquivel and all others similarly situated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE GOOGLE PLAY CONSUMER ANTITRUST LITIGATION<br><br>This Document Relates to All Actions | Case No. 3:20-cv-05761-JD<br><br>**PLAINTIFF ESQUIVEL'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL L.R. 3-12** |

Pursuant to Civil Local Rule 3-12, Plaintiff Ashly Esquivel moves this Court to consider whether her recently filed action, *Esquivel v. Alphabet Inc., et al.*, No. 4:20-cv-08337-DMR (N.D. Cal.), (the "*Esquivel* Action") should be related to *In re Google Play Consumer Antitrust Litigation*, No. 3:20-cv-05761-JD (N.D. Cal.), (the "*Google Play* Case"), the lowest-numbered, related case.

## I.   BACKGROUND

Mary Carr filed a class action against Google on August 16, 2020, alleging that Google, through its unlawful monopolization of the market in which Android apps are distributed, imposes a supra-competitive fee on apps purchased from the Google Play Store. *Carr v. Google LLC, et al.*, No. 3:20-cv-05761 (N.D. Cal.) (the "*Carr* Action"). Several other class actions were also filed on behalf of consumers against Google and its related entities regarding the supra-competitive fee for apps from the Google Play Store:

- *Bentley, et al. v. Google LLC, et al.*, No. 4:20-cv-07079-DMR (N.D. Cal.) (the "*Bentley* Action").
- *McNamara v. Google LLC, et al.*, No. 3:20-cv-07361-JCS (N.D. Cal.) (the "*McNamara* Action").
- *Herrara v. Google LLC, et al.*, No. 3:20-cv-07365-JD (N.D. Cal.) (the "*Herrara* Action").
- *Carroll v. Google LLC*, No. 3:20-cv-07379-JD (N.D. Cal.) (the "*Carroll* Action").
- *Gamble v. Google LLC, et al.*, No. 3:20-cv-07984-JD (N.D. Cal.) (the "*Gamble* Action").
- *Roberts v. Google LLC, et al.*, No. 3:20-cv-07824-RS (N.D. Cal.) (the "*Roberts* Action").
- *Stark v. Google LLC, et al.*, No. 4:20-cv-08309-KAW (N.D. Cal.) (the "*Stark* Action").

This Court consolidated the *Carr*, *Bentley*, *McNamara*, *Herrera*, *Carroll*, and *Gamble* Actions (collectively, the "Consolidated Cases") into the *Google Play* Case for all pretrial proceedings on November 20, 2020. (Dkt. No. 78.) And on December 1, 2020, this Court found that the *Roberts* Action is related to the *Google Play* Case. The *Stark* Action has not yet been related or consolidated with the *Google Play* Case.

## II.   BRIEF STATEMENT PURSUANT TO CIVIL L.R. 3-12(d)

A party must file an Administrative Motion to Consider Whether Cases Should Be Related in the lowest-numbered case "[w]henever a party knows or learns that an action, filed in or removed to this district is (or the party believes that the action may be) related to an action which is or was

pending in this District as defined in Civil L.R. 3-12(a)." Civ. L.R. 3-12(b). "An action is related to another when: (1) The actions concern substantially the same parties, property, transaction or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civ. L.R. 3-12(a).

The *Esquivel* Action is related to the Consolidated Cases and the *Roberts* Action as they all concern substantially the same subject matter, issues, and defendants. Consumers initiated these actions against Google and its related entities, asserting antitrust claims related to monopolization that challenge Google's conduct regarding the Google Play Store. Specifically, these plaintiffs—including Plaintiff Esquivel—allege that Google's anticompetitive practices and monopolization have caused them to pay supra-competitive prices for apps purchased from the Google Play Store.

Further, conducting the *Esquivel* Action before a different judge than the Consolidated Cases and the *Roberts* Action will unduly duplicate labor and expense and could lead to conflicting results. Plaintiff Esquivel will likely seek discovery that substantially overlaps with the discovery sought in the Consolidated Cases and the *Roberts* Action. It is also likely that the arguments made in the *Esquivel* Action will be similar to those made in the Consolidated Cases and the *Roberts* Action as Google will likely rely on the same factual and legal defenses in all of these cases.

## III.  CONCLUSION

Accordingly, Plaintiff Ashly Esquivel respectfully requests that this Court order that the *Esquivel* Action is related to *In re Google Play Consumer Antitrust Litigation*, No. 3:20-cv-05761-JD (N.D. Cal.), the lowest-numbered, related case.

DATED:  December 2, 2020

BROWNE GEORGE ROSS
O'BRIEN ANNAGUEY & ELLIS LLP
   Eric M. George
   Maribeth Annaguey
   Carl Alan Roth
   James L. Michaels
   Jason Y. Kelly

By:   */s/ Maribeth Annaguey*
     Maribeth Annaguey
Attorneys for Plaintiff Ashly Esquivel and all others similarly situated