| | |
|---|---|
| George A. Zelcs (*pro hac vice*)<br>  gzelcs@koreintillery.com<br>Robert E. Litan (*pro hac vice*)<br>  rlitan@koreintillery.com<br>Randall P. Ewing, Jr. (*pro hac vice*)<br>  rewing@koreintillery.com<br>Jonathon D. Byrer (*pro hac vice*)<br>  jbyrer@koreintillery.com<br>**KOREIN TILLERY, LLC**<br>205 North Michigan, Suite 1950<br>Chicago, IL 60601<br>Telephone: (312) 641-9750<br>Facsimile: (312) 641-9751<br><br>Stephen M. Tillery (*pro hac vice*)<br>  stillery@koreintillery.com<br>Jamie Boyer (*pro hac vice*)<br>  jboyer@koreintillery.com<br>Michael E. Klenov, CA Bar #277028<br>  mklenov@koreintillery.com<br>Carol O'Keefe (*pro hac vice*)<br>  cokeefe@koreintillery.com<br>**KOREIN TILLERY, LLC**<br>505 North 7th Street, Suite 3600<br>St. Louis, MO 63101<br>Telephone: (314) 241-4844<br>Facsimile: (314) 241-3525<br><br>Karma M. Giulianelli, CA Bar #184175<br>  karma.giulianelli@bartlitbeck.com<br>Glen E. Summers, CA Bar # 176402<br>  glen.summers@bartlitbeck.com<br>Chris Lind (*pro hac vice*)<br>  chris.lind@bartlitbeck.com<br>Jameson R. Jones (*pro hac vice*)<br>  jameson.jones@bartlitbeck.com<br>**BARTLIT BECK LLP**<br>1801 Wewetta St. Suite 1200,<br>Denver, Colorado 80202<br>Telephone: (303) 592-3100<br>Facsimile:  (303) 592-3140<br>*Attorneys for Plaintiffs and the Proposed Class in Carr v. Google, LLC, et al.* | Peggy J. Wedgworth (*pro hac vice*)<br>  pwedgworth@milberg.com<br>Robert A. Wallner (*pro hac vice*)<br>  rwallner@milberg.com<br>Elizabeth McKenna (*pro hac vice*)<br>  emckenna@milberg.com<br>Blake Yagman (*pro hac vice*)<br>  byagman@milberg.com<br>Michael Acciavatti (*pro hac vice*)<br>  macciavatti@milberg.com<br>**MILBERG PHILLIPS GROSSMAN LLP**<br>100 Garden City Plaza, Suite 500<br>Garden City, New York 11530<br>Telephone: 212-594-5300<br>Facsimile: 212-868-1229<br>*Counsel for Plaintiffs and the Proposed Class in Bentley v. Google LLC, et al.*<br><br><br>Elizabeth C. Pritzker, CA Bar#146267<br>  ecp@pritzkerlevine.com<br>Bethany Caracuzzo, CA Bar#190687<br>  bc@pritzkerlevine.com<br>Caroline Corbitt, CA Bar #305492<br>  ccc@pritzkerlevine.com<br>**PRITZKER LEVINE, LLP**<br>1900 Powell Street, Suite 450<br>Emeryville, CA 94608<br>Telephone: (415) 805-8532<br>Facsimile: (415) 366-6110<br>*Counsel for Plaintiffs and the Proposed Class in Carroll v. Google, LLC, et al.* |

P a g e | **1** OPPOSITION TO MOTION TO APPOINT COTCHETT, PITRE & MCCARTHY AND KAPLAN FOX & KILSHEIMER LLP AS INTERIM CO-LEAD COUNSEL AND FOR APPOINTMENT OF A STEERING COMMITTEE

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| *In re Google Play Consumer Antitrust Litigation* | CASE NO. 3:20-CV-05761 JD |
| *Related Actions:*<br>*Epic Games, Inc. v. Google, LLC*; 3:20-CV-05671-JD<br>*In re Google Play Developer Antitrust Litigation*, 3:20-CV-5792-JD | **PLAINTIFFS CARR, BENTLEY AND CARROLL'S OPPOSITION TO MOTION TO APPOINT COTCHETT, PITRE & MCCARTHY AND KAPLAN FOX & KILSHEIMER LLP AS INTERIM CO-LEAD COUNSEL AND FOR APPOINTMENT OF A STEERING COMMITTEE**<br><br>**Hearing**<br>**Date:** December 15, 2020<br>**Time:** 11:00 a.m. (Pacific)<br>**Location:** Via Zoom |

**TABLE OF CONTENTS**

TABLE OF CONTENTS………………………………………………………………………..3

TABLE OF AUTHORITIES………………………………………………………………….....4

INTRODUCTION……………………………………………………………………………....5

ARGUMENT…………………………………………………………………………………....6

    I.    THE KOREIN/BARTLIT GROUP HAS BEEN EFFECTIVELY LEADING THE CONSUMER CLASS SINCE AUGUST 2020…………………….6

    II.    THE REMAINING RULE 23(G) FACTORS FAVOR THE APPOINTMENT OF THE KOREIN/BARTLIT GROUP AS INTERIM CO-LEAD COUNSEL………………………………………………...8

        A.    Kaplan/Cotchett Did Not Conduct a More Substantive Pre-Filing Investigation…………………………………………………….8

        B.    Kaplan/Cotchett's Experience Does Not Surpass the Korein/Bartlit Group's Expertise………………………………………………10

        C.    The Korein/Bartlit Group Will More Efficiently Manage Class Resources……………………………………………………….11

    III.    KAPLAN/COTCHETT DO NOT DISPUTE THE KOREIN/BARTLIT GROUP IS QUALIFIED TO SERVE AS INTERIM CO-LEAD COUNSEL………………………………………………13

CONCLUSION………………………………………………………………………………...14

P a g e | **3** OPPOSITION TO MOTION TO APPOINT COTCHETT, PITRE & MCCARTHY AND KAPLAN FOX & KILSHEIMER LLP AS INTERIM CO-LEAD COUNSEL AND FOR APPOINTMENT OF A STEERING COMMITTEE

# TABLE OF AUTHORITIES

**Cases**

*Aberlin v. Am. Honda Motor Co., Inc.*, No. 16-cv-04384, 2017 WL 3641793
    (N.D. Cal. August 24, 2017)……………………………………………………………...12

*Apple Inc. v. Pepper*, 139 S. Ct. 1514 (2019)……………………………………………….9 n.3

*In Re Capacitors Antitrust Litigation*, No. 3:14-CV-03264-JD
    (N.D. Cal. October 13, 2014)…………………………………………………………….11

*In re IndyMac ERISA Lit.*, No. CV 08-04579, 2008 WL 11343122
    (C.D. Cal. October 7, 2008)……………………………………………………………6, 8, 11

*Kamakahi v. Am. Society for Reproductive Med.*, No. C 11-01781, 2012 WL 892163
    (N.D. Cal. March 14, 2012)……………………………………………………………6, 9, 13

*In Re Robinhood Outage Litigation,* No. 3:20-CV-01626-JD
    (N.D. Cal. July 14, 2020)…………………………………………………………………11

*In Re Robinhood Outage Litigation,* No. 3:20-CV-01626-JD
    (N.D. Cal. July 22, 2020)…………………………………………………………………11

**Rules**

Fed. R. Civ. P. 23(g) (2020)………………………………………………………………….6

Fed. R. Civ. P. 23(g)(1)(B)…………………………………………………………………...6

# INTRODUCTION

The Court should appoint the law firms of Korein Tillery LLC ("Korein Tillery") and Bartlit Beck, LLP ("Bartlit Beck") as interim co-lead counsel because they possess the antitrust expertise, class action experience, and resources necessary to represent the consumer class not just adequately, but with excellence. Korein Tillery and Bartlit Beck have, for all intents and purposes, been leading the consumer class since August 2020, when they filed the first consumer action against Google for its app distribution and payment processing practices. They built a coalition with Milberg Phillips Grossman LLP ("Milberg") and Pritzker Levine, LLP ("Pritzker Levine"), who seek appointment as Discovery and local Liaison Counsel respectively (the four firms collectively "Korein/Bartlit Group").  The Korein/Bartlit Group has collaborated with counsel for the Developer Class; Epic Games, Inc. ("Epic"); and Google to coordinate pretrial discovery guidelines, negotiate an ESI protocol, establish a case schedule, draft discovery requests, confer regarding document production, resolve a protective order dispute and coordinate plaintiffs' opposition to an MDL. The Korein/Bartlit Group accomplished most of these tasks before other consumer lawsuits were even filed. Appointing the Korein/Bartlit Group as interim co-leads would formalize an arrangement that has been successfully functioning for four months. As the old saying goes, "if it ain't broke, don't fix it."

Kaplan Fox & Kilsheimer and Cotchett, Pitre & McCarthy (collectively "Kaplan/Cotchett") provide no persuasive justification for why the Court should break out its toolbox now and appoint them as interim lead counsel. Kaplan/Cotchett do not have the Korein/Bartlit Group's record of capable leadership in this case. Kaplan/Cotchett did not conduct a more extensive pre-filing investigation. They do not possess more antitrust expertise or class action experience. They do not have more resources to devote to this litigation. And Kaplan/Cotchett do not propose a more efficient leadership structure. In fact, by failing to even oppose the Korein/Bartlit Group's Motion for Appointment of Interim Co-Lead Counsel ("Group's Motion for Appointment"), Kaplan/Cotchett tacitly admit the Group is qualified to lead. Consequently, Kaplan/Cotchett's Motion should be denied.

**ARGUMENT**

Courts consider four primary factors when appointing interim lead counsel: (1) the work done by counsel to identify and/or investigate potential claims in the action; (2) counsel's experience in complex litigation, class actions, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources counsel will commit to representing the class. *Kamakahi v. Am. Society for Reproductive Med.*, No. C 11-01781, 2012 WL 892163, at *2 (N.D. Cal. March 14, 2012); Fed. R. Civ. P. 23(g) (2020). "In addition, the Court 'may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class.'" *Id.* (*quoting* Fed. R. Civ. P. 23(g)(1)(B)). Particularly relevant here, courts should consider "'counsel's ability to command the respect of their colleagues and work cooperatively with opposing counsel and the court.'" *In re IndyMac ERISA Lit.*, No. CV 08-04579, 2008 WL 11343122, at *2 (C.D. Cal. October 7, 2008) (*quoting* §10.224 Annotated Manual for Complex Litigation)). These factors all favor denying Kaplan/Cotchett's Motion and appointing the Korein/Bartlit Group as interim co-lead counsel.

## I.   THE KOREIN/BARTLIT GROUP HAS BEEN EFFECTIVELY LEADING THE CONSUMER CLASS SINCE AUGUST 2020.

The Korein/Bartlit Group filed the first consumer class action complaint on August 18, 2020—months before Kaplan/Cotchett filed suit. (Dkt. 1; *Hererra* Dkt. 1; *McNamara* Dkt. 1).[1] The Korein/Bartlit Group did not rest on their first-filer laurels during those intervening weeks, but worked productively and efficiently with counsel for the Developer Class, Epic, and Google to move the cases forward. Korein Tillery and Bartlit Beck also built a high-functioning coalition with Milberg and Pritzker Levine. These activities demonstrate the Korein/Bartlit Group's ability to work with other counsel and the Court in a manner that engenders the respect of their colleagues—a factor that favors appointing the Korein/Bartlit Group as interim co-lead counsel. *IndyMac*, 2008 WL 11343122, at *2.

---

[1] Citations to "Dkt." reference the docket in *Carr v. Google, LLC*, 3:20-CV-05761-JD, which was converted to the master docket for *In re Google Play Consumer Antitrust Litigation* on November 20, 2020. (Dkt. 78). Citations to other dockets will be identified by the relevant case name.

P a g e | **6** OPPOSITION TO MOTION TO APPOINT COTCHETT, PITRE & MCCARTHY AND KAPLAN FOX & KILSHEIMER LLP AS INTERIM CO-LEAD COUNSEL AND FOR APPOINTMENT OF A STEERING COMMITTEE

Case 3:20-cv-05761-JD   Document 115   Filed 12/09/20   Page 7 of 16

Specifically, since filing *Carr v. Google, LLC*, the Korein/Bartlit Group has collaborated with the Developers, Epic and Google to negotiate and file a Joint Proposed Discovery Coordination Order, Joint Proposed ESI Order, a Stipulated and Proposed Order Regarding Scheduling and Page Limits, and a Joint Proposed Stipulated Protective Order. (Dkt. 56-59, 71 & 109; Ex. 1, Boyer Decl. at ¶3-15). The Korein/Bartlit Group also collaborated with the Developer Class and Epic to draft a single set of Requests for Production to Google and have actively participated in meet and confers between all parties regarding ESI and physical document production. (Ex. 1, Boyer Decl. at ¶17). Finally, the Korein/Barlit Group coordinated plaintiffs' opposition to a recently filed motion to consolidate the consumer, developer and Epic actions and transfer them to an MDL before the District Court for the District of Columbia. (*Id.* at ¶18). These efforts required drafting, revisions, e-mails, phone calls and compromise among all counsel and are precisely the sort of activities that establish bonds of cooperation and trust among attorneys who will continue working together in the coming months through discovery, briefing and trial. (*Id.* at ¶3-16).

While these activities were underway, Korein Tillery and Bartlit Beck established a coalition with Milberg and Pritzker Levine to help manage discovery and ensure compliance with local rules and practice. Korein Tillery and Bartlit Beck acknowledge the scope of this case will require the substantive involvement of other attorneys. To that end, they selected two firms whose expertise in complex discovery and local practice complemented their antitrust and class action experience. For months now, the four firms have fruitfully cooperated on strategy, drafting, and discovery, each deploying their own expertise to benefit the consumer class. This high-functioning coalition demonstrates the Korein/Bartlit Group's ability to lead a lean leadership team that effectively and efficiently represents consumers.

Kaplan/Cotchett, in contrast, played no role in early discovery coordination because they had yet to file their complaints. They do not, therefore, possess the same track record of successful collaboration as the Korein/Bartlit Group. Kaplan/Cotchett claim they have "worked to ensure the efficient coordination of the proceedings," but point to only a single conference call they "help[ed] to

P a g e | **7** OPPOSITION TO MOTION TO APPOINT COTCHETT, PITRE & MCCARTHY AND KAPLAN FOX & KILSHEIMER LLP AS INTERIM CO-LEAD COUNSEL AND FOR APPOINTMENT OF A STEERING COMMITTEE

schedule" among consumer counsel to discuss class leadership and pleadings. (Dkt. 87 at p. 5).[2] This paucity of evidence demonstrates that the Korein/Bartlit Group—not Kaplan/Cotchett—have been leading the consumer class for the past four months.

Since August 2020, the Korein/Bartlit Group has demonstrated its ability to "work cooperatively with opposing counsel and the court," and that they can "command the respect of their colleagues." *IndyMac*, 2008 WL 11343122, at *2. Appointing the Korein/Bartlit Group as interim co-lead counsel would simply formalize an arrangement already running like a well-oiled machine. Kaplan/Cotchett provides no meaningful reason to throw a wrench into the works now. Accordingly, their Motion should be denied.

## II. THE REMAINING RULE 23(G) FACTORS FAVOR THE APPOINTMENT OF THE KOREIN/BARTLIT GROUP AS INTERIM CO-LEAD COUNSEL.

### A. Kaplan/Cotchett Did Not Conduct a More Substantive Pre-Filing Investigation.

The Korein/Bartlit Group's investigation into Google's business practices began in 2018 and resulted in two lawsuits before this one—the first alleging improper consumption of consumer cellular data, *Csupo v. Alphabet, Inc.*, 19CV352557 (Sup. Ct. Santa Clara Cty. August 19, 2019), and the second involving copyright violations by Google-owned You Tube, *Schneider v. YouTube, LLC*, 5:20-CV-04423 (N.D. Cal. July 2, 2020). Inherent in this work was a comprehensive inquiry into Google's activities and thorough legal analysis of what, if any, legal claims arose from it. It was this extensive pre-existing work that led the Korein/Bartlit Group to file *Carr* months before Kaplan/Cotchett filed suit.

Kaplan/Cotchett argue they also began investigating Google in 2018. (Dkt. 87 at p. 4). Their described pre-filing activities, however, consist primarily of monitoring publicly available

---

[2] Notably, that conference call was required because Kaplan/Cotchett had effectively stalled the Korein/Bartlit Group's Court-ordered efforts to coordinate consolidation. Only after the Court granted the Group leave to re-file their Motion for Appointment did Kaplan/Cotchett decide to engage in meaningful discussions regarding leadership and consolidation. (*See* Dkt. 77) (providing history of consolidation discussions).

P a g e | **8** OPPOSITION TO MOTION TO APPOINT COTCHETT, PITRE & MCCARTHY AND KAPLAN FOX & KILSHEIMER LLP AS INTERIM CO-LEAD COUNSEL AND FOR APPOINTMENT OF A STEERING COMMITTEE

information related to the European Union's antitrust investigation and a report issued by the U.S. House of Representatives Subcommittee on Antitrust, Commercial and Administrative Law. (*Id*.; Dkt. 87-2 at ¶4-6). There is certainly nothing in either the *Herrera v. Google, LLC* complaint (filed by Kaplan Fox) or *McNamara v. Google, LLC* complaint (filed by Cotchett) indicating those parties used the months between *Carr's* filing and their own pleadings to generate a different or more thorough case against Google. (Dkt. 1; *Hererra* Dkt. 1; *McNamara* Dkt. 1). The allegations are largely the same. (*Id.*) The causes of action are essentially identical.[3] (*Id.*) The retention of economic and/or industry experts does not set Kaplan/Cotchett apart.  (Dkt. 87 at p. 5). The Korein/Bartlit Group has already retained world-class economists and technical experts, diligently working with them to develop the economic evidence and theory relevant to the merits of the consumers' claims and class certification. (Ex. 1, Boyer Decl. at ¶19).

Taking a longer route to the same destination does not illustrate that Kaplan/Cotchett did more to "identify or investigate claims in the action." *Kamakahi*, 2012 WL 892163, at *2. The thoroughness of the Korein/Bartlit Group's own work is evidenced by the fact those investigations generated not one, but three, cases against Google. Considering Kaplan/Cotchett's pleadings largely track the facts and legal theories alleged in *Carr*, this factor favors appointing the Korein/Bartlit Group, not Kaplan/Cotchett.

---

[3] Kaplan/Cotchett insinuate their own legal analysis was more thorough because it concluded the consumers are indisputably direct purchasers entitled to file suit under the Sherman Act (as opposed to state law). (Dkt. 87 at p. 4-5). But the Korein/Bartlit Group, too, made such a conclusion before filing, based on a plain reading of *Apple Inc. v. Pepper*, 139 S. Ct. 1514 (2019). There is no disagreement between the firms on whether consumers are direct purchasers. Out of an abundance of caution, the Korein/Bartlit Group included claims from states that allow indirect purchasers to bring antitrust damages claims. This shows not a lack of legal analysis, but instead diligent work to protect members of the class from potential Google arguments. The Korein/Barlitt group will continue such efforts in the event they are appointed lead and tasked with preparing a consolidated amended complaint.

## B       Kaplan/Cotchett's Experience Does Not Surpass the Korein/Bartlit Group's Expertise.

Nothing in Kaplan/Cotchett Motion demonstrates antitrust knowledge or class action expertise that is superior to the Korein/Bartlit Group's experience. Stated differently, Kaplan/Cotchett identifies no gap in the Korein/Bartlit Group's knowledge or expertise that must be remedied before the consumer class would be adequately represented. The Korein/Bartlit Group respectfully submits no such argument is made because no such gap exists.

As detailed in the Korein/Bartlit Group's Motion for Appointment, the Group possesses unsurpassed antitrust and class action expertise. (*See* Dkt. 81). The Group includes two lawyers who recently tried significant Section 2 cases involving technology platforms, one of whom (Karma Giulianelli) served as a core member of the Department of Justice's ("DOJ") trial team in *United States v. Microsoft*, and another who was appointed by the DOJ as Special Trial Counsel in the remedy stage of that case (Chris Lind). The team also includes an economist, lawyer, and former Principal Deputy Assistant Attorney General in the DOJ Antitrust Division (Robert Litan).

This subject matter expertise dovetails powerfully with the Group's class action, appellate, and trial experience. The Korein/Bartlit Group includes two former United States Supreme Court clerks, one of whom is a highly regarded first chair trial lawyer (Glen Summers) and the second of whom successfully argued *Lexmark v. Static Control* in the United States Supreme Court (Jameson Jones). Team members Jamie Boyer, Carol O'Keefe, George Zelcs and Jonathon Byrer have collectively led class actions, first-chaired high-profile trials, and successfully handled appeals, all resulting in billions of dollars in liability. This complex litigation know-how is further enhanced by the Chair of Milberg's Antitrust Practice Group (Peggy Wedgworth), and the co-founder of Pritzker Levine (Elizabeth Pritzker) – both of whom are highly experienced antitrust lawyers themselves.

Stated plainly, the Korein/Bartlit Group's credentials make them the best, most qualified choice to lead the consumer class. More to the point, while the experience and achievements of Kaplan/Cotchett are respectfully acknowledged, those firms cannot (and did not) establish that they

are better qualified to lead the consumer class than Korein Tillery and Bartlit Beck. Simply put, Kaplan/Cotchett do not surpass the Korein/Bartlit Group's abilities and accomplishments in this arena.

Finally, the Korein/Bartlit Group's team demonstrates a commitment to diversity and opportunity. Of the 10 lawyers named in the Group's Motion for Appointment, 50% of them are women and four of those are in lead attorney positions. (Dkt. 81 at p. 9-20 & Ex. 1-5). There is a significant range in age, background and experience among the team. (*Id.*) The Korein/Bartlit Group would also bring fresh leadership before the Court, both in terms of firms and attorneys. As this Court recognizes, "repeat players" in class action litigation often prevent other, equally capable counsel from leadership roles. *See, e.g., In Re Robinhood Outage Litigation,* No. 3:20-CV-01626-JD, Dkt. 59 at p. 3. Equally important, the Korein/Bartlit Group pledges that each attorney identified in the Motion has been and will continue to meaningfully contribute to this case. The Firms recognize the active participation of diverse attorneys is important and necessary and will look for every opportunity to further those interests.

### C. The Korein/Bartlit Group Will More Efficiently Manage Class Resources.

Both the Korein/Bartlit Group and Kaplan/Cotchett have the resources required to represent the consumer class fully and fairly through trial. That said, the Court should consider which proposal seems more likely to create an efficient, streamlined team as opposed to an inflated, costly leadership structure. This Court has described itself as "leery of committees and liaison counsel roles because they can lead to inefficiencies in handling the litigation, and undue complications should the case reach the point of an award of fees and costs." *Robinhood,* No. 3:20-CV-01626-JD, Dkt. 65 at p. 2. Accordingly, counsel are cautioned that such committees "should be structured and populated to best represent the interests of the putative class members and to effectuate the fair and efficient administration of justice." *In Re Capacitors Antitrust Litigation*, No. 3:14-CV-03264-JD, Dkt. 319 at p. 3. Efficiency and effectiveness are key. Committees should not be manufactured to grant filing firms a title, but no purpose. *See, e.g., IndyMac*, 2008 WL 11343122 at *2 ("while firms may divide

P a g e | **11** OPPOSITION TO MOTION TO APPOINT COTCHETT, PITRE & MCCARTHY AND KAPLAN FOX & KILSHEIMER LLP AS INTERIM CO-LEAD COUNSEL AND FOR APPOINTMENT OF A STEERING COMMITTEE

work among themselves, any arrangement should be necessary and benefit the class, and not be merely the result of bargaining among attorneys." (internal quotations omitted)).

The leadership structure proposed by Kaplan/Cotchett involves two co-leads along with a steering committee of unspecified number or purpose—precisely the sort of vague leadership team to be avoided. As courts acknowledge, "[c]ommittees of counsel can sometimes lead to substantially increased costs," and do not always result in greater efficiency. *Aberlin v. Am. Honda Motor Co., Inc.*, No. 16-cv-04384, 2017 WL 3641793, at *2-3 (N.D. Cal. August 24, 2017). This is why "[c]ommittees are most commonly needed when group members' interests and positions are sufficiently dissimilar to justify giving them representation in decision making." *Id.* at *2.

Kaplan/Cotchett's only justification for its steering committee is the "historic size" and "intense interest" in this case, which will result in substantial document production, a significant number of depositions, motion practice and settlement negotiations. (Dkt. 87 at p. 14-15). But firms routinely handle large complex cases on their own, without the assistance of a multiple-firm committee. Further, Kaplan/Cotchett offer no explanation for how class members' interests diverge such that a committee is needed. To the contrary, a comparison of the consumer complaints consolidated in this matter reveal a near uniform set claims and interests. The existence of "more than one Plaintiff group is irrelevant if Plaintiffs' interests are not divergent or dissimilar." *Aberlin*, 2017 WL 3641793, at *2-3 (internal citation omitted). Simply put, Kaplan/Cotchett fail to persuasively identify any reason why a steering committee is necessary at this time.

In contrast, the Korein/Bartlit Group propose a streamlined leadership team of four firms, with defined roles. Korein Tillery and Bartlit Beck will act as co-lead counsel, in combination with Milberg as Discovery Liaison and Pritzker Levine as local Liaison Counsel. The two proposed liaisons are not "make-work" roles. They were strategically chosen to support the Korein/Bartlit Group and oversee two key areas, *i.e.,* discovery and local know-how. The Korein/Bartlit Group submits that appointing interim co-lead counsel and allowing those firms to assign and manage work as-needed is more conducive to efficient administration. It is certainly more practical than a hydra-

P a g e | **12** OPPOSITION TO MOTION TO APPOINT COTCHETT, PITRE & MCCARTHY AND KAPLAN FOX & KILSHEIMER LLP AS INTERIM CO-LEAD COUNSEL AND FOR APPOINTMENT OF A STEERING COMMITTEE

headed steering committee justifying its size through a balkanized approach to case management. Such a leadership structure adds layers of bureaucracy with no guaranteed increase in effectiveness and risks generating unnecessary conflict among the consumer class.

That said, the Korein/Bartlit Group has no intention of operating in a vacuum if they are appointed interim lead counsel. They would solicit input on key decisions, delegate work when required and draw upon the collective knowledge, experience and resources of their fellow counsel. The goal is to manage these activities so that consumers benefit from counsel's collective wisdom and are not burdened by having too many cooks in the kitchen. *See, e.g., Kamakahi*, 2012 WL 892163 at *3 (lead counsel is "free to consult [other counsel] on all significant litigation decisions and to divide case responsibilities and costs as they see fit," so long as they "strive to avoid unnecessary costs and duplication of efforts.") The Korein/Bartlit Group believes this is best accomplished through an experienced team like the one proposed here.

## III. KAPLAN/COTCHETT DO NOT DISPUTE THE KOREIN/BARTLIT GROUP IS QUALIFIED TO SERVE AS INTERIM CO-LEAD COUNSEL.

When the Korein/Bartlit Group's expertise and record in this case are considered as a whole, there is no dispute they are qualified to lead the consumer class. Indeed, Kaplan/Cotchett conceded as much by not opposing the Korein/Bartlit Group's Motion for Appointment on or before the December 7, 2020 deadline. Kaplan/Cotchett's failure to oppose the Motion is a tacit admission that the Korein/Bartlit Group satisfies Rule 23(g). To prevail, therefore, Kaplan/Cotchett needed to persuade the Court they could better represent the consumer class—that they have more investigative knowledge, more subject matter expertise, more class action experience, more resources or more effective relationships with counsel and the Court than the Korein/Bartlit Group. Kaplan/Cotchett's Motion fails to clear those hurdles. Even in the light most favorable to those firms, the fact remains that the Korein/Bartlit Group has vast antitrust experience, class action expertise, and a track record of collaboration and action in this case Kaplan/Cotchett cannot match. The Korein/Bartlit Group's

early efforts and consistent contributions to this lawsuit justify their appointment as interim co-lead counsel.

## CONCLUSION

As the Korein/Bartlit Group's Motion for Appointment and this Opposition clearly demonstrate, the Rule 23(g) factors all favor appointing the Korein/Tillery Group as interim co-lead counsel. Korein Tillery and Bartlit Beck leveraged their pre-existing Google investigation to file the first consumer class action months before any other firm. The Korein/Bartlit Group has deep antitrust expertise, including monopolization trial experience. It has extensive class action leadership skills. The Group has ample resources. The Korein/Bartlit Group has proposed an efficient leadership structure with defined and necessary roles for each firm. And for all intents and purposes, the Korein/Bartlit Group has been leading the consumer class—and doing it well—since August 2020. For these reasons, the Court should deny Kaplan/Cotchett's Motion and appoint the Korein/Bartlit Group as interim co-lead counsel for the consumer class.

Dated: December 9, 2020

Respectfully submitted,

By: */s/ Jamie L. Boyer*
**KOREIN TILLERY LLC**
George A. Zelcs (*pro hac vice*)
Robert E. Litan (*pro hac vice*)
Randall Ewing, Jr. (*pro hac vice*)
Jonathon D. Byrer (*pro hac vice*)
205 North Michigan, Suite 1950
Chicago, IL 60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751
gzelcs@koreintillery.com
rlitan@koreintillery.com
rewing@koreintillery.com
jbyrer@koreintillery.com

Stephen M. Tillery (*pro hac vice*)
Jamie Boyer (*pro hac vice*)
Michael E. Klenov (277028)
Carol O'Keefe (*pro hac vice*)
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525
stillery@koreintillery.com
jboyer@koreintillery.com
mklenov@koreintillery.com
cokeefe@koreintillery.com

**BARTLIT BECK LLP**
Karma M. Giulianelli (184175)
Glen E. Summers (176402)
Chris Lind (*pro hac vice*)
Jameson R. Jones (*pro hac vice*)
1801 Wewetta St., Suite 1200
Denver, CO 80202
Telephone: (303) 592-3100
Facsimile: (303) 592-3140
karma.giulianelli@bartlitbeck.com
glen.summers@bartlitbeck.com
*Counsel for Plaintiffs in Carr v. Google LLC, et al.*

By: */s/ Peggy J. Wedgworth*
**MILBERG PHILLIPS GROSSMAN LLP**
Peggy J. Wedgworth (*pro hac vice*)
Robert A. Wallner (*pro hac vice*)
Elizabeth McKenna (*pro hac vice*)
Blake Yagman (*pro hac vice*)
Michael Acciavatti (*pro hac vice*)
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Telephone: 212-594-5300
Facsimile: 212-868-1229
pwedgworth@milberg.com
rwallner@milberg.com
emckenna@milberg.com
byagman@milberg.com
macciavatti@milberg.com
*Counsel for Plaintiffs in Bentley v. Google LLC, et al.*

By: */s/ Elizabeth C. Pritzker*
Elizabeth C. Pritzker (146267)
Bethany Caracuzzo, (190687)
Caroline Corbitt, (305492)
**PRITZKER LEVINE, LLP**
1900 Powell Street, Suite 450
Emeryville, CA 94608
Telephone: (415) 805-8532
Facsimile: (415) 366-6110
ecp@pritzkerlevine.com
bc@pritzkerlevine.com
ccc@pritzkerlevine.com
*Counsel for Plaintiffs and the Proposed Class in Carroll v. Google, LLC, et al.*

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on December 9, 2020, a true and correct copy of the foregoing document was served upon all counsel of record through the Court's electronic filing and notification system.

                                                  /s/ Jamie L. Boyer