Nanci E. Nishimura (SBN 152621)
Adam J. Zapala (SBN 245748)
Elizabeth T. Castillo (SBN 280502)
Mark C. Molumphy (SBN 168009)
Tamarah P. Prevost (SBN 313422)
Noorjahan Rahman (SBN 330572)
**COTCHETT, PITRE & MCCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
**Burlingame, CA 94010**
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
nnishimura@cpmlegal.com
azapala@cpmlegal.com
ecastillo@cpmlegal.com
mmolumphy@cpmlegal.com
tprevost@cpmlegal.com
nrahman@cpmlegal.com

Laurence D. King (SBN 206423)
Mario M. Choi (SBN 243409)
**KAPLAN FOX & KILSHEIMER LLP**
1999 Harrison Street, Suite 1560
**Oakland, CA 94612**
Tel.: (415) 772-4700
Fax: (415) 772-4707
lking@kaplanfox.com
mchoi@kaplanfox.com

Hae Sung Nam (admitted *pro hac vice*)
Robert N. Kaplan (admitted *pro hac vice*)
Frederic S. Fox (*pro hac vice* to be sought)
Donald R. Hall (admitted *pro hac vice*)
Aaron L. Schwartz (admitted *pro hac vice*)
**KAPLAN FOX & KILSHEIMER LLP**
850 Third Avenue
**New York, NY 10022**
Tel.: (212) 687-1980
Fax: (212) 687-7715
rkaplan@kaplanfox.com
hnam@kaplanfox.com
ffox@kaplanfox.com
dhall@kaplanfox.com
aschwartz@kaplanfox.com

*Proposed Interim Co-Lead Class Counsel*
*for the Putative Class (other counsel listed on signature page)*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

**IN RE GOOGLE PLAY CONSUMER ANTITRUST LITIGATION**

This Document Relates to All Actions

Case No. 3:20-cv-05761-JD

**MEMORANDUM IN FURTHER SUPPORT OF MOTION TO APPOINT COTCHETT, PITRE & McCARTHY and KAPLAN FOX & KILSHEIMER AS INTERIM CO-LEAD COUNSEL and FOR APPOINTMENT OF A STEERING COMMITTEE**

Hearing Date: December 15, 2020
Hearing Time: 10:00 a.m.
Judge: Hon. James Donato

## TABLE OF CONTENTS

Page

**I. THE COURT SHOULD APPOINT KAPLAN FOX AND COTCHETT PITRE, ALONG WITH THE PROPOSED STEERING COMMITTEE .................. 1**

A. The Proposed Steering Committee Has Extensive Experience Litigating Antitrust Cases ........................................................................................ 1

B. Appointing Kaplan Fox and Cotchett Pitre, along with the Proposed PSC, will Benefit the Class through Focused and Efficient Proceedings ........................ 2

C. Under the Circumstances of this Case, the First to File is Irrelevant for Purposes of Selecting Leadership ............................................................. 3

D. If Appointed, the Leadership Team Will Continue to Work Cooperatively with Other Plaintiffs' Counsel to Eliminate Duplication and Enhance Efficiencies.................................................................................................. 5

E. The Proposed Leadership Structure Emphasizes Experienced Attorneys with Diverse Backgrounds ........................................................................... 6

**II. CONCLUSION ..................................................................................................... 11**

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Andrews v. Plains All American Pipeline, LP*,
No. 15-cv-4113 (C.D. Cal.)....................7

*In re Apple Inc. Device Performance Litig.*,
Case No. 18-md-02827 (N.D. Cal.) ....................6

*Apple, Inc. v. Pepper et al.*,
139 S. Ct. 1514 (2019)....................3

*Aurora Corp. of Am. v. Fellowes, Inc.*,
No. CV07-8306-GHK, 2008 WL 709198 (C.D. Cal. Feb. 27, 2008)....................3

*In re Cathode Ray Tube (CRT) Antitrust Litigation*,
MDL No. 1917, Case No. 07-md-05944-JST (N.D. Cal.)....................8

*In re: Cattle Antitrust Litigation*,
No. 19-cv-01222 (D. Minn.) ....................8

*Contreras et al., v. Nationstar Mortgage*,
No. 16-cv-302 (E.D. Cal.)....................7

*In re Disposable Contact Lens Antitrust Litigation*,
No. 15-md-02626 (M.D. Fla.)....................8

*In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*,
MDL No. 1486, Case No. 02-md-01486-PJH (N.D. Cal.)....................8

*Epic Games, Inc. v. Google LLC*,
3:20-cv-05671-JD (N.D. Cal. 2020) ....................3, 4, 5

*Epic v. Google.*,
Case No. 5:20-cv-05761-JD (N.D. Cal. Aug. 13, 2020)....................4

*In re: EpiPen Mktg., Sales Practices, & Antitrust Litig.*,
MDL 2785 (D. Kan.)....................7

*In re Evenflo Marketing, Sales Practices & Prod. Liab. Litig.*,
MDL 2938 (D. Mass)....................7

*In re Facebook, Inc., Consumer Privacy User Profile Litigation*,
MDL 2843 (N.D. Cal.)....................6, 7

*In re Flash Memory Antirust Litigation*,
Case No. 07-cv-00086-SBA (N.D. Cal.) ....................8

*Fuentes v. Jiffy Lube International, Inc.*,
No. 18-cv-05174 (E.D. Pa.) ....................8

*Garcia et al. v. Stemilt Ag Services, LLC*,
No. 20-254 (E.D. Wa.) ....................7

*In re Intel Corp. Microprocessor Antitrust Litigation*,
MDL No. 05-1717 (JJF) (D. Del.) ....................8

*J. McIntyre Machinery, Ltd. v. Nicastro*,
131 S. Ct. 2780 (2011) ....................7

*Jabbari v. Wells Fargo & Co.*,
No. 15-02159 (N.D. Cal.) ....................6

*Kenny v. Pacific Investment Management Co. LLC*,
14-cv-1987 (W.D. Wa.) ....................7

*In re Lithium Ion Batteries Antitrust Litigation*,
MDL No. 2420, Case No. 13-md-02420-YGR (N.D. Cal.) ....................8

*In re Regions Morgan Keegan ERISA Litig.*,
No. 08-02192 (W.D. Tenn.) ....................7

*Rollins v. Dignity Health*,
No. 13-1450 (N.D. Cal.) ....................7

*In re Scrap Metal Antitrust Litig.*,
2002 WL 31988203 (N.D. Ohio Aug. 5, 2002) ....................4

*Smith v. OSF HealthCare System*,
933 F.3d 859 (7th Cir. 2019) ....................7

*In re Static Random Access Memory (SRAM) Antitrust Litigation*,
Case No. 07-cv-01819-CW (N.D. Cal.) ....................8

**Rules**

Local Rule 5-1, I ....................12

Federal Rule of Civil Procdedure 23(g) ....................1

- iv -

Case No. 3:20-cv-01626-JD

MEMORANDUM IN FURTHER SUPPORT OF MOTION TO APPOINT COTCHETT, PITRE & MCCARTHY AND KAPLAN FOX AS INTERIM CO-LEAD COUNSEL

Plaintiffs Herrera, McNamara, Roberts, Stark, Gamble, and Esquivel respectfully submit this memorandum in further support of their application for appointment as Interim Co-Lead Counsel to the Google Play consumer class. ECF No. 87. Kaplan Fox & Kilsheimer LLP ("Kaplan Fox") and Cotchett, Pitre & McCarthy LLP ("CPM") stand apart based on their composition, experience, and resources, and will best represent the proposed class, consistent with Rule 23(g)'s relevant factors. The firms are supported by plaintiffs and counsel in six of the consumer cases filed in this District, the most of any proposed leadership structure. Through this memorandum, Kaplan Fox and CPM further outline their qualifications and the proposed leadership structure, including a proposed Steering Committee.

## I. THE COURT SHOULD APPOINT KAPLAN FOX AND COTCHETT PITRE, ALONG WITH THE PROPOSED STEERING COMMITTEE

### A. The Proposed Steering Committee Has Extensive Experience Litigating Antitrust Cases

As shown in their initial application, the diverse sets of attorneys from Kaplan Fox and CPM who will handle this matter have decades of experience litigating the nation's leading antitrust cases. *See* Kaplan Fox and CPM Firm Resumes, ECF Nos. 87-2 at Ex. A (CPM Firm Resume); 87-3 at Ex. A (Kaplan Fox Firm Resume). This Leadership Team has the full support of counsel of the following consumer actions filed in this consolidated proceeding:

(1) ***Roberts v. Google et. al.***, Case No. 5:20-cv-07824 (Saveri & Saveri Inc.),

(2) ***Stark v. Google et. al.***, 5:20-cv-08309 (Keller Rohrback L.L.P.),

(3) ***Gamble et. al. v. Google et. al.***, 3:20-cv-07984 (Gibbs Law Group),

(4) ***Esquivel v. Google et. al.***, 5:20-cv-08337 (Browne George Ross O'Brien Annaguey & Ellis LLP).

The attorneys at these experienced firms support the Kaplan Fox and CPM team and, if appointed, will aide in the efficient prosecution of the class's claims by serving on a Plaintiffs' Steering Committee ("PSC") composed of the following firms and individuals:

| LEAD ATTORNEY | FIRM AND LOCATION |
|---|---|
| Karin Swope | Keller Rohrback LLP<br>Seattle, WA |
| Andre Mura | Gibbs Law Group LLP<br>Oakland, CA |
| Sarah Van Culin | Saveri & Saveri, Inc.<br>San Francisco, CA |
| Maribeth Annaguey | Browne George Ross O'Brien Annaguey & Ellis LLP<br>Los Angeles, CA |

*See generally*, PSC Firm Resumes at Exs. A through D.

These attorneys are among the top lawyers in the country, and their firms reflect the diversity of the proposed consumer class and are varied in experience, education, race, gender, sexual orientation, and perspective. Each PSC firm adds richness to the Kaplan Fox and CPM Team's ability to pursue an effective and efficient litigation strategy to the benefit of the class. These law firms and lawyers, along with Kaplan Fox and CPM, are also dedicated to deploying resources efficiently, in accordance with the Court's time and expense reporting mandates. The proposed Co-Lead and PSC firms are committed to pursuing the stated desires of this Court to ensure that younger attorneys have meaningful litigation opportunities, including but not limited to, arguing motions, first-chairing depositions, and cross-examining witnesses.

### B. Appointing Kaplan Fox and Cotchett Pitre, along with the Proposed PSC, will Benefit the Class through Focused and Efficient Proceedings

The foregoing proposed leadership structure has already taken several critical steps to enhance this litigation and focus the pleadings. Indeed, the complaints filed by Plaintiffs Herrera and McNamara were the product of a careful analysis of the law and facts. For instance:

**Economic consulting**: Plaintiffs Herrera and McNamara, in their separate cases, had expert economists review and comment on their complaints prior to filing.

**Use of the House Report**: The Herrera and McNamara complaints include additional, unique facts related to Google's conduct that were obtained from materials in the U.S. House Report, which was first made public on October 4, 2020. *See e.g., Herrera Complaint* at ¶¶ 38, 40, 45; *cf.* U.S. House Report, at 106, 220-21, 221. Complaints filed prior to Herrera and McNamara

do not appear to make use of this Report, and the amended *Carr* complaint, filed on October 21, 2020, does not mention this Report or the facts recounted in it in any detail.

**Efficient and Streamlined Pleading**: The complaints filed on behalf of Plaintiffs Herrera and McNamara have also been streamlined to allow for the efficient and straightforward prosecution of the case. Following the Supreme Court's landmark decision in *Apple, Inc. v. Pepper et al*., 139 S. Ct. 1514 (2019), Plaintiffs Herrera and McNamara only allege two federal claims and a Cartwright Act claim whereas other plaintiffs allege up to thirty-five (35) counts, including twenty-nine state law counts under twenty-six different states' laws. The numerous indirect state law causes of action do not necessarily advance the interests of the class—and, in fact, may muddy the waters unnecessarily.[1] In addition, the Herrera and McNamara complaints, at this time, only alleged a single product market, the market for Android mobile apps and in-app purchases, while Plaintiff Carr alleged four product markets: "(1) the market for mobile devices and their accompanying operating system platforms; (2) the market for licensable mobile operating system platforms; (3) the Android app distribution market; and (4) the Android in-app payment processing market." CAC at ¶ 29. Thus, appointing CPM and Kaplan Fox as Co-Lead Counsel will benefit the class, the Court, and the Parties by streamlining the consumer litigation.

### C. Under the Circumstances of this Case, the First to File is Irrelevant for Purposes of Selecting Leadership

Despite the factual and legal distinctions between the complaints cited above, Plaintiff Carr argues that its counsel should be appointed lead because it was the "first filer" and *Herrera* and *McNamara* are "tag along" actions that are "essentially identical." *See* Plaintiff Carr, Bentley and Carroll's Motion for Appointment of Interim Lead Counsel, ECF No. 81 at 7-8. Counsel for Plaintiff Carr *concede*, however, that their complaint is essentially a "tag along" to the *Epic* action. *Id.* at 8 (explaining the *Carr* action was filed "a mere three days" after the *Epic* complaint). It is well-settled, particularly where there are multiple cases filed in short order, that the "first filer" is not a factor the

[1] Google, in its motion to dismiss the developer cases, filed after *Herrera* and *McNamara* were filed, also noted that consumer plaintiffs are direct purchasers of Google apps and in-app purchases under *Illinois Brick*. *See Epic Games, Inc. v. Google LLC*, 3:20-cv-05671-JD (N.D. Cal. 2020), ECF No. 91-1 at 2-4.

- 3 -

Case No. 3:20-cv-01626-JD

MEMORANDUM IN FURTHER SUPPORT OF MOTION TO APPOINT COTCHETT, PITRE & MCCARTHY AND KAPLAN FOX AS INTERIM CO-LEAD COUNSEL

court should weigh in leadership contests. *See, e.g.*, *See Aurora Corp. of Am. v. Fellowes, Inc.*, No. CV07-8306-GHK, 2008 WL 709198, at *1 (C.D. Cal. Feb. 27, 2008) (first-filed case "is not intended to create a race to the courthouse."); *In re Scrap Metal Antitrust Litig.*, 2002 WL 31988203, at *1 (N.D. Ohio Aug. 5, 2002) ("[G]iven the long history of governmental investigation and prosecution of the [] industry . . . first-to-file status is simply not meaningful."). Many of the allegations in the *Carr* complaint appear to be simply *cut and pasted* from the *Epic* complaint without elaboration or analysis, further demonstrating its tag-along status. Examples of direct copying of the Epic complaint include, but are not limited to:

| ***Epic v. Google.*, Case No. 5:20-cv-05761-JD (N.D. Cal. Aug. 13, 2020) at ECF No. 1** | ***Carr v. Google*, Case No. 5:20-cv-05761-JD (N.D. Cal., Aug. 16, 2020) at ECF No. 1** |
|---|---|
| ¶89. First, Google prevents app distributors from providing Android users ready access to competing app stores. Specifically, even though competitive app stores themselves are mobile apps that could easily be distributed through the Google Play Store, Google prohibits the distribution of any competing app store through the Google Play Store, without any technological or other justification. | ¶65. First, Google prevents app distributors from providing Android users ready access to competing app stores. In other words, Google prevents developers from providing an app that, when downloaded from the Google Play Store, would operate as a competing mobile storefront for other app purchases. Google prohibits the distribution of any competing app store through the Google Play Store, without any technological or other justification. |
| ¶100. Direct downloading is also nominally available to competing app distributors who seek to distribute competing Android app stores directly to consumers. However, the same restrictions Google imposes on the direct downloading of apps apply to the direct downloading of app stores. Indeed, Google Play Protect has flagged at least one competing Android app store, Aptoide, as "harmful", further hindering consumers' ability to access a competing app store. | ¶75. Direct downloading is also nominally available to competing app distributors who seek to distribute competing Android app stores directly to consumers. However, the same restrictions Google imposes on the direct downloading of apps apply to the direct downloading of app stores. Indeed, Google Play Protect has flagged at least one competing Android app store, Aptoide, as "harmful," further hindering consumers' ability to access a competing app store. |

| | |
|---|---|
| ¶110. Both developers and consumers are harmed by Google's supracompetitive taxes of 30% on the purchase price of apps distributed through the Google Play Store, which is a much higher transaction fee than would exist in a competitive market. Google's supra-competitive taxes raise prices for app developers and consumers and reduce the output of mobile apps and related content by depriving app developers incentive and capital to develop new apps and content. | ¶84. Both developers and consumers are harmed by Google's supra- competitive taxes of 30% on the purchase price of apps distributed through the Google Play Store, which is a much higher transaction fee than would exist in a competitive market unimpaired by Google's anticompetitive conduct. Google's supra-competitive taxes raise prices for app developers and consumers and reduce the output of mobile apps and related content by depriving app developers of incentive and capital to develop new apps and content. |

There are many other such examples of paragraphs copied directly from the *Epic* complaint.[2] While attorneys frequently copy paragraphs from other complaints, it is not appropriate to copy, verbatim, paragraphs from a previously filed complaint on the same subject and subsequently claim their complaint has the status as the "first-filer," as the *Carr* plaintiffs suggest.

### D. If Appointed, the Leadership Team Will Continue to Work Cooperatively with Other Plaintiffs' Counsel to Eliminate Duplication and Enhance Efficiencies

As the initial application and this response demonstrates, appointing Kaplan Fox and CPM as Co-Lead Counsel, with the proposed Steering Committee, will bring substantial benefits to the class, the Court, and the Parties, given their experience and legal acumen, well-formulated pleadings, and efficient prosecution of the Action. Since filing, the Kaplan Fox and CPM team have been actively involved in this litigation, discussing with other consumer plaintiffs' counsel the claims to be pled in the Consolidated Amended Complaint, participating in court conferences, and coordinating calls with plaintiffs' counsel and with Defendant. This litigation is at an early stage, and the proposed team outlined herein will continue to work cooperatively with counsel for other plaintiffs and Defendant to ensure the litigation proceeds smoothly to obtain the best result for the putative class. Proposed Co-Lead Counsel's ability to work cooperatively with other firms is demonstrated through the substantial support they garner from many of the other firms that have filed cases.

[2] *See Carr* Complaint at ¶¶ 5, 7, 10, 13, 23, 26, 29-31, 36, 39, 40-44, 47-57, 58-79, 80-85, 89, 95-100, 101-104; *compare Epic* Complaint at ¶¶ 15, 19, 23, 26, 45, 48, 52-54, 59, 61, 62-64, 66, 67, 69-79, 80-84, 88-96, 98-103, 105 106-111, 114, 123-127, 130, 131-134.

Proposed Co-Lead Counsel and the PSC is also mindful of the Court's concerns over duplication of effort and is familiar with this Court's preferences concerning timekeeping and expense protocols. The Team will be vigilant in its responsibility to coordinate among the attorneys of the PSC to ensure the efficient and economic prosecution of this matter. The proposed firms frequently work on cases that involve the management and coordination of many law firms and lawyers and are personally experienced in those collaborative tasks in this District.

### E.  The Proposed Leadership Structure Emphasizes Experienced Attorneys with Diverse Backgrounds

This Court should appoint Kaplan Fox and CPM, along with the proposed PSC, because the law firms litigating this matter are comprised of attorneys with extensive experience from diverse backgrounds. Indeed, Co-lead Counsel's litigation team will be led by a number of female partners from diverse backgrounds. The full backgrounds and diversity of the lawyers from the Kaplan Fox and CPM team have been outlined in their initial submission. *See* ECF No. 87.

The proposed PSC also possesses demonstrated experience and diversity:

**Keller Rohrback**: Proposed PSC member **Karin Swope** and her 64-attorney firm with offices in Seattle, Santa Barbara, Phoenix, Oakland, New York, and Montana, have the expertise and resources to handle this litigation. Keller Rohrback emphasizes complex litigation, and the team of attorneys prosecuting this action has significant experience serving in leadership positions in other large and complex antitrust, ERISA, and consumer actions. Keller Rohrback's leadership appointments include: *In re EpiPen Marketing Sales Practices and Antitrust Litigation,* (MDL 2785); *Nurse Wage Antitrust Litigation: Cason-Merenda v. Detroit Medical Center* (E.D. Mich.); *In re Facebook, Inc., Consumer Privacy User Profile Litigation*, MDL 2843 (N.D. Cal.); *Jabbari v. Wells Fargo & Co.*, No. 15-02159 (N.D. Cal.), and many others. A firm resume detailing Keller Rohrback's experience with complex actions is attached as Exhibit A.

Ms. Swope has expertise in intellectual property and deep experience litigating consumer and antitrust cases, including serving on the Executive Committee in *In re Apple Inc. Device Performance Litig.*, Case No. 18-md-02827 (N.D. Cal.), a suit arising out of Apple's intentional reduction of the functionality and battery life of iPhones, and serving as one of the lead counsel in

the *Nurse Wage Antitrust Litigation: Maderazo v. VHS San Antonio Partners,* (W.D. Tex.) and *Cason-Merenda v. Detroit Medical Center (E.D. Mich.)*.

Alison E. Chase, a partner at Keller Rohrback, has extensive experience in antitrust and financial fraud litigation, as a key lawyer in the litigation arising out of EpiPen price gouging, *In re: EpiPen Mktg., Sales Practices, & Antitrust Litig.*, MDL 2785 (D. Kan.), and as a member of the Executive Committee for *In re Evenflo Marketing, Sales Practices & Prod. Liab. Litig.*, MDL 2938 (D. Mass), among other actions.

Laura R. Gerber, a partner at Keller Rohrback, has a substantial background litigating consumer protection, RICO, ERISA excessive fee, and qui tam matters, including *Garcia et al. v. Stemilt Ag Services, LLC*, No. 20-254 (E.D. Wa.); *Contreras et al., v. Nationstar Mortgage,* No. 16-cv-302 (E.D. Cal.); *Andrews v. Plains All American Pipeline, LP*, No. 15-cv-4113 (C.D. Cal.) and *Kenny v. Pacific Investment Management Co. LLC*, 14-cv-1987 (W.D. Wa.). Matthew Gerend, also a partner at Keller Rohrback, has 10 years of experience representing consumers, investors, and employees in federal district and appellate courts across the country, including in *Smith v. OSF HealthCare System*, 933 F.3d 859 (7th Cir. 2019), *Rollins v. Dignity Health*, No. 13-1450 (N.D. Cal.), and *In re Regions Morgan Keegan ERISA Litig.*, No. 08-02192 (W.D. Tenn.).

**Gibbs Law Group**: Proposed PSC member **Andre Mura** is a partner at Gibbs Law Group LLP and was previously senior litigation counsel at the Center for Constitutional Litigation in Washington, D.C., where he litigated high-stakes appeals for plaintiffs, including *J. McIntyre Machinery, Ltd. v. Nicastro*, 131 S. Ct. 2780 (2011). Owing to his experience as a generalist, Andre has been appointed in a diverse set of complex litigation: *In re: Taxotere (Docetaxel) Products Liability Litigation*, MDL 2740 (plaintiffs' steering committee; co-chair, law and briefing; bellwether trial team member for 2-week jury trial), *In re: 3M Combat Arms Earplug Products Liability Litigation*, MDL 2734 (law and briefing), and *In re: Vizio, Inc., Consumer Privacy Litigation*, MDL 2693 (co-lead counsel for settlement class). Judges and colleagues alike have praised his written and oral advocacy numerous times, including, for example, Judge Staton in *Vizio*, Transcript of Oral Argument at 3:14-17, No. 8:16-ml-02693 (C.D. Cal. Dec. 7, 2018), ECF No. 295 ("I'm glad I appointed all of you as lead counsel because – it is probably the best set of

papers I've had on preliminary approval . . ."), and counsel for respondent in *Merck Sharp & Dohme Corp. v. Albrecht*, Transcript of Oral Argument at 57:15-17, 139 S. Ct. 1668 (2019) (No. 17-290) ("It's a beautifully done amicus brief to explain what the scientists knew and when they knew it . . ."). Mr. Mura received a 2019 California Lawyer Attorney of the Year Award for his work in *De La Torre v. CashCall* in the California Supreme Court, and Law360 named him a Top Cybersecurity / Privacy Attorney Under 40 (Rising Star) in 2017. Mr. Mura is a board member of the Civil Justice Research Initiative of Berkeley Law and immediate past chair of the American Association for Justice's LGBT Caucus. A firm resume detailing Gibbs Law Group's experience with complex actions is attached as Exhibit B.

Mr. Mura will be supported by a talented and diverse mix of colleagues at Gibbs Law Group, including Amanda Karl, a former law clerk to Judge Paez and Judge Wilken. Gibbs Law Group's most recent antitrust representations include *In re: Cattle Antitrust Litigation*, No. 19-cv-01222 (D. Minn.) (firm appointment to Plaintiffs' Executive Committee); *In re Disposable Contact Lens Antitrust Litigation*, No. 15-md-02626 (M.D. Fla.) (firm assigned by lead counsel to Plaintiffs' Expert Committee and trial team); and *Fuentes v. Jiffy Lube International, Inc.*, No. 18-cv-05174 (E.D. Pa.).

**Saveri & Saveri, Inc.**: Proposed PSC member **Sarah Van Culin** and her firm have a long, successful history of litigating and trying complex cases in courts throughout the United States. The Saveri Firm has 60 years of complex, multidistrict and class action litigation experience and specializes in antitrust litigation. The Saveri Firm has been at the forefront of electronics and technology cases in this District and nationally over the past two decades, including *In re Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917, Case No. 07-md-05944-JST (N.D. Cal.) (Tigar, J.) (Lead Counsel for Direct Purchaser Class); *In re Lithium Ion Batteries Antitrust Litigation*, MDL No. 2420, Case No. 13-md-02420-YGR (N.D. Cal.) (Gonzalez Rogers, J.) (Co-Lead Counsel for Direct Purchaser Class); *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, MDL No. 1486, Case No. 02-md-01486-PJH (N.D. Cal.) (Hamilton, J.) (Co-Lead Counsel, Direct Purchaser Class); *In re Flash Memory Antirust Litigation*, Case No. 07-cv-00086-SBA (N.D. Cal.) (Armstrong, J.) (Co-Lead Counsel, Direct Purchaser Class); *In re Static*

*Random Access Memory (SRAM) Antitrust Litigation*, Case No. 07-cv-01819-CW (N.D. Cal. (Wilken, J.) (Executive Committee Member, Direct Purchaser Class). The Saveri Firm also has leadership experience with technology cases alleging monopolistic practices. *In re Intel Corp. Microprocessor Antitrust Litigation*, MDL No. 05-1717 (JJF) (D. Del.) (Co-Lead Counsel in antitrust consumer class action on behalf of indirect purchasers of Intel x86 microprocessors).

Ms. Van Culin will be supported by other Saveri Firm attorneys representing a diversity of experience and backgrounds, including managing partner R. Alexander Saveri. A firm resume detailing Saveri & Saveri's experience with complex actions is attached as Exhibit C.

**Browne George Ross O'Brien Annaguey & Ellis LLP ("BGR")**: Proposed PSC member **Maribeth Annaguey** and her firm have the experience, expertise, and resources to prosecute this litigation. BGR has a significant history of litigating and trying class actions and complex cases in federal and state courts nationwide. This experience extends to serving as lead or co-lead counsel in class actions and obtaining favorable jury verdicts in cases involving the entertainment industry, intellectual property, financial instruments and student loans, and corporate mergers.

Ms. Annaguey is a partner at BGR whose practice focuses on large and complex actions. She and the firm's attorneys have experience litigating class actions on behalf of municipalities and companies in the global real estate industry, among other industries. She has represented high-profile clients in the entertainment, video game development, and financial services industries in federal and state court. Ms. Annaguey will be supported by other BGR attorneys who have broad and significant experience litigating antitrust class actions and complex civil actions.

Eric George is a partner at BGR with broad experience in state and federal trial courts and arbitration proceedings involving antitrust, contracts, securities, intellectual property, real estate, and constitutional issues. He is a member of the American College of Trial Lawyers.

Dennis Ellis is a partner at BGR who has litigated dozens of class actions. His practice concentrates on consumer class actions, unfair competition, business torts, and breach of contract actions. He has worked for a diverse group of clients, including major retail chains, petroleum, pharmaceutical, and manufacturing companies, and internationally known celebrities.

Carl Roth is a partner at BGR with decades of experience litigating large-scale and complex antitrust matters. He has litigated antitrust actions related to the natural gas and electrical power transmission industries, Hollywood and the entertainment industry, professional sports and television broadcasting rights, composite metals, and financing for home mortgages and used cars.

Ryan Keech is a partner at BGR who has represented U.S. and foreign clients from various industries, including entertainment, toys and consumer products, financial services, social media, and mobile technology. He has particularly significant experience handling disputes involving intellectual property, unfair competition, and FTC claims.

Jason Kelly is an associate at BGR with broad experience litigating antitrust class actions related to flat glass manufacturing, international air cargo shipments, animal tracking equipment, and passenger air travel. A firm resume detailing Browne George's experience with complex actions is attached as Exhibit D.

Thus, the proposed Steering Committee brings unique professional and personal experiences to bear and represents a cross-section of the United States. It also includes both talented and experienced veterans of the bar and younger attorneys seeking to gain valuable experience in notable litigation, such as this. Indeed, the firms of the Steering Committee have achieved substantial recoveries in some of the largest and highest profile litigations throughout the United States. *See* PSC Firm Resumes, Exs. A through D. Collectively, proposed Co-Lead Counsel, with the support of the PSC, will bring a special mix of subject matter expertise, experience, and resources to this matter that is not only large by the number of cases already filed, but that implicates potentially millions of Class members and an extraordinary amount of relevant commerce.

As is already evident from meet and confers and conversations among plaintiffs' counsel, discovery in general, and document production in particular, will be substantial and complex, and will require a document coding and review protocol that is deployed with assistance of a strong PSC. Indeed, the litigation in this case will be hard fought and labor intensive, necessitating, perhaps, dozens or hundreds of depositions throughout the United States, significant and complex motion practice, class certification proceedings, and potential settlement negotiations and appeals. The support of the proposed PSC with offices throughout the United States, but in particular on the West

Coast and in the Bay Area, will ensure work is performed timely and efficiently by capable and experienced professionals to achieve the best results for the class.

## II. CONCLUSION

Plaintiffs respectfully request that the Court appoint Kaplan Fox and Cotchett, Pitre, McCarthy as Co-Lead Counsel and establish the proposed Plaintiffs' Steering Committee to further promote the prosecution, coordination, and efficiency of this litigation. In the alternative, Plaintiffs request the Court appoint one member of the *Carr* team and one member of the *Herrera*/*McNamara* team as Co-Lead Counsel.[3] Plaintiffs Herrera and McNamara have previously offered this compromise to counsel for *Carr*, but it was rejected.

Dated: December 8, 2020

Respectfully submitted,

By: */s/ Hae Sung Nam*
Hae Sung Nam

**KAPLAN FOX & KILSHEIMER LLP**
Hae Sung Nam (admitted *pro hac vice*)
Robert N. Kaplan (admitted *pro hac vice*)
Frederic S. Fox (*pro hac vice* to be sought)
Donald R. Hall (admitted *pro hac vice*)
Aaron L. Schwartz (*pro hac vice* filed)
850 Third Avenue
New York, NY 10022
Telephone: 212-687-1980
Facsimile: 212-687-7714

**KAPLAN FOX & KILSHEIMER LLP**
Laurence D. King (SBN 206423)
Mario M. Choi (SBN 243409)
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Telephone: 415-772-4700
Facsimile: 415-772-4707

By: */s/ Nanci E. Nishimura*
Nanci E. Nishimura

**COTCHETT, PITRE & McCARTHY LLP**
Nanci E. Nishimura (SBN 152621)
Adam J. Zapala (SBN 245748)
Elizabeth T. Castillo (SBN 280502)
Mark C. Molumphy (SBN 168009)
Tamarah P. Prevost (SBN 313422)
Noorjahan Rahman (SBN 330572)
San Francisco Airport Office Center
840 Malcolm Road
Burlingame, CA 94010
Telephone: 650-697-6000
Facsimile: 650-697-0577

***Proposed Interim Co-Lead Class Counsel for the Putative Class***

[3] Should the Court wish to proceed under this approach, Plaintiffs Herrera and McNamara request the Court permit the two groups of movants the opportunity to confer and propose which counsel would be appointed lead and which counsel would be placed on the PSC.

- 11 -
Case No. 3:20-cv-01626-JD
MEMORANDUM IN FURTHER SUPPORT OF MOTION TO APPOINT COTCHETT, PITRE & MCCARTHY AND KAPLAN FOX AS INTERIM CO-LEAD COUNSEL

By: /s/ *R. Alexander Saveri*
R. Alexander Saveri

**SAVERI & SAVERI, INC.**
R. Alexander Saveri (SBN 173102)
Sarah Van Culin (SBN 293181)
706 Sansome Street, #200
San Francisco, CA 94111
Telephone: 415-217-6810
Facsimile: 415-217-6813

By: /s/ *Andre Mura*
Andre Mura

**GIBBS LAW GROUP LLP**
Eric H. Gibbs (SBN 178658)
Andre Mura (SBN 298541)
Amanda Karl (SBN 301088)
505 14th Street, Suite 1110
Oakland, California 94612
Telephone: (510) 350-9700
Facsimile: (510) 350-9701

By: /s/ *Karin Swope*
Karin Swope

**KELLER ROHRBACK L.L.P.**
Karin B. Swope
Laura R. Gerber
Matthew M. Gerend
1201 Third, Suite 3200
Seattle, WA 98101
Telephone: (206) 623-1900
Fax: (206) 623-3384

By: /s/ *Maribeth Annaguey*
Maribeth Annaguey

**BROWNE GEORGE ROSS O'BRIEN ANNAGUEY & ELLIS LLP**
Maribeth Annaguey (SBN 228431)
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

***Attorneys for the Proposed Steering Committee***

**ATTORNEY ATTESTATION**

Pursuant to Civil Local Rule 5-1, I, Nanci E. Nishimura, hereby attests that counsel for all parties listed above consented to the filing of this document in Case No. 3:20-cv-01626-JD (N.D. Cal.).

DATED: December 7, 2020

COTCHETT, PITRE & McCARTHY LLP

By: /s/ *Nanci E. Nishimura*
NANCI E. NISHIMURA