Karma M. Giulianelli (SBN 184175)
karma.giulianelli@bartlitbeck.com
**BARTLIT BECK LLP**
1801 Wewetta St., Suite 1200
Denver, Colorado 80202
Telephone: (303) 592-3100

Hae Sung Nam (*pro hac vice*)
hnam@kaplanfox.com
**KAPLAN FOX & KILSHEIMER LLP**
850 Third Avenue
New York, NY 10022
Tel.: (212) 687-1980

*Co-Lead Counsel for the Proposed Class in In re Google Play Consumer Antitrust Litigation*

Steve W. Berman (*pro hac vice*)
steve@hbsslaw.com
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Ave., Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292

*Co-Lead Counsel for the Proposed Class in In re Google Play Developer Antitrust Litigation and Attorneys for Pure Sweat Basketball, Inc.*

Bonny E. Sweeney (SBN 176174)
bsweeney@hausfeld.com
**HAUSFELD LLP**
600 Montgomery Street, Suite 3200
San Francisco, CA 94104
Telephone: (415) 633-1908

*Co-Lead Counsel for the Proposed Class in In re Google Play Developer Antitrust Litigation and Attorneys for Peekya App Services, Inc.*

[Additional counsel appear on signature page]

Paul J. Riehle (SBN 115199)
paul.riehle@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH LLP**
Four Embarcadero Center, 27th Floor
San Francisco, CA 94111
Telephone: (415) 591-7500

Christine A. Varney (*pro hac vice*)
cvarney@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000

*Counsel for Plaintiff Epic Games, Inc. in Epic Games, Inc. v. Google LLC et al.*

Brian C. Rocca (SBN 221576)
brian.rocca@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000

*Counsel for Defendants Google LLC et al.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

**IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**

THIS DOCUMENT RELATES TO:

*Epic Games Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD

*In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD

*In re Google Play Developer Antitrust Litigation*, Case No. 3:20-cv-05792-JD

Case No. 3:21-md-02981-JD

**JOINT CASE MANAGEMENT STATEMENT**

Date: April 1, 2021
Time: 10:00 a.m.
Courtroom: 11, 19th Floor (via Zoom)
Judge: Hon. James Donato

Pursuant to this Court's Order dated February 18, 2021 (ECF No. 5), the parties in the above-captioned MDL action ("the Parties"), by and through their undersigned counsel, submit this Joint Statement.

## I. CASE STATUS SUMMARY

**Scheduling Order**. Prior to the MDL transfer order, the Parties submitted to the Court an agreed proposed scheduling order on November 6, 2020 that remains pending. *See Epic Games Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD ("*Epic Action*"), ECF No. 87; *In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD ("*Consumer Action*"), ECF No. 71; *In re Google Play Developer Antitrust Litigation*, Case No. 3:20-cv-05792-JD ("*Developer Action*"), ECF No. 68 (collectively, the "Actions"). As noted in the Joint Statement filed with the Court on February 17, 2021, the Parties do not believe the MDL transfer order should affect the schedule of the Actions and request entry of the stipulated case schedule at the Court's convenience. ECF No. 3.

**Class Certification.** Developer and Consumer Plaintiffs maintain that meeting the proposed August 2021 class certification schedule will require the prompt production of critical documents, particularly transactional data, by Google, and Google submits that prompt document productions by Developer and Consumer Plaintiffs is also a prerequisite to the class certification schedule, and that depending on the timing of the productions, it may necessitate a delay to the class certification schedule.

**Google's Motion to Dismiss**. On February 26, 2021, the Parties filed a Joint Statement in the above-captioned MDL action setting forth their proposal with regard to streamlining motion practice on Google's pending Rule 12(b)(6) motion to dismiss as to Epic Games, Inc. (*Epic Action*, ECF No. 91) and Developer Plaintiffs (*Developer Action*, ECF No. 71) ("the Motion to Dismiss"). ECF No. 8. The Parties proposed that Google's Motion to Dismiss be deemed to have been filed with respect to all Plaintiffs in the MDL action, that Consumer Plaintiffs—including those named in the six newly centralized consumer class actions—join the joint opposition already filed by Epic and Developer Plaintiffs, and that no further briefing be

filed with respect to the Motion to Dismiss. The Parties further proposed that a hearing on the Motion to Dismiss be held on the Court's regular Civil Law & Motion calendar on either April 8, 2021 at 10:00 a.m. or April 15, 2021 at 10:00 a.m.

**Consolidated Consumer Complaint**. As part of the February 26 Joint Statement, Consumer Plaintiffs indicated that they will not file an amended complaint or add named Plaintiffs to the operative consolidated complaint at this time. Accordingly, the pending Consolidated Consumer Class Action Complaint (ECF No. 132, Case No. 3:20-cv-05761-JD) will be the operative consumer complaint for purposes of Defendants' pleadings challenge and for further consolidated proceedings in the *Consumer Action* with respect to all Consumer Plaintiffs.

**Court's Prior Orders**. The Joint Statement filed on February 17, 2021 requested that the Court adopt the following orders as governing the MDL:

A. Protective Order (*Epic Action*, ECF No. 106-1; *Consumer Action*, ECF No. 109-1; *Developer Action*, ECF No. 76-1);

B. ESI Order (*Epic Action*, ECF No. 88; *Consumer Action*, ECF No. 72; *Developer Action*, ECF No. 69);

C. Discovery Coordination Order (*Epic Action*, ECF No. 89; *Consumer Action*, ECF No. 73; *Developer Action*, ECF No. 70); and

D. Stipulation and [Proposed] Scheduling Order and Page Limits for Forthcoming Motion Practice (*Epic Action*, ECF No. 87; *Consumer Action*, ECF No. 71; *Developer Action*, ECF No. 68.)

**Discovery**. Since the most recent Joint Statement was filed on February 17, 2021, Google served its Answers and Objections to Epic's First Interrogatory on March 11, 2021. Google's Responses and Objections to Plaintiffs' Supplemental Request for Production are due March 31, 2021. Google served Defendants' First Set of Requests for Production of Documents and for Inspection to Consumer Plaintiffs on February 19, 2021. Consumer Plaintiffs served their Objections and Responses to Defendants' First Set of Requests for Production of

Documents and for Inspection on March 22, 2021. In addition, Plaintiffs served fourteen document subpoenas on third parties.

**Document Production**. Document production continues. Google has produced approximately 96,000 documents totaling over 740,000 pages to date, including a large amount of data. Google is preparing another large production on or before March 30. Epic has produced approximately 1.8 million documents totaling over 4.5 million pages, with additional productions anticipated in the coming weeks. Developer Plaintiffs have produced approximately 4,000 documents from Pure Sweat Basketball and expect to produce Peekya App Services' documents by April 19, 2021. Consumer Plaintiffs have provided objections and responses to Google's requests but have not yet produced documents. Transactional data has not yet been produced by either side, though the parties continue meeting and conferring on this issue. Several other discovery issues remain unresolved, as set forth below.

**Discovery Issues**. The Parties have met and conferred at length on a number of outstanding discovery issues.

Based on a letter sent by Google to Plaintiffs on March 22, 2021, Plaintiffs believe that the Parties have now reached an impasse on two issues that Plaintiffs intend to brief in the coming days:

A. **Custodial Categories:** The Parties are still discussing search terms to be run on Google's custodial documents, as noted below. The Parties disagree as to whether once search terms are finalized, all agreed-upon search terms should be run against all custodians, as requested by Plaintiffs, or whether search terms should instead be grouped such that a subset of the agreed-upon terms are run only against the documents of a custodian who Google contends had roles and/or responsibilities relevant to the search term subject matter, as proposed by Google.

B. **Regulatory Investigations:** On November 9, 2020, Plaintiffs served on Google a request for production of all relevant documents produced by

Google to any regulatory agency investigating conduct at issue in this litigation. Google objects to the request as improper; it has offered as a compromise to produce certain documents from one such investigation (initiated by the European Commission; hereinafter the "EC Investigation") but no others. Not having clear information on whether the EC Investigation is in fact the only relevant regulatory investigation into conduct at issue in this litigation, on February 9, 2021 Epic served on Google an interrogatory seeking information on all regulatory investigations into such conduct. On March 11, 2021 Google served its answers and objections, naming one U.S. investigation that is publicly known and declining to name any other investigations outside the United States. Google asserted that Plaintiffs' request was overbroad and disproportionate to the needs of the case because it asked for information regarding investigations of conduct that Google contends is wholly extraterritorial or investigations that Google asserts only tangentially concern Google Play and are unrelated to any claims or defenses in this litigation. Following further discussion between the Parties, it appears that the Parties are at an impasse as to whether Google should be required (i) to disclose to Plaintiffs all regulatory investigations related to "Google Play or the distribution of Apps on Android" and (ii) to produce relevant materials submitted to regulators in response to investigations that implicate the same factual issues as this litigation.

Based on meet-and-confer discussions by telephone and on Epic's letter to Google of March 23, 2021, Google believes that the Parties may now have reached an impasse on at least one issue that Google intends to raise by letter brief in the coming days:

C. **Impact of Excessive Video Game Play and Impulse Buying on Epic's In-App Payment Preferences:** Google has requested documents from

Epic relating to excessive video game play and in-app impulse buying. Epic objects to the request as irrelevant to any claims or defenses at issue in the litigation. As discussed in the complaints and Google's Motion to Dismiss, app developers may avoid Google Play's billing system by allowing consumers to pay for in-app content—such as added features, levels, or game time in a video game—outside of the app such as through the developer's website. Epic's complaint alleges, however, that "[i]t is critical that such purchases can be made during gameplay itself, rather than in another manner. If a player were required to purchase game-extending extra lives outside of the app, the player may simply stop playing instead." Epic Complaint ¶ 117. In light of those allegations, Google asserts that the information Google seeks is relevant to qualitative dimensions of competition, including product design such as integration of parental controls and budget controls, and whether Epic has brought suit to avoid Google Play's billing system to capitalize on excessive video game play and impulse buying tendencies. It appears as if the Parties are at an impasse as to whether Epic should search for and produce documents related to excessive video gaming and impulse buying.

The Parties continue to meet and confer on several other topics, as described below, and remain hopeful that they will be able to resolve their disagreements. If the Parties are unable to do so, they will escalate their disputes to the Court as needed.

A. **Search Terms:** The Parties continue to negotiate search terms to be run over Google's and Epic's custodial collections.

B. **Scope of Time:** The Parties continue to discuss the appropriate search periods for custodial and non-custodial productions.

C. **Contracts with Apple:** The Parties continue to negotiate as to the production of Google's contracts with Apple.

D. **Consumer Plaintiffs' Device Information**: Google and Consumer Plaintiffs continue to meet and confer about the nature and scope of information required from individual named plaintiffs' devices to understand their app- and in-app-related conduct relevant to this action.

Dated: March 25, 2021

CRAVATH, SWAINE & MOORE LLP
Christine Varney (*pro hac vice)*
Katherine B. Forrest (*pro hac vice)*
Gary A. Bornstein (*pro hac vice)*
Yonatan Even (*pro hac vice)*
Lauren A. Moskowitz (*pro hac vice)*
M. Brent Byars (*pro hac vice)*

FAEGRE DRINKER BIDDLE & REATH LLP
Paul J. Riehle (SBN 115199)

Respectfully submitted,

By: /s/ *Yonatan Even*
Yonatan Even

*Counsel for Plaintiff Epic Games, Inc.*

Dated: March 25, 2021

BARTLIT BECK LLP
Karma M. Giulianelli

KAPLAN FOX & KILSHEIMER LLP
Hae Sung Nam

Respectfully submitted,

By: /s/ *Karma M. Giulianelli*
Karma M. Giulianelli

*Co-Lead Counsel for the Proposed Class in In re Google Play Consumer Antitrust Litigation*

Dated: March 25, 2021

PRITZKER LEVINE LLP
Elizabeth C. Pritzker

Respectfully submitted,

By: /s/ *Elizabeth C. Pritzker*
Elizabeth C. Pritzker

*Liaison Counsel for the Proposed Class in In re Google Play Consumer Antitrust Litigation*

Dated: March 25, 2021

HAGENS BERMAN SOBOL SHAPIRO LLP
Steve W. Berman
Robert F. Lopez
Benjamin J. Siegel

SPERLING & SLATER PC
Joseph M. Vanek
Eamon P. Kelly
Alberto Rodriguez

Respectfully submitted,

By: /s/ *Steve W. Berman*
Steve W. Berman

*Co-Lead Interim Class Counsel for the Developer Class and Attorneys for Plaintiff Pure Sweat Basketball*

Dated: March 25, 2021

HAUSFELD LLP
Bonny E. Sweeney
Melinda R. Coolidge
Katie R. Beran
Scott A. Martin
Irving Scher

Respectfully submitted,

By: /s/ *Bonny E. Sweeney*
Bonny E. Sweeney

*Co-Lead Interim Class Counsel for the Developer Class and Attorneys for Plaintiff Peekya App Services, Inc.*

Dated: March 25, 2021

MORGAN, LEWIS & BOCKIUS LLP
Brian C. Rocca
Sujal J. Shah
Minna L. Naranjo
Rishi P. Satia
Michelle Park Chiu

Respectfully submitted,

By: /s/ *Brian C. Rocca*
Brian C. Rocca

*Counsel for Defendants Google LLC et al.*

**E-FILING ATTESTATION**

I, Brian C. Rocca, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

/s/ *Brian C. Rocca*
Brian C. Rocca