| | |
|---|---|
| 1  Karma M. Giulianelli (SBN 184175) | Paul J. Riehle (SBN 115199) |
|    karma.giulianelli@bartlitbeck.com | paul.riehle@faegredrinker.com |
| 2  **BARTLIT BECK LLP** | **FAEGRE DRINKER BIDDLE & REATH** |
|    1801 Wewetta St., Suite 1200 | **LLP** |
| 3  Denver, Colorado 80202 | Four Embarcadero Center, 27th Floor |
|    Telephone: (303) 592-3100 | San Francisco, CA 94111 |
| 4  | Telephone: (415) 591-7500 |
|    Hae Sung Nam (*pro hac vice*) | |
| 5  hnam@kaplanfox.com | Christine A. Varney (*pro hac vice*) |
|    **KAPLAN FOX & KILSHEIMER LLP** | cvarney@cravath.com |
| 6  850 Third Avenue | **CRAVATH, SWAINE & MOORE LLP** |
|    New York, NY 10022 | 825 Eighth Avenue |
| 7  Tel.: (212) 687-1980 | New York, New York 10019 |
|    | Telephone: (212) 474-1000 |
| 8  *Co-Lead Counsel for the Proposed Class in In re* | |
| 9  *Google Play Consumer Antitrust Litigation* | *Counsel for Plaintiff Epic Games, Inc. in Epic Games, Inc. v. Google LLC et al.* |
| 10 Steve W. Berman (*pro hac vice*) | |
|    steve@hbsslaw.com | Brian C. Rocca (SBN 221576) |
| 11 **HAGENS BERMAN SOBOL SHAPIRO LLP** | brian.rocca@morganlewis.com |
|    1301 Second Ave., Suite 2000 | **MORGAN, LEWIS & BOCKIUS LLP** |
| 12 Seattle, WA 98101 | One Market, Spear Street Tower |
|    Telephone: (206) 623-7292 | San Francisco, CA 94105-1596 |
| 13 | Telephone: (415) 442-1000 |
|    *Co-Lead Counsel for the Proposed Class in In re* | |
| 14 *Google Play Developer Antitrust Litigation and* | Daniel M. Petrocelli (SBN 97802) |
|    *Attorneys for Pure Sweat Basketball, Inc.* | dpetrocelli@omm.com |
| 15 | **O'MELVENY & MYERS LLP** |
| 16 Bonny E. Sweeney (SBN 176174) | 1999 Avenue of the Stars |
|    bsweeney@hausfeld.com | Los Angeles, CA 90067-6035 |
| 17 **HAUSFELD LLP** | Telephone: (310) 553-6700 |
|    600 Montgomery Street, Suite 3200 | |
| 18 San Francisco, CA 94104 | Ian Simmons (*pro hac vice*) |
|    Telephone: (415) 633-1908 | isimmons@omm.com |
| 19 | **O'MELVENY & MYERS LLP** |
|    *Co-Lead Counsel for the Proposed Class in In re* | 1625 Eye Street, NW |
| 20 *Google Play Developer Antitrust Litigation and* | Washington, DC 20006 |
|    *Attorneys for Peekya App Services, Inc.* | Telephone: (202) 383-5300 |
| 21 | |
| 22 [Additional counsel appear on signature page] | *Counsel for Defendants Google LLC et al.* |

STIPULATION AND [PROPOSED] ORDER GRANTING EXPERT STIPULATION
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:20-cv-05792-JD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD<br><br>*In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD<br><br>*In re Google Play Developer Antitrust Litigation*, Case No. 3:20-cv-05792-JD | Case No. 3:21-md-02981-JD<br><br>**STIPULATION AND [PROPOSED] ORDER REGARDING EXPERT STIPULATION**<br><br>Judge: Hon. James Donato |

1

STIPULATION AND [PROPOSED] ORDER GRANTING EXPERT STIPULATION
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:20-cv-05792-JD

1     Upon the agreement of the parties in the above-captioned actions (the "Parties", and each individually, a "Party") regarding the scope of disclosures and discovery relating to all experts (testifying and non-testifying), the Court enters this Order:

2.     1.     Except as specifically set forth and/or modified herein, the Parties shall comply with all of the requirements of Federal Rule of Civil Procedure 26 with regard to the scope of disclosures and discovery relating to all experts.

2.     Any expert retained in connection with the above-captioned actions shall be provided with a copy of this Order.

3.     The Parties agree that the only disclosures relating to retained experts (testifying and non-testifying) and consultants in the above-captioned actions shall be those pertaining only to testifying experts, resulting from and as required by Federal Rule of Civil Procedure 26(a)(2) as modified or limited by this Order.

4.     For purposes both of the disclosure requirement agreed at Paragraph 3 above and also for purposes of discovery relating to experts, the term "considered" as used in Federal Rule of Civil Procedure 26(a)(2)(B)(ii) and 26(b)(4)(C)(ii) shall be interpreted as "relied upon."

5.     Unless relied upon by a testifying expert as a basis for his or her opinion(s) expressed in final expert reports, declarations or other testimony in this litigation, the following categories of information, whether in documents, communications, or other forms, shall not be discoverable:

    a.     The content of communications between a testifying expert and his or her staff;

    b.     The content of communications between, on the one hand, a testifying expert and his or her staff and, on the other hand, any other non-testifying experts or consultants and their staff;

    c.     The content of communications between, on the one hand, a testifying expert and his or her staff, and, on the other hand, the Party or Parties who retained that expert;

      d.      The content of communications between, on the one hand, a testifying expert and his or her staff, and, on the other hand, any other testifying experts and their staff retained by the same Party or Parties; and

      e.      Work product prepared by or at the direction of a testifying expert, other than a testifying expert's final report or declaration submitted in this litigation (including, but not limited to, notes, outlines, memoranda, research and analyses), as well as communications regarding that work product with that testifying expert's staff or any other non-testifying experts or consultants.

6.     The Parties shall not be obliged to include documents encompassed within the scope of Paragraph 5 above on any privilege log.

7.     Within three calendar days of service of an expert report, declaration, or affidavit, the Party or Parties submitting such report, declaration, or affidavit shall produce all the data, documents, and other information relied upon by the expert witness as a basis for the expert witness's opinion(s). Data, documents, and other information relied upon by an expert witness shall include, but are not limited to, all data, spreadsheets (including formulas embedded in spreadsheet cells, if applicable), statistical analyses, regression analyses, input and output files for each program or computer code, programs, computer code, and other sources, reports, schedules, literature, or websites. A detailed readme file that explains (1) each of the source input files and Bates-numbered data files to be included in each specific folder of the backup production and (2) the specific order to run each program or computer code shall also be produced. Bates numbered documents previously produced by any Party and documents that are publicly available need not be produced, but a list of any such documents identified by Bates number (and, for publicly available documents, the location where such materials can be located) shall be included with the information relied upon by the expert. Neither Party needs to produce programs or software that (i) are publicly available at reasonable cost and within a reasonable time and (ii) are not practicable to copy, as long as the Party or Parties offering the expert's

1  opinion provide timely and reasonable access and instructions for purposes of replication or
2  analysis of disclosed results.  Documents that are publicly available must be identified but need
3  not be produced absent specific request.  Documents and data should be produced electronically
4  (via email or storage device such as hard drive or thumb drive) where appropriate.

5        8.      The production of information relied upon shall be sufficient for the opposing
6  Parties and experts to reconstruct and verify the expert's work, calculations, and analyses, and
7  shall include any instructions and guides necessary to assist in that effort.  The producing Party
8  also shall promptly answer reasonable technical inquiries about data, programs, or code prior to
9  the expert's deposition.

10        9.      Without prejudice to a party's rights under Federal Rule of Civil Procedure
11  26(b)(4)(D)(i) and (ii), all work product prepared by or at the direction of an expert or consultant
12  who is not expected to be called as a witness at trial (including, but not limited to, notes, outlines,
13  memoranda, reports, drafts, research and analyses), as well as communications by or among such
14  non-testifying experts or consultants or their staffs, shall not be discoverable through any means.

15        10.      Nothing in this Order shall limit or waive any Party's rights to object for any
16  reason to the admission of any opposing Party's expert testimony into evidence or to the
17  qualification of any person to serve as an expert witness.

18        11.      The requirements of Federal Rule of Civil Procedure 26(b)(4)(E) shall not apply in
19  this litigation.

20        12.      This Order may be amended only by a subsequent written stipulation among the
21  Parties or upon order of the Court.

1  **IT IS SO STIPULATED.**

2

3  Dated: July 9, 2021          CRAVATH, SWAINE & MOORE LLP
                                         Christine Varney (*pro hac vice*)
                                         Katherine B. Forrest (*pro hac vice*)
                                         Darin P. McAtee (*pro hac vice*)
                                         Gary A. Bornstein (*pro hac vice*)
                                         Timothy G. Cameron (*pro hac vice*)
                                         Yonatan Even (*pro hac vice*)
                                         Lauren A. Moskowitz (*pro hac vice*)
                                         Omid H. Nasab (*pro hac vice*)
                                         Justin C. Clarke (*pro hac vice*)
                                         M. Brent Byars (*pro hac vice*)

                                 FAEGRE DRINKER BIDDLE & REATH LLP
                                         Paul J. Riehle (SBN 115199)

                                 Respectfully submitted,

                                 By:   /s/  Yonatan Even
                                            Yonatan Even

                                          *Counsel for Plaintiff Epic Games, Inc.*

Dated: July 9, 2021          BARTLIT BECK LLP
                                         Karma M. Giulianelli

                                 KAPLAN FOX & KILSHEIMER LLP
                                         Hae Sung Nam

                                 Respectfully submitted,

                                 By:   /s/  Karma M. Giulianelli
                                           Karma M. Giulianelli

                                           *Co-Lead Counsel for the Proposed Class in*
                                           *In re Google Play Consumer Antitrust*
                                           *Litigation*

Dated: July 9, 2021                     PRITZKER LEVINE LLP
                                        Elizabeth C. Pritzker

                                        Respectfully submitted,

                                        By:   /s/  Elizabeth C. Pritzker
                                              Elizabeth C. Pritzker

                                        *Liaison Counsel for the Proposed Class in
                                        In re Google Play Consumer Antitrust
                                        Litigation*

Dated: July 9, 2021                     HAGENS BERMAN SOBOL SHAPIRO LLP
                                        Steve W. Berman
                                        Robert F. Lopez
                                        Benjamin J. Siegel

                                        SPERLING & SLATER PC
                                        Joseph M. Vanek
                                        Eamon P. Kelly
                                        Alberto Rodriguez


                                        Respectfully submitted,

                                        By:   /s/  Steve W. Berman
                                              Steve W. Berman

                                        *Co-Lead Interim Class Counsel for the
                                        Developer Class and Attorneys for Plaintiff
                                        Pure Sweat Basketball*

Dated: July 9, 2021

HAUSFELD LLP
  Bonny E. Sweeney
  Melinda R. Coolidge
  Katie R. Beran
  Scott A. Martin
  Irving Scher

Respectfully submitted,

By:  /s/  Bonny E. Sweeney
  Bonny E. Sweeney

*Co-Lead Interim Class Counsel for the Developer Class and Attorneys for Plaintiff Peekya App Services, Inc.*

Dated: July 9, 2021

MORGAN, LEWIS & BOCKIUS LLP
  Brian C. Rocca
  Sujal J. Shah
  Minna L. Naranjo
  Rishi P. Satia
  Michelle Park Chiu

O'MELVENY & MYERS LLP
  Daniel M. Petrocelli
  Ian Simmons
  Benjamin G. Bradshaw
  Stephen J. McIntyre

Respectfully submitted,

By:  /s/  Daniel M. Petrocelli
  Daniel M. Petrocelli

*Counsel for Defendants Google LLC et al.*

**E-FILING ATTESTATION**

I, Daniel M. Petrocelli, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

/s/ Daniel M. Petrocelli
Daniel M. Petrocelli

*  *  *

**PURSUANT TO STIPULATION, IT IS SO ORDERED**

DATED: _____    _____

HON. JAMES DONATO

United States District Court Judge