Brian C. Rocca, S.B #221576
brian.rocca@morganlewis.com
Sujal J. Shah, S.B #215230
sujal.shah@morganlewis.com
Michelle Park Chiu, S.B #248421
michelle.chiu@morganlewis.com
Minna Lo Naranjo, S.B #259005
minna.naranjo@morganlewis.com
Rishi P. Satia, S.B #301958
rishi.satia@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone: (415) 442-1000
Facsimile: (415) 422-1001

Richard S. Taffet, *pro hac vice*
richard.taffet@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY 10178
Telephone: (212) 309-6000
Facsimile: (212) 309-6001

Daniel M. Petrocelli, S.B. #97802
dpetrocelli@omm.com
Stephen J. McIntyre, S.B. #274481
smcintyre@omm.com
**O'MELVENY & MYERS LLP**
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

Ian Simmons, *pro hac vice*
isimmons@omm.com
Benjamin G. Bradshaw, S.B. #189925
bbradshaw@omm.com
**O'MELVENY & MYERS LLP**
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

*Attorneys for Defendants Google LLC, et al.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD<br><br>*In re Google Play Developer Antitrust Litigation*, Case No. 3:20-cv-05792-JD<br><br>*State of Utah, et al. v. Google LLC, et al.*, Case No. 3:21-cv-05227-JD | Case No. 3:21-md-02981-JD<br><br>**DEFENDANTS' EMERGENCY MOTION TO STAY THE COURT'S AUGUST 18, 2021 ORDER**<br><br>Hearing Date: August 25, 2021<br>Time: 10:00 am<br>Place: Courtroom 11, 19th Floor<br>Judge: Hon. James Donato |

# NOTICE OF MOTION AND MOTION TO
# <u>STAY THE COURT'S AUGUST 18, 2021 ORDER</u>

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD**:  PLEASE TAKE NOTICE that on August 25, 2021 at 10:00 a.m. Pacific time, or sooner to the extent the Court can accommodate this emergency request, in Courtroom 11 of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, before the Honorable James Donato, Defendants Google LLC, Google Payment Corp., Google Ireland Limited, Google Commerce Ltd., and Google Asia Pacific Pte. Ltd. (collectively, "Google"), will hereby move this Court for an Order temporarily staying the Court's August 18, 2021 Order (the "August 18, 2021 Order") to avoid irreparable injury to Google and to third parties, and to preserve the status quo, such that Google is afforded an opportunity to:

(a) file and permit the Court to consider a renewed sealing application in response to the August 18, 2021 Order; and

(b) if necessary, seek review of the August 18, 2021 Order in the Ninth Circuit.

In advance of filing this motion, Google obtained a stipulation from counsel for Developers, Consumers, and the States regarding a proposal for the shortening of time on this Motion, as provided in Local Rule 6-2.

This Motion is based upon Local Rules 6-2 and 7-3 and in accordance with the Court's inherent authority to manage its docket.  It is supported by: the accompanying Stipulation and Proposed Order Shortening Time Per Local Rule 6-2(a) and Renewed Application to Seal, as well as the supporting declarations; all pleadings and filings in these matters; and such oral argument as the Court allows, if the Court deems oral argument necessary.

**STATEMENT OF ISSUES TO BE DECIDED**

Whether the Court will grant a temporary stay of the August 18, 2021 Order to preserve the status quo, such that Google is afforded an opportunity to: (a) file and permit the Court to consider a renewed sealing application in response to the August 18, 2021 Order; and (b) if necessary, seek review of the August 18, 2021 Order in the Ninth Circuit.

**MEMORANDUM OF POINTS AND AUTHORITIES**

On August 18, 2021, the Court issued an Order denying the parties' applications to seal portions of Plaintiffs' complaints that contain highly confidential and sensitive business information belonging to Defendants Google LLC, Google Payment Corp., Google Ireland Limited, Google Commerce Ltd., and Google Asia Pacific Pte. Ltd. (collectively, "Google"), as well as to other third parties. *See* Case No. 3:21-md-02981-JD, Dkt. 79 (the "August 18 Order"). The Court's August 18 Order directed Plaintiffs to file unredacted versions of their complaints within seven days—*i.e.*, any time before August 25, 2021. *Id.* at 3. Given the immediacy with which Plaintiffs were directed to file the unredacted complaints, in the absence of a temporary stay of the August 18 Order, Google would be unable to seek relief from this Court or, if necessary, from the Ninth Circuit, in connection with its request to seal highly sensitive confidential business information, including, for example, non-public financial data and specific commercial deal terms with third parties. The release of this information to competitors and counterparties would cause irreparable harm to Google and to third parties who rely on Google to maintain the confidentiality of their commercial deal terms.

To prevent irreparable harm to Google and third parties, and to maintain the status quo, Google promptly advised counsel for all Plaintiffs of its intention to seek emergency relief related to the August 18, 2021 Order. Google specifically requested that Plaintiffs, including Epic, each temporarily hold their unredacted complaints in abeyance to provide Google with time to seek emergency relief. Counsel for the States, Developers, and Consumers each promptly agreed to hold off on the filing of their unredacted complaints to provide Google with a fair opportunity to

- 1 -

Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05792-JD; 3:21-cv-05227-JD

DEFENDANTS' EMERGENCY MOTION TO STAY

file its emergency papers, and stipulated to a proposed shortening of time for any briefing on those papers. *See* Decl. of Brian C. Rocca ¶ 17.

But Epic chose a different path. With more than six days remaining on the time for submission of the unredacted complaint, despite clear notice of Google's intent to imminently file emergency papers seeking to maintain the status quo, and despite counsel for all other Plaintiffs indicating agreement to provide time for Google to file its papers, Epic chose to file its unredacted complaint on the public docket. *See* Decl. of Brian C. Rocca ¶ 10. While Epic's filing was intended to, and did, prejudice Google and third parties, there are three other complaints that contain ***additional*** highly sensitive information that should be sealed.

In the absence of a temporary stay of the August 18 Order, Google will be unable to seek further relief from this Court or, if necessary, from the Ninth Circuit. *See In re Copley Press Inc.*, 518 F.3d 1022, 1025 (9th Cir. 2008). The collateral order doctrine has been applied in similar circumstances:

> We agree with Apple and Samsung that these three [collateral order] conditions are satisfied. First, the Unsealing Orders conclusively determined that Apple's and Samsung's confidential information will be made public. Second, the Unsealing Orders present an important issue because they address the important balance between the public's interest in understanding judicial proceedings and the parties' right to access the courts without being unduly required to disclose confidential information. And all argue that the propriety of sealing court documents is an issue which is wholly separate from the merits of the action. Third, the Unsealing Orders would be effectively unreviewable on appeal from a final judgment because once the parties' confidential information is made publicly available, it cannot be made secret again. *See, e.g., Ameziane v. Obama*, 620 F.3d 1, 5 (D.C. Cir. 2010); *In re Copley Press, Inc.*, 518 F.3d 1022, 1025 (9th Cir. 2008).

*Apple Inc. v. Samsung Electronics Co., Ltd.*, 727 F.3d 1214, 1220 (Fed. Cir. 2013). Of note, in connection with this collateral order appeal, the Northern District of California granted a stay of the unsealing pending the filing and resolution of motions to stay before the Court of Appeals. *Id*. at 1219 ("On August 15, 2012, the district court granted a stay pending the filing and resolution of motions to stay in this court. The parties filed such motions, which this court granted on September 18, 2012. Accordingly, the August Order has been stayed pending appeal.")

In light of the exigencies at issue, contemporaneous with this Motion, Google has filed a Renewed Application to Seal for the Court's consideration. Although Google believes its prior sealing position was properly tailored and adequately supported under controlling law, Google's Renewed Application identifies a further subset of the sealable materials that are indisputably protectable under longstanding sealing standards in the Ninth Circuit and the Northern District of California. The disclosure of this information risks serious competitive and commercial harm to Google and others, because the information includes non-public company financials, as well as non-public terms of agreements and negotiation positions with third parties (including pricing and other material terms). *See* Decl. of Christian Cramer.

**CONCLUSION AND REQUEST FOR RELIEF**

For these reasons, Google respectfully requests the following

1. The Court should maintain the status quo by staying the August 18 Order until this Court has acted on its Renewed Application To Seal. This Court has the discretion to issue such a temporary stay under its inherent authority to control its docket, as part of the Court's "traditional equipment for the administration of justice." *Nken v. Holder*, 556 U.S. 418, 421 (2009) (citation omitted).

2. If the Court ultimately denies the Renewed Application To Seal, Google has a right to appeal. *See Copeley Press*, 518 F.3d at 1025; *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). Because execution of an order to file the unredacted complaints risks mooting Google's right to appeal, Google respectfully requests that the Court set the due date for filing the unredacted complaints to be seven days after the Ninth Circuit's mandate has issued in connection with any appeal. Google intends to expedite any appeal to the greatest extent possible.

3. Because of the risk of mootness, if the Court intends to deny this Emergency Motion to Stay, or if it intends to require Plaintiffs to file unredacted complaints before an appeal is resolved, Google respectfully requests that the Court at minimum stay any order requiring Plaintiffs to file unredacted complaints for seven days to allow Google a window to seek an

1  expedited motion for a stay pending appeal from the Ninth Circuit and, if Google files such a
2  motion, to maintain the stay until the Ninth Circuit has resolved Google's stay motion. *See In re*
3  *Copley Press, Inc.*, 518 F.3d at 1025 ("Once information is published, it cannot be made secret
4  again.")

5  Dated: August 20, 2021                    By:  */s/ Daniel M. Petrocelli*
6                                                  Daniel M. Petrocelli

7                                             Daniel M. Petrocelli, S.B. #97802
                                               dpetrocelli@omm.com
8                                              Stephen J. McIntyre, S.B. #274481
                                               smcintyre@omm.com
9                                              **O'MELVENY & MYERS LLP**
                                               1999 Avenue of the Stars
10                                             Los Angeles, California 90067
                                               Telephone: (310) 553-6700
11                                             Facsimile: (310) 246-6779

12

13                                            By:  */s/ Brian C. Rocca*
14                                                  Brian C. Rocca

15                                             Brian C. Rocca, S.B #221576
                                               brian.rocca@morganlewis.com
16                                             Sujal J. Shah, S.B #215230
                                               sujal.shah@morganlewis.com
17                                             Michelle Park Chiu, S.B #248421
                                               michelle.chiu@morganlewis.com
18                                             Minna Lo Naranjo, S.B #259005
                                               minna.naranjo@morganlewis.com
19                                             Rishi P. Satia, S.B #301958
                                               rishi.satia@morganlewis.com
20                                             **MORGAN, LEWIS & BOCKIUS LLP**
21                                             One Market, Spear Street Tower
                                               San Francisco, CA 94105
22                                             Telephone: (415) 442-1000
                                               Facsimile: (415) 422-1001
23

24

25

26

27

28

- 4 -   Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05792-JD; 3:21-cv-05227-JD
DEFENDANTS' EMERGENCY MOTION TO STAY