Brian C. Rocca, S.B #221576
brian.rocca@morganlewis.com
Sujal J. Shah, S.B #215230
sujal.shah@morganlewis.com
Michelle Park Chiu, S.B #248421
michelle.chiu@morganlewis.com
Minna Lo Naranjo, S.B #259005
minna.naranjo@morganlewis.com
Rishi P. Satia, S.B #301958
rishi.satia@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone: (415) 442-1000
Facsimile: (415) 422-1001

Richard S. Taffet, *pro hac vice*
richard.taffet@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY 10178
Telephone: (212) 309-6000
Facsimile: (212) 309-6001

Daniel M. Petrocelli, S.B. #97802
dpetrocelli@omm.com
Stephen J. McIntyre, S.B. #274481
smcintyre@omm.com
**O'MELVENY & MYERS LLP**
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

Ian Simmons, *pro hac vice*
isimmons@omm.com
Benjamin G. Bradshaw, S.B. #189925
bbradshaw@omm.com
**O'MELVENY & MYERS LLP**
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

*Attorneys for Defendants Google LLC, et al.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD<br><br>*In re Google Play Developer Antitrust Litigation*, Case No. 3:20-cv-05792-JD<br><br>*Utah v. Google LLC*, Case No. 3:21-cv-05227-JD | Case No. 3:21-md-02981-JD<br><br>**DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF DEFENDANTS' RENEWED APPLICATION TO SEAL**<br><br>Judge James Donato |

I, Christian Cramer, declare as follows:

1. I am currently a Finance Director for Defendant Google, LLC (along with Google-affiliated entities, "Google"). I have been employed by Google since September 2007 and have held my current position since March 2017. Over the course of my employment at Google, I have acquired personal knowledge of Google's practices and procedures concerning the maintenance of the confidentiality of its strategic, business, and marketing information.

2. I submit this declaration in support of Google's Renewed Application to Seal (*In re Google Play Store Antitrust Litigation*, Case No. 3:21-md-02981-JD, ECF Nos. 62, 63, 65; *In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD, ECF No. 185; *In re Google Play Developer Antitrust Litigation*, Case No. 3:20-cv-05792-JD, ECF No. 128; *Utah v. Google LLC*, Case No. 3:21-cv-05227-JD, ECF No. 93). The sealed material reveals confidential information produced by Google pursuant to discovery requests or to civil investigative demands compelling production of the materials in which the confidential information appears.

3. The contents of this declaration are true and correct to the best of my knowledge, information, and belief, and are based on my personal knowledge of Google's policies and practices as they relate to the treatment of confidential information, the materials that were provided to me and reviewed by me, and/or conversations with other knowledgeable employees of Google. If called upon as a witness in this action, I could and would testify competently thereto.

4. Google follows a strict practice that requires confidential treatment of all internal non-public financial information; confidential commercial proposals to third parties and confidential agreements with third parties; internal business analyses of consumer spending and revenue, market conditions, and opportunities; and internal, future strategic business plans. Third parties in an array of contexts, entrust confidential information to Google and they have an expectation that Google has sufficient controls and processes in place to maintain and protect the confidentiality of that information. In my experience and to the best of my knowledge, Google does not disclose internal documents or confidential agreements or proposals of this nature outside of the company.

5. Among other things, the disclosure of these materials could reveal highly sensitive non-public financial information, significantly harm Google's relationships and ability to conduct business with counterparties and prospective counterparties, and/or place Google at a disadvantage with competitors who could use Google's confidential analyses to their advantage in competition with Google. These materials therefore have economic value from not being generally known to Google's competitors, counterparties, or the general public.

6. To the best of my knowledge, the following information in the complaints that are the subject of Google's Renewed Application to Seal is highly sensitive and confidential, and derives from confidential materials Google produced in response to document requests or to civil investigative demands. As described in detail below, Google has both good cause and compelling reasons to seal this confidential information to, among other things, avoid competitive harm to both Google and third parties, avoid potentially misleading investors, and prevent competitors and potential business partners from using the information against Google in future negotiations.

### Specific Information in Complaints to Be Sealed

### State Attorney Generals' Complaint

### (Exhibit A)

Confidential Non-Public Financial Information

7. Exhibit A contains material, non-public, commercially sensitive financial information that may not be (and need not be) consistent with generally accepted accounting principles and/or Google's public financial filings. Therefore, revealing this information publicly can be misleading for investors and other parties, and lead to inappropriate inference with the performance of this and other parts of Google's business. Specifically:

8. **Paragraph 183, page 59, line 18 (between "made up" and "of overall" on line 19), and line 19 (beginning after "totaled some") to the end of the paragraph.** This information contains non-public financial revenue data and information regarding the ratio of revenue between two of Google's lines of business. Google does not publicly break out its revenues by business line as is revealed in this statement, as such disclosures would reveal important and confidential information to competitors and counterparties regarding Google's

business efforts and priorities. This information has never been disclosed publicly, and disclosure would severely and adversely impact Google's ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Google in marketing and in negotiations. For example, if a potential counterparty were to have visibility into the strength, or weakness, of the particular business line in which it was involved, it could use that information as leverage in negotiations with Google and with Google's competitors, such as to seek to have Google or a competitor offer better terms. In addition, material, non-public, sensitive financial information may not be (and need not be) consistent with generally accepted accounting principles or Google's public financial filings. Therefore, revealing this revenue and revenue ratio data publicly can be misleading for investors and other parties and lead to inappropriate inferences to the performance of this and other parts of Google's business.

9. **Paragraph 186, page 60, line 14 (between "collected" and "in overall"), line 14 (between "booked" and "in 'Gross Profit'"), line 15 (between "and" and "in 'Operating Income'"), and line 15 (between "over" and "that combines").** This information contains non-public information regarding revenue and profit margins for Google Play. Google does not publicly break out its revenues or profits for Google Play as it is revealed in this statement, as such disclosures would reveal important and confidential information to competitors and counterparties regarding Google Play. This information has never been disclosed publicly, and disclosure would severely and adversely impact Google's ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Google in marketing and in negotiations. For example, if a potential counterparty were to have visibility into the strength, or weakness, of Google Play, it could use that information as leverage in negotiations with Google and with Google's competitors. In addition, material, non-public, sensitive financial information may not be (and need not be) consistent with generally accepted accounting principles or Google's public financial filings. Therefore, revealing this revenue and profit data publicly can be misleading for investors and other parties and lead to inappropriate inferences to the performance of this and

other parts of Google's business.

Confidential Deal Terms and Offers to Third Parties

10.     **Paragraph 111, page 39, line 1 (beginning after "stated that") to the end of the sentence on line 2 (ending before "One key"), line 3 (beginning after "was") to the end of the sentence on line 3 (ending before "In response"), and line 4 (beginning after "among other things, to" to the end of the sentence on line 5, excluding "(emphasis in original)."** This information contains non-public information regarding confidential business strategies with respect to potential contractual counterparties and, in particular, specific proposed terms of a contract with business counterparties. This information has never been disclosed publicly, and disclosure would severely and adversely impact Google's ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Google in marketing and in negotiations. For example, if disclosed, a competitor of the counterparty would become aware of its competitor's offer, and it would likely use this as leverage in business negotiations, to the detriment of both Google and its business counterparty. Further, if disclosed, a competitor of Google would know the terms that it would need to meet or beat in negotiations with Google's counterparties. Moreover, counterparties have a reasonable expectation that Google will maintain the confidentiality of contractual terms.

11.     **Paragraph 129, page 43, line 20 (after "approximately") to the end of the sentence on line 21.** This information contains non-public information regarding confidential business strategies with respect to potential contractual counterparties and, in particular, a framework for a specific term in contracts with business counterparties. This information has never been disclosed publicly, and disclosure would severely and adversely impact Google's ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Google in marketing and in negotiations. For example, if disclosed, a competitor of Google would know the terms that it would need to meet or beat in negotiations with Google's counterparties. Further, business counterparties could use knowledge of this specific framework

1  for terms to negotiate different terms to Google's detriment.

2         12.    **Paragraph 132, page 44, line 22 (between "primarily" and "as a
3  solution").** This information contains non-public information revealing the counterparty to
4  confidential contractual arrangements with Google. If revealed to competitors and potential
5  business counterparties, they could use this non-public and confidential information to
6  disadvantage Google in marketing and in negotiations. For example, if disclosed, a competitor of
7  the counterparty would become aware of information regarding the counterparty, and it could use
8  this as leverage in business negotiations with Google, the counterparty, or both, to the detriment
9  of both Google and its business counterparty. The information also potentially implicates a third
10 party's confidentiality interests. Moreover, counterparties have a reasonable expectation that
11 Google will maintain the confidentiality of contractual terms.

12        13.    **Paragraph 136, page 46, line 16 (beginning after "would") to line 17 (ending
13 before "At"), line 24 (beginning after "using a") to line 25 (ending before "(Google
14 offered"), and line 25 (beginning after "Samsung would") to the end of the paragraph on
15 line 26.** This information contains non-public information regarding a confidential business
16 strategy and terms offered during negotiations with Samsung. This information has never been
17 disclosed publicly, and disclosure would severely and adversely impact Google's ability to
18 negotiate agreements in the future. If revealed to competitors and potential business
19 counterparties, they could use these non-public and confidential terms offered to Samsung to
20 disadvantage Google in marketing and in negotiations. For example, if disclosed, Samsung's
21 competitors would become aware of the terms of its competitor's offer, and it could use this as
22 leverage in business negotiations, to the detriment of both Google and/or Samsung. Further, if
23 disclosed, a competitor of Google would know the terms that it would need to meet or beat in
24 negotiations with Samsung. The information also implicates Samsung's confidentiality
25 interests. Moreover, counterparties have a reasonable expectation that Google will maintain the
26 confidentiality of contractual terms and confidential negotiations.

27        14.    **Paragraph 136, page 46, line 12 (between "up to" and "in return").** This
28 information contains non-public information regarding a confidential business strategy and terms

1   offered during negotiations with Samsung.  This information has never been disclosed publicly,
2   and disclosure would severely and adversely impact Google's ability to negotiate agreements in
3   the future.  If revealed to competitors and potential business counterparties, they could use these
4   non-public and confidential terms to disadvantage Google in marketing and in negotiations.  For
5   example, if disclosed, a Samsung's competitors would become aware of the offer to Samsung,
6   and it could use this as leverage in business negotiations, to the detriment of both Google and/or
7   Samsung.  Further, if disclosed, a competitor of Google would know the terms that it would need
8   to meet or beat in negotiations with Google's counterparties.  The information also implicates
9   Samsung's confidentiality interests.  Moreover, counterparties have a reasonable expectation that
10  Google will maintain the confidentiality of contractual terms and negotiations.

11      15.     **Paragraph 137, page 47, line 15 (between "proposed the" and "were too**
12  **low").**  This information contains non-public information regarding financial terms offered during
13  negotiations with Samsung. This information has never been disclosed publicly, and disclosure
14  would severely and adversely impact Google's ability to negotiate agreements in the future.  If
15  revealed to competitors and potential business counterparties, they could use this non-public and
16  confidential information to disadvantage Google in negotiations.  For example, if disclosed,
17  Samsung's competitors would become aware of information regarding the counterparty, and it
18  could use this as leverage in business negotiations with Google to the detriment of Google and/or
19  Samsung.  Further, the information implicates Samsung's confidentiality interests.  Moreover,
20  counterparties have a reasonable expectation that Google will maintain the confidentiality of
21  contractual terms.

22      16.     **Paragraph 139, page 48, line 7 (beginning after "According to Google, the")**
23  **to line 9 at the end of the sentence.**  This information contains non-public information regarding
24  terms offered during negotiations with Samsung.  This information has never been disclosed
25  publicly, and disclosure would severely and adversely impact Google's ability to negotiate
26  agreements in the future.  If revealed to competitors and potential business counterparties, they
27  could use this non-public and confidential information to disadvantage Google in
28  negotiations.  For example, if disclosed, Samsung's competitors would become aware of

1    information regarding Samsung, and it could use this as leverage in business negotiations with
2    Google to the detriment of Google and/or Samsung.  Further, the information implicates
3    Samsung's confidentiality interests.  Moreover, counterparties have a reasonable expectation that
4    Google will maintain the confidentiality of contractual terms.
5         17.    **Paragraph 140, page 48, line 10 (beginning at the start of the paragraph and
6    ending before "was the offer"), line 11 (starting after "revenues for") to line 12 at the end of
7    the sentence (ending before "That proposal").**  This information contains non-public
8    information regarding a confidential business strategy and terms offered during negotiations with
9    Samsung.  This information has never been disclosed publicly, and disclosure would severely and
10   adversely impact Google's ability to negotiate agreements in the future.  If revealed to
11   competitors and potential business counterparties, they could use these non-public and
12   confidential terms to disadvantage Google in marketing and in negotiations.  For example, if
13   disclosed, a Samsung's competitors would become aware of the offer to Samsung, and it could
14   use this as leverage in business negotiations, to the detriment of both Google and/or
15   Samsung.  Further, if disclosed, a competitor of Google would know the terms that it would need
16   to meet or beat in negotiations with Google's counterparties.  The information also implicates
17   Samsung's confidentiality interests.  Moreover, counterparties have a reasonable expectation that
18   Google will maintain the confidentiality of contractual terms.
19        18.    **Paragraph 141, page 48, line 15 (beginning at the start of the paragraph and
20   ending at "also included"), line 15 (beginning after "to provide a" and ending at "to
21   Samsung"), line 16 (beginning after "use to") to line 17 (ending at "would include"), line 17
22   (beginning after "the following") to the end of the sentence on line 19 (ending before "Any
23   app").**  This information contains non-public information regarding a confidential business
24   strategy and terms offered during negotiations with Samsung.  This information has never been
25   disclosed publicly, and disclosure would severely and adversely impact Google's ability to
26   negotiate agreements in the future.  If revealed to competitors and potential business
27   counterparties, they could use this non-public and confidential information to disadvantage
28   Google in marketing and in negotiations.  For example, if disclosed, Samsung's competitors

7    Case Nos. 3:21-md-02981-JD;
     3:20-cv-05761-JD; 3:20-cv-05792-JD;
     3:21-cv-05227-JD

1  would become aware of the offer to Samsung, and it could use this as leverage in business
2  negotiations, to the detriment of both Google and/or Samsung.  Further, if disclosed, a competitor
3  of Google would know the terms that it would need to meet or beat in negotiations with Google's
4  counterparties.  The information also implicates Samsung's confidentiality interests.  Moreover,
5  counterparties have a reasonable expectation that Google will maintain the confidentiality of
6  contractual terms.

7        19.  **Paragraph 148, page 51, figure 5 (names of contractual counterparties).**  This
8  information contains non-public information revealing the counterparties to confidential
9  contractual negotiations with Google.  This information has never been disclosed publicly, and
10  disclosure would severely and adversely impact Google's ability to negotiate agreements in the
11  future. If revealed to competitors and potential business counterparties, they could use this non-
12  public and confidential information to disadvantage Google in marketing and in negotiations.  For
13  example, if disclosed, a competitor of the counterparties would become aware of information
14  regarding those counterparties, and it could use this as leverage in business negotiations with
15  Google to the detriment of both Google and its business counterparties.  The information also
16  potentially implicates third parties' confidentiality interests.  Moreover, counterparties have a
17  reasonable expectation that Google will maintain the confidentiality of contractual terms.

18        20.  **Paragraph 149, page 51, line 20 (between "developer" and "from**
19  **following").**  This information contains non-public information regarding an agreement between
20  Google and a third party.  This information has never been disclosed publicly, and disclosure
21  would severely and adversely impact Google's ability to negotiate agreements in the future.  If
22  revealed to competitors or potential business counterparties of that third party, they could take
23  advantage of this knowledge in negotiations to the detriment of both Google and the third
24  party.  For example, they could use this non-public and confidential information to disadvantage
25  Google by using the information to disadvantage the third-party by negotiating the same or more
26  favorable terms with Google.  Further, the information implicates the third party's confidentiality
27  interests.  Moreover, counterparties have a reasonable expectation that Google will maintain the
28  confidentiality of contractual terms.

Confidential Internal Analyses That Could Cause Google Economic Harm

21.     **Paragraph 192, page 61, line 14 (between "suggested that a" and "commission").** This information contains non-public information regarding confidential business strategies with respect to pricing. This information has never been disclosed publicly, and disclosure would severely and adversely impact Google's ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Google in marketing and in contract negotiations. For example, a potential counterparty could point to the information to demand different contractual terms based on the non-public internal pricing discussions.

**Developers' First Amended Consolidated Class Action Complaint**

**(Exhibit B)**

Confidential Non-Public Financial Information

22.     Exhibit B contains material, non-public, sensitive financial information that may not be (and need not be) consistent with generally accepted accounting principles and/or Google's public financial filings. Therefore, revealing this information publicly can be misleading for investors and other parties and lead to inappropriate inferences to the performance of this and other parts of Google's business  Specifically:

23.     **Paragraph 86, page 29, line 4 (between "Samsung made" and "in revenue"), line 5 (between "Google had made" and "in sales"), and line 6 (between "Store had a" and "share of").** This information contains non-public information regarding Play revenue data as well as Google's estimate of revenue for the Samsung Galaxy Store. This information has never been disclosed publicly, and disclosure would severely and adversely impact Google's ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information regarding Play's revenue to disadvantage Google in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Google in negotiations by pointing to Play revenue data. In addition, material, non-public, sensitive financial information may not be (and need not be) consistent with generally accepted

1    accounting principles or Google's public financial filings.  Therefore, revealing this Play revenue
2    data publicly can be misleading for investors and other parties and lead to inappropriate
3    inferences to the performance of this and other parts of Google's business. This also potentially
4    implicates a third party's confidential information to the extent someone viewing Google's
5    estimate regarding Samsung's Galaxy Store could use that information in business dealings with
6    Samsung.

7         24.    **Paragraph 170, page 60, line 15 (from beginning of line to before "and
8    today") and line 16 (between "at just" and "On another occasion").**  This information
9    contains non-public information regarding Play costs.  This information has never been disclosed
10   publicly, and disclosure would severely and adversely impact Google's ability to negotiate
11   agreements in the future.  If revealed to competitors and potential business counterparties, they
12   could use this non-public and confidential information to disadvantage Google in marketing and
13   in negotiations.  For example, a potential counterparty armed with this non-public information
14   could use it to obtain leverage against Google in negotiations by pointing to this Play cost
15   information.  In addition, material, non-public, sensitive financial information may not be (and
16   need not be) consistent with generally accepted accounting principles or Google's public financial
17   filings.  Therefore, revealing this Play cost data publicly can be misleading for investors and other
18   parties and lead to inappropriate inferences to the performance of this and other parts of Google's
19   business.

20        25.    **Paragraph 176, page 61, line 23 (between "scale at" and "people in"), line 24
21   (between "larger at" and "Revenue per head"), and line 25 (between "gone from" and "--
22   but the way").**  This information contains non-public information regarding revenues and
23   headcount for Google Play.  Google does not publicly break out its revenues or headcount by
24   business line as it is revealed in this statement, as such disclosures would reveal important and
25   confidential information to competitors and counterparties regarding Google's business efforts
26   and priorities.  This information has never been disclosed publicly, and disclosure would severely
27   and adversely impact Google's ability to negotiate agreements in the future.  If revealed to
28   competitors and potential business counterparties, they could use this non-public and confidential

1  information to disadvantage Google in marketing and in negotiations.  For example, if a potential
2  counterparty were to have visibility into the strength, or weakness, of Google Play, it could use
3  that information as leverage in negotiations with Google and with Google's competitors.  In
4  addition, material, non-public, sensitive financial information may not be (and need not be)
5  consistent with generally accepted accounting principles or Google's public financial
6  filings.  Therefore, revealing this revenue and headcount data publicly can be misleading for
7  investors and other parties and lead to inappropriate inferences to the performance of this and
8  other parts of Google's business.

9       26.  **Paragraph 180, page 62, footnote 122, line 26, beginning after "figures are"**
10 **and ending before "as noted," and line 26.5 after "processing costs at" to the end of the**
11 **sentence.** This information contains non-public information regarding Play costs.  This
12 information has never been disclosed publicly, and disclosure would severely and adversely
13 impact Google's ability to negotiate agreements in the future.  If revealed to competitors and
14 potential business counterparties, they could use this non-public and confidential information to
15 disadvantage Google in marketing and in negotiations.  For example, a potential counterparty
16 armed with this non-public information could use it to obtain leverage against Google in
17 negotiations by pointing to the Play cost information.  In addition, material, non-public, sensitive
18 financial information may not be (and need not be) consistent with generally accepted accounting
19 principles or Google's public financial filings.  Therefore, revealing this Play cost data publicly
20 can be misleading for investors and other parties and lead to inappropriate inferences to the
21 performance of this and other parts of Google's business.

22      27.  **Paragraph 197, page 67, line 24 (beginning after "noted above") to the end of**
23 **the sentence on line 26 (ending before "These companies").**  This information contains non-
24 public information regarding Play costs.  This information has never been disclosed publicly, and
25 disclosure would severely and adversely impact Google's ability to negotiate agreements in the
26 future.  If revealed to competitors and potential business counterparties, they could use this non-
27 public and confidential information to disadvantage Google in marketing and in negotiations.  For
28 example, a potential counterparty armed with this non-public information could use it to obtain

leverage against Google in negotiations by pointing to the Play cost information. In addition, material, non-public, sensitive financial information may not be (and need not be) consistent with generally accepted accounting principles or Google's public financial filings. Therefore, revealing this Play cost data publicly can be misleading for investors and other parties and lead to inappropriate inferences to the performance of this and other parts of Google's business.

Confidential Deal Terms and Offers to Third Parties

28.  **Page 26, footnote 63, line 23 (between "between" and "and"), line 23.5 (after "Google") to line 24 (before "Google"), line 24 (after "will pay") to line 24.5 (before "to"), line 25.5 (between "from the" and "that)**. This information contains non-public information regarding a confidential agreement with a counterparty. This information has never been disclosed publicly, and disclosure would severely and adversely impact Google's ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Google and/or the counterparty in negotiations. For example, if disclosed, a competitor of the counterparty would become aware of information regarding the counterparty's agreement, and it could use this as leverage in business negotiations with Google to the detriment of both Google and/or its business counterparty. The information also potentially implicates a third party's confidentiality interests. Moreover, counterparties have a reasonable expectation that Google will maintain the confidentiality of contractual terms.

29.  **Paragraph 77, page 26, line 11 (beginning after "approximately" and ending before "The numbers").** This information contains non-public information regarding confidential business strategies and the framework and cost of terms in confidential agreements with counterparties. This information has never been disclosed publicly, and disclosure would severely and adversely impact Google's ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Google in marketing and in negotiations. For example, if disclosed, Google's competitors and potential counterparties would become aware of information regarding Google's framework for negotiating confidential deals, and it could use

1  this as leverage in business negotiations with Google to the detriment of both Google and/or its
2  other business counterparty.

3      30.   **Paragraph 93, page 31, line 16 (between "Samsung" and "including").** This
4  information contains non-public financial information regarding confidential agreements with
5  Samsung. This information has never been disclosed publicly, and disclosure would severely and
6  adversely impact Google's ability to negotiate agreements in the future. If revealed to
7  competitors and potential business counterparties, they could use this non-public and confidential
8  information to disadvantage Google in negotiations. For example, if disclosed, a Samsung's
9  competitors would become aware of information regarding Samsung, and it could use this as
10 leverage in business negotiations with Google to demand similar or more favorable terms, to the
11 detriment of both Google and/or Samsung. The information also potentially implicates
12 Samsung's confidentiality interests. Moreover, counterparties have a reasonable expectation that
13 Google will maintain the confidentiality of contractual terms.

<u>Confidential Internal Analyses That Could Cause Google Economic Harm</u>

15      31.   **Paragraph 174, page 61, line 14 (between "set at" and "But for").** This
16 information contains non-public information regarding pricing. This information has never been
17 disclosed publicly, and disclosure would severely and adversely impact Google's ability to
18 negotiate agreements in the future. If revealed to competitors and potential business
19 counterparties, they could use this non-public and confidential information to disadvantage
20 Google in marketing and in negotiations. For example, a potential counterparty armed with this
21 non-public information could use it to obtain leverage against Google for more favorable pricing
22 in negotiations by pointing to the internal pricing information.

23          **Consumers' First Amended Consolidated Class Action Complaint**
24                                    **(Exhibit C)**
25                    <u>Confidential Non-Public Financial Information</u>

26      32.   Exhibit C contains material, non-public, commercially sensitive financial
27 information that may not be (and need not be) consistent with generally accepted accounting
28 principles and/or Google's public financial filings. Therefore, revealing this information publicly

can be misleading for investors and other parties and lead to inappropriate inferences to the performance of this and other parts of Google's business.  Specifically:

33.  **Paragraph 82, page 19, line 4 (between "revenues of" and "accounting") and line 4 (between "for over" and "percent").**  This information contains non-public information regarding revenue for Google Play.  Google does not publicly break out its revenues by business line as it is revealed in this statement, as such disclosures would reveal important and confidential information to competitors and counterparties regarding Google's business efforts and priorities.  This information has never been disclosed publicly, and disclosure would severely and adversely impact Google's ability to negotiate agreements in the future.  If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Google in marketing and in negotiations.  For example, if a potential counterparty were to have visibility into the strength, or weakness, of Google Play, it could use that information as leverage in negotiations with Google and with Google's competitors, damaging Google's competitive standing.  In addition, material, non-public, sensitive financial information may not be (and need not be) consistent with generally accepted accounting principles or Google's public financial filings.  Therefore, revealing this revenue information publicly can be misleading for investors and other parties and lead to inappropriate inferences to the performance of this and other parts of Google's business.

34.  **Paragraph 88, page 20, line 25 (between "made around" and "in revenue") and line 26 (between "made around" and "in sales").**  This information contains non-public information regarding Play revenue data as well as Google's estimate of a competitor's revenue.  This information has never been disclosed publicly, and disclosure would severely and adversely impact Google's ability to negotiate agreements in the future.  If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Google in marketing and in negotiations.  For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Google in negotiations by pointing to the revenue information.  In addition, material, non-public, sensitive financial information may not be (and need not be) consistent with generally accepted

accounting principles or Google's public financial filings. Therefore, revealing this revenue data publicly can be misleading for investors and other parties and lead to inappropriate inferences to the performance of this and other parts of Google's business. This also potentially implicates a third party's confidential information to the extent someone viewing Google's estimate could use that information in business dealings with the third party.

35.  **Paragraph 138, page 31, line 19 (between "more than" and "per year").** This information contains non-public information regarding costs for individual Google business lines. Google does not publicly break out its costs by business line as is revealed in this statement, as such disclosures would reveal important and confidential information to competitors and counterparties regarding Google's business efforts and priorities. This information has never been disclosed publicly, and disclosure would severely and adversely impact Google's ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential budget projections to disadvantage Google in marketing and in negotiations. For example, if a potential counterparty were to have visibility into the strength, or weakness, of the particular business line in which it was involved, it could use that information as leverage in negotiations with Google and with Google's competitors. In addition, material, non-public, sensitive financial information may not be (and need not be) consistent with generally accepted accounting principles or Google's public financial filings. Therefore, revealing this cost information publicly can be misleading for investors and other parties and lead to inappropriate inferences to the performance of this and other parts of Google's business.

36.  **Paragraph 193, page 44, line 7 (between "than the" and "revenue share").** This information contains non-public information regarding costs, profit margins, and break-even level for Google Play. This information has never been disclosed publicly, and disclosure would severely and adversely impact Google's ability to negotiate agreements in the future. Google does not publicly break out its costs or profits by business line as it is revealed in this statement, as such disclosures would reveal important and confidential information to competitors and counterparties regarding Google's business efforts and priorities. If revealed to competitors and

1  potential business counterparties, they could use this non-public and confidential information to
2  disadvantage Google in marketing and in negotiations. For example, if a potential counterparty
3  were to have visibility into the strength, or weakness, of Google Play, particularly an alleged
4  break-even level,, it could use that information as leverage in negotiations with Google and with
5  Google's competitors. In addition, material, non-public, sensitive financial information may not
6  be (and need not be) consistent with generally accepted accounting principles or Google's public
7  financial filings. Therefore, revealing this information publicly may lead to inappropriate
8  inferences to the performance of this and other parts of Google's business.

Confidential Deal Terms and Offers to Third Parties

10  37.  **Paragraph 87, page 20, line 20 (between "among other things" and "as well"),**
11  **and line 20 (beginning after "as well as") to the end of the paragraph on line 22.** This
12  information contains non-public information regarding confidential business strategies and
13  negotiations with Samsung and, in particular, specific proposed financial terms of a proposal to
14  Samsung. This information has never been disclosed publicly, and disclosure would severely and
15  adversely impact Google's ability to negotiate agreements in the future. If revealed to
16  competitors and potential business counterparties, they could use this non-public and confidential
17  information to disadvantage Google in marketing and in negotiations. For example, if disclosed,
18  Samsung's competitors would become aware of the offer to Samsung, and it could use this as
19  leverage in business negotiations, to the detriment of both Google and its business
20  counterparty. Further, if disclosed, a competitor of Google would know the terms of Google's
21  offer that it would need to meet or beat in negotiations with Google's counterparties. The
22  information also potentially implicates Samsung's confidentiality interests. Moreover,
23  counterparties have a reasonable expectation that Google will maintain the confidentiality of
24  contractual terms.

25  38.  **Paragraph 109, page 25, line 13 (beginning after "services") to the end of line**
26  **16.** This information contains non-public information regarding the terms of confidential
27  agreements with counterparties. This information has never been disclosed publicly, and
28  disclosure would severely and adversely impact Google's ability to negotiate agreements in the

future. If revealed to competitors, they could use this non-public and confidential information to disadvantage Google in marketing and in negotiations. For example, a competitor of Google could use knowledge of the disclosed terms contemplated by Google as leverage to seek to obtain more favorable terms in negotiations with Google's actual or potential counterparties, to the competitive detriment of Google. Moreover, counterparties have a reasonable expectation that Google will maintain the confidentiality of contractual terms.

39. **Paragraph 129, page 29, line 23 (between "Agreement with" and the end of the paragraph).** This information contains non-public information regarding the terms of a confidential agreement with a counterparty. This information has never been disclosed publicly, and disclosure would severely and adversely impact Google's ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Google in marketing and in negotiations. For example, a competitor of the counterparty, or a potential counterparty of Google, could use knowledge of the disclosed terms as leverage to seek to obtain similar or more favorable terms in negotiations with Google, to the competitive detriment of both Google and its business counterparty. Moreover, counterparties have a reasonable expectation that Google will maintain the confidentiality of contractual terms.

40. **Paragraph 134, page 30, line 22 (between "up to" and "of "Play") and line 22 (between "up to" and "by 2023").** This information contains confidential negotiations with counterparties. This information has never been disclosed publicly, and disclosure would severely and adversely impact Google's ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Google in marketing and in negotiations. For example, if the terms Google was willing to consider offering were publicly disclosed, potential counterparties could use that information as leverage in seeking favorable terms from Google, for instance, to demand similar or more favorable terms for itself. Similarly, a competitor of Google would know the terms it needs to beat in discussions with those same counterparties. Moreover, counterparties have a reasonable expectation that Google will maintain the confidentiality of

1  contractual terms.

2  41.  **Paragraph 187, page 42, line 24 (beginning at "In particular") to the end of
3  the sentence.**  This information contains non-public information regarding terms offered during
4  negotiations with a potential contractual counterparty.  This information has never been disclosed
5  publicly, and disclosure would severely and adversely impact Google's ability to negotiate
6  agreements in the future.  If revealed to competitors and potential business counterparties, they
7  could use this non-public and confidential information to disadvantage Google in marketing and
8  in negotiations.  For example, a competitor of the counterparty, or a potential counterparty of
9  Google, could use knowledge of the disclosed terms as leverage to seek to obtain the same or
10 more favorable terms in negotiations with Google, to the competitive detriment of both Google
11 and its business counterparty.  Further, the information implicates a third-party's confidentiality
12 interests.  Moreover, counterparties have a reasonable expectation that Google will maintain the
13 confidentiality of contractual terms.

14                     Confidential Internal Analyses That Could Cause Google Economic Harm

15 42.  **Paragraph 85, page 20, line 5 (between "represented a potential" and "annual
16 revenue") and line 6 (between "[l]oss [of]" and "of revenue").**  This information contains non-
17 public financial projections.  This information has never been disclosed publicly, and disclosure
18 would severely and adversely impact Google's ability to negotiate agreements in the future.  If
19 revealed to competitors and potential business counterparties, they could use this non-public and
20 confidential information to disadvantage Google in marketing and in negotiations.  For example,
21 if a potential counterparty were to have visibility into the projected consequences of the events at
22 issue, it could use that information as leverage in negotiations with Google and with Google's
23 competitors to, for instance, insist on more favorable terms.

24 43.  To my knowledge, the confidential information discussed above is not publicly
25 known, and Google recognizes and protects the enormous value of this information through its
26 various policies and procedures designed to protect confidential information from disclosure.

27

28

I declare under penalty of perjury that the foregoing is true and correct. Executed on the 20th day of August, 2021, in Mountain View, California.

DocuSigned by:

*Christian Cramer*
1BDF14992B5D4C4...

Christian Cramer