Karma M. Giulianelli (SBN 184175)
**BARTLIT BECK LLP**
1801 Wewatta St., Suite 1200
Denver, CO 80202
Telephone: (303) 592-3100
Facsimile: (303) 592-3140
karma.giulianelli@bartlitbeck.com

Hae Sung Nam (*pro hac vice*)
**KAPLAN FOX & KILSHEIMER LLP**
850 Third Avenue
New York, NY 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7715
hnam@kaplanfox.com

*Interim Co-Lead Counsel for the Proposed Class*

[Additional Counsel on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE GOOGLE PLAY CONSUMER ANTITRUST LITIGATION | No. 3:21-MD-02981-JD |
| RELATED ACTIONS: | No. 3:20-CV-05761-JD |
| *Epic Games Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD | **CONSUMERS' RESPONSE IN OPPOSITION TO GOOGLE'S RENEWED APPLICATION TO SEAL** |
| *In re Google Play Developer Antitrust Litigation*, Case No. 3:20-cv-05792-JD | |
| *State of Utah, et. al., v. Google LLC, et. al.*, Case No. 3:21-cv-05227-JD | Judge: Hon. James Donato |

1  The Court should reject Google's Renewed Application to Seal, filed August 20, 2021
2  (Dkt. No. 192) ("Renewed Application"), asking the Court to reconsider its order unsealing the
3  First Amended Class Action Complaint (the "Complaint") in *In re Google Play Consumer*
4  *Antitrust Litigation*, No. 3:20-CV-05761-JD (N.D. Cal.) and other complaints in the related cases
5  (Dkt. No. 189) (the "August 18 Order").

6  Although not specifically couched as a motion for reconsideration, Google's Renewed
7  Application is simply that, and Google makes no attempt to satisfy the standards for a motion for
8  reconsideration.[1] As the Ninth Circuit has found, reconsideration is an "extraordinary remedy, to
9  be used sparingly in the interests of finality and conservation of judicial resources." *Kona*
10 *Enterprises, Inc v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James Wm.
11 Moore et al., *Moore's Federal Practice* ¶59.30(4) (3d ed. 2000)). The Northern District of
12 California has adopted Civil Local Rule 7-9 setting forth the heavy burden a party must meet to
13 prevail on a motion for reconsideration. Under the Civil Local Rules, a motion for reconsideration
14 should only be granted where (1) a material difference in facts or law exists from that which was
15 presented to the Court previously, and the party applying for reconsideration shows that it
16 exercised reasonable diligence yet did not know such fact or law at the time of the order; (2) new
17 material facts have emerged or relevant law changed after the Court issued its order; or (3) the
18 Court exhibited a "manifest failure" to consider material facts or dispositive legal arguments. Civil
19 L.R 7-9(b), *see also*, *389 Orange Street Partners v. Arnold*, 179 F.3d 661, 665 (9th Cir. 1999)
20 (Indeed, "a motion for reconsideration should not be granted, absent highly unusual circumstances,

---

[1] Google's reliance on *Ovonic Battery Co. v. Sanyo Electric Co.,* No. 14-cv-01637-JD, is misplaced. In that case, the Court had found that portions of the documents at issue should be properly sealed, but the party had sought to seal the entire document. Thus, the party resubmitted, with the Court's permission, the request to seal those specific portions. *See*, *id.*, 2014 WL 2758756, at *3 (N.D. Cal. June 17, 2014) ("Although some portions of the arbitration awards contain information that might be properly sealed, including pricing terms, royalty rates, and any guaranteed minimum payment terms, the documents in their entirety are not sealable."). Here, the Court has found that none of the information in the Complaint should be sealed, and it did not give Google leave to file a renewed motion to seal asking the Court to reconsider the August 18 Order.

unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."). In addition, motions for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enterprises, Inc*, 229 F.3d at 890 (citing *389 Orange Street Partners*, 179 F.3d at 665). Moreover, a motion for reconsideration cannot include a repetition of any argument. Civil L.R. 7-9(c).[2]

Nowhere in its Renewed Application does Google even refer to Civil L. R. 7-9. Instead, it frames its motion for reconsideration as a renewed application. However, Google cannot escape the requirements of Civil L.R. 7-9 simply by designating its request as a renewed application, and even a cursory review of Google's Renewed Application shows that it has not met the standards for reconsideration. First, Google does not cite to any material difference in facts or law that it reasonably could not have known at the time of its original filing seeking to seal portions of the Complaint nor does it reference new material facts that emerged or relevant law that changed after the Court issued its order. The reason it does not do so is because there is no material difference in the facts or law, and no new facts or law have emerged.

Second, Google has not shown that the Court exhibited a "manifest failure" to consider material facts or dispositive legal arguments. Google had a full and fair opportunity to raise all facts and legal arguments in its application to seal. The Court clearly and fully considered all Google's arguments and found them lacking. As the Court stated in its August 18 Order, "A hallmark of our federal judiciary is the 'strong presumption in favor of access to court records.'" *Id.*, at 1 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). With that presumption the Court's recognition of Google's burden under the law to present a compelling reason for sealing the Complaint, and after considering all arguments set forth by Google in its application to seal, the Court found that Google "did not demonstrate how the unredacted

---

[2] In addition, a party must obtain leave of court before filing a motion for reconsideration. Civil L.R. 7-9 (a). Google has not followed this procedural rule.

[Complaint] might cause it commercial harm." *Id.* at 2.  There was no manifest failure on the Court's part when it issued its Order Re Sealing of Complaints.[3]

Indeed, even in its Renewed Application, Google again fails to show that it has itself confidentially treated the information it seeks to keep under seal.  Google's Finance Director, Christian Cramer, submitted a conclusory declaration with only the most cursory statement that Google "follows a strict practice" that requires the confidential treatment of certain *types* of information, not the specific information at issue in this case.  Mr. Cramer stated:

> Google follows a strict practice that requires confidential treatment of all internal non-public financial information; confidential commercial proposals to third parties and confidential agreements with third parties; internal business analyses of consumer spending and revenue, market conditions, and opportunities; and internal, future strategic business plans. Third parties in an array of contexts, entrust confidential information to Google and they have an expectation that Google has sufficient controls and processes in place to maintain and protect the confidentiality of that information. In my experience and to the best of my knowledge, Google does not disclose internal documents or confidential agreements or proposals of this nature outside of the company.

Dkt. No.192-1 ¶ 4, Case 3:20-cv-05761-JD.[4]

Mr. Cramer does not describe Google's supposedly "strict practice."  And his statement that Google does not disclose internal documents of this nature outside of the company hardly shows that Google has an expectation of confidential treatment when Google has over 100,000 employees.  Nor does Mr. Cramer state that Google has kept the specific information at issue confidential.  Mr. Cramer does say, "To my knowledge, the confidential information discussed above is not publicly known, and Google recognizes and protects the enormous value of this information through its various policies and procedures designed to protect confidential information from disclosure."  Dkt. 192-1 ¶ 43, Case 3:20-cv-05761-JD.  But Mr. Cramer fails to

---

[3] Pursuant to the Court's August 18 Order, Epic filed its unredacted complaint.  *See* Dkt. 165-1, Case 3:20-cv-05671-JD.  Google has made no further effort to protect the information in Epic's unredacted complaint.  This shows that Consumers should likewise be able to file their Complaint unredacted.

[4] In its August 18 Order, the Court noted that similar language in Google's first declaration was conclusory and that permitting sealing on the basis of a party's internal practices would leave the fox guarding the hen house. *Id.*, at 2.

describe these "policies and procedures" or how or if they were applied to the information Google seeks to keep under seal.

In contrast, *Apple Inc. v. Samsung Elecs. Co. Ltd.*, 727 F.3d 1214 (Fed. Cir. 2013), which Google cites as key authority in its motion, illustrates the types of declarations that establish that a party has treated confidentially the information that it seeks to protect under seal. In that case, the declarations that Apple and Samsung submitted in support of their motions to seal explained the measures they took to keep the specific relevant information confidential. *Id.* at 1223.

Apple's declaration stated that it stamped its material confidential and only certain individuals at Apple were authorized to view the information on a need-to-know basis, Apple restricted system access to the material to a small list of individuals who had been approved by one of its Vice Presidents of Finance, the list was reviewed at least every quarter and revised to remove unnecessary employees, and to the extent the information was ever disclosed to third parties, it was done so rarely and only under very restrictive nondisclosure agreements. *Id.* at 1223-1224. Samsung, filed a declaration stating that '[e]ven within Samsung's financial and accounting groups, this information can only be accessed by certain financial personnel on a very restricted need-to-know basis.' *Id.* at 1224.

Google's declaration does not come close to providing this sort of definitive detail showing that it has kept confidential the specific information it seeks to keep under seal. Google therefore cannot demonstrate that the information is confidential or that it should now be kept under seal.

Google asserts two other arguments why the information it seeks to protect should be kept under seal. First, it says that some of the information may not be consistent with publicly reported financial information, and could therefore be misleading to the public, investors, and industry analysts. Dkt. 192 at 4, Case 3:20-cv-05761-JD. But Google does not provide any authority that this entitles it to keep the information under seal for this reason. Indeed, this is the sort of information that is specifically not protected. *See Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("The mere fact that the production of records may lead to a litigant's

embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.").

Second, Google says that some of the information implicates a third-party's confidentiality interests. *See, e.g.,* Dkt. 192-1 ¶¶34, 37, 38, 43, Case 3:20-cv-05761-JD. However, Google does not provide any support showing this to be a valid concern, such as confidentiality agreements or declarations from those third parties. Nor does it cite any case law showing that such concerns trump the public's interests in the information at issue.

Accordingly, even in its second bite at the apple, Google fails to meet its heavy burden to seal any of the information in the Complaint, and, as set forth above, it fails to make any showing that any new information Google is now providing or may hereafter provide could not have been supplied with its original application.

Dated: August 23, 2021

Respectfully submitted,

By: /s/ *Karma M. Giulianelli*

**BARTLIT BECK LLP**
Karma M. Giulianelli (SBN 184175)
Glen E. Summers (SBN 176402)
Jameson R. Jones (*pro hac vice*)
1801 Wewatta St., Suite 1200
Denver, CO 80202
Telephone: (303) 592-3100
Facsimile: (303) 592-3140
karma.giulianelli@bartlitbeck.com
glen.summers@bartlitbeck.com
jameson.jones@bartlitbeck.com

John Byars (*pro hac vice*)
Lee Mason (*pro hac vice*)
54 W. Hubbard St., Suite 300
Chicago, IL 60654
Telephone: (312) 494-4400
Facsimile: (312) 494-4440
john.byars@bartlitbeck.com
lee.mason@bartlitbeck.com

**KOREIN TILLERY, LLC**
George A. Zelcs (*pro hac vice*)
Robert E. Litan (*pro hac vice*)

By: /s/ *Hae Sung Nam*

**KAPLAN FOX & KILSHEIMER LLP**
Hae Sung Nam (*pro hac vice*)
Robert N. Kaplan (*pro hac vice*)
Frederic S. Fox (*pro hac vice*)
Donald R. Hall (*pro hac vice*)
Aaron L. Schwartz (*pro hac vice*)
850 Third Avenue
New York, NY 10022
Tel.: (212) 687-1980
Fax: (212) 687-7715
hnam@kaplanfox.com
rkaplan@kaplanfox.com
ffox@kaplanfox.com
dhall@kaplanfox.com
aschwartz@kaplanfox.com

**KAPLAN FOX & KILSHEIMER LLP**
Laurence D. King (SBN 206423)
Kathleen A. Herkenhoff (SBN 168562)
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Telephone: 415-772-4700

Randall Ewing, Jr. (*pro hac vice*)
Jonathon D. Byrer (*pro hac vice*)
205 North Michigan, Suite 1950
Chicago, IL 60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751
gzelcs@koreintillery.com
rlitan@koreintillery.com
rewing@koreintillery.com
jbyrer@koreintillery.com

Stephen M. Tillery (*pro hac vice*)
Jamie Boyer (*pro hac vice*)
Michael E. Klenov (SBN 277028)
Carol O'Keefe (*pro hac vice*)
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525
stillery@koreintillery.com
jboyer@koreintillery.com
mklenov@koreintillery.com
cokeefe@koreintillery.com

**COTCHETT, PITRE & MCCARTHY, LLP**
Nanci E. Nishimura (SBN 152621)
Adam J. Zapala (SBN 245748)
Elizabeth T. Castillo (SBN 280502)
Tamarah P. Prevost (SBN 313422)
Noorjahan Rahman (SBN 330572)
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
nnishimura@cpmlegal.com
azapala@cpmlegal.com
ecastillo@cpmlegal.com
tprevost@cpmlegal.com
nrahman@cpmlegal.com

*Counsel for the Proposed Class*

Facsimile: 415-772-4707
lking@kaplanfox.com
kherkenhoff@kaplanfox.com

**PRITZKER LEVINE, LLP**
Elizabeth C. Pritzker (SBN 146267)
Bethany Caracuzzo (SBN 190687)
Caroline Corbitt (SBN 305492)
1900 Powell Street, Suite 450
Emeryville, CA 94608
Telephone: (415) 805-8532
Facsimile: (415) 366-6110
ecp@pritzkerlevine.com
bc@pritzkerlevine.com
ccc@pritzkerlevine.com

**MILBERG PHILLIPS GROSSMAN LLP**
Peggy J. Wedgworth (*pro hac vice*)
Robert A. Wallner (*pro hac vice*)
Elizabeth McKenna (*pro hac vice*)
Blake Yagman (*pro hac vice*)
Michael Acciavatti (*pro hac vice*)
One Penn Plaza, Suite 1920
New York, New York 10119
Telephone: 212-594-5300
Facsimile: 212-868-1229
pwedgworth@milberg.com
rwallner@milberg.com
emckenna@milberg.com
byagman@milberg.com
macciavatti@milberg.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing was served on August 23, 2021, upon all counsel of record via the Court's electronic notification system.

/s/ Karma M. Giulianelli