| | |
|---|---|
| Brian C. Rocca, Bar No. 221576<br>brian.rocca@morganlewis.com<br>Sujal J. Shah, Bar No. 215230<br>sujal.shah@morganlewis.com<br>Michelle Park Chiu, Bar No. 248421<br>michelle.chiu@morganlewis.com<br>Minna Lo Naranjo, Bar No. 259005<br>minna.naranjo@morganlewis.com<br>Rishi P. Satia, Bar No. 301958<br>rishi.satia@morganlewis.com<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>One Market, Spear Street Tower<br>San Francisco, CA 94105-1596<br>Telephone: (415) 442-1000<br>Facsimile: (415) 442-1001<br><br>Richard S. Taffet, *pro hac vice*<br>richard.taffet@morganlewis.com<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>101 Park Avenue<br>New York, NY 10178-0060<br>Telephone: (212) 309-6000<br>Facsimile: (212) 309-6001 | Daniel M. Petrocelli, Bar No. 97802<br>dpetrocelli@omm.com<br>Stephen J. McIntyre, Bar No. 274481<br>smcintyre@omm.com<br>**O'MELVENY & MYERS LLP**<br>1999 Avenue of the Stars, 7th Fl.<br>Los Angeles, CA 90067-6035<br>Telephone: (310) 553-6700<br><br>Ian Simmons, *pro hac vice*<br>isimmons@omm.com<br>Benjamin G. Bradshaw, Bar No. 189925<br>bbradshaw@omm.com<br>**O'MELVENY & MYERS LLP**<br>1625 Eye Street, NW<br>Washington, DC 20006-4001<br>Telephone: (202) 383-5106<br>Facsimile: (202) 383-5414 |

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD<br><br>*In re Google Play Developer Antitrust Litigation*, Case No. 3:20-cv-05792-JD<br><br>*State of Utah et al. v. Google LLC et al.*, Case No. 3:21-cv-05227-JD | Case No. 3:21-md-02981-JD<br><br>**DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR EMERGENCY MOTION TO STAY AND RENEWED APPLICATION TO SEAL**<br><br>Hearing Date: August 25, 2021<br>Time: 10:00 am<br>Place: Courtroom 11, 19th Floor<br>Judge: Hon. James Donato |

Case Nos. 3:21-md-02981-JD; 3:20-cv-05761-JD;
3:20-cv-05792-JD; 3:21-cv-05227-JD
DEFS.' REPLY ISO EMERGENCY MOTION TO STAY AND RENEWED APPLICATION TO SEAL

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

## I. Google's Unopposed Emergency Motion to Stay Should Be Granted

Consumer Plaintiffs oppose Google's Renewed Application to Seal, but they do not address or oppose the Emergency Motion to Stay. Google's time-sensitive request for a stay is therefore unopposed. Google requests that the Court grant its request to stay the August 18, 2021 Order on the terms set forth in the Proposed Order. *See* MDL Dkt. 83-2 (proposed order).

Google has the right to appeal from the August 18, 2021 Order. If an emergency stay is not granted on or before Wednesday, August 25, plaintiffs will file their unredacted complaints on the public docket. At that point—with the bell already rung—Google will be deprived of its appellate rights.[1] To avoid that deprivation of its rights, Google respectfully advises the Court and all parties that Google will need to seek from the Ninth Circuit an immediate administrative stay and an emergency stay pending appeal by **12:00 p.m. Pacific** on **Wednesday, August 25**.[2] To the extent this Court needs additional time to consider Google's detailed submissions in connection with the Renewed Application to Seal, the Court can simply grant the ***unopposed*** Emergency Motion to Stay, which would put the Plaintiffs' deadline to file their unredacted complaints on hold.

## II. The Court Should Grant Google's Renewed Application to Seal

### A. Google's Renewed Application Is Procedurally Proper

Google's Renewed Application seeks to seal less than ***20 lines of text*** from Consumer Plaintiffs' 73-page First Amended Complaint. Yet Consumer Plaintiffs oppose the sealing, primarily on procedural grounds. They assert that Google's Renewed Application is actually a motion for reconsideration, and that it therefore must satisfy Local Rule 7-9. MDL Dkt. 86 ("Opp.") at 1. That is wrong. Google did not move for reconsideration; it filed a renewed application on an even narrower set of redactions, with a new declaration, from a new declarant,

---

[1] The August 18, 2021 Order is appealable. *See In re Copley Press, Inc.*, 518 F.3d 1022, 1025-26 (9th Cir. 2008); *see also Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013). Alternatively, the Ninth Circuit can address the Order in a mandamus posture. *See In re Elec. Arts, Inc.*, 298 F. App'x 568, 568 (9th Cir. 2008).

[2] In pursuing this relief, Google must file a notice of appeal, which will raise potentially difficult questions about this Court's jurisdiction to act on the pending Renewed Application to Seal. *See generally Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam). Granting the Emergency Motion to Stay will avoid the need to confront these questions.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case Nos. 3:21-md-02981-JD; 3:20-cv-05761-JD; 3:20-cv-05792-JD; 3:21-cv-05227-JD
DEFS.' REPLY ISO EMERGENCY MOTION TO STAY AND RENEWED APPLICATION TO SEAL

providing "specific factual findings" to support the sealing. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Google filed its Renewed Application upon review of and taking into consideration the Court's August 18, 2021 Order—the first sealing order in this complex multi-district litigation (MDL). Renewed applications to seal are relatively common in the Northern District of California. *See, e.g.*, *In re GEICO Gen. Ins. Co.*, No. 19-cv-03768-HSG, 2021 WL 1599288, at *2 (N.D. Cal. Apr. 23, 2021) (criticizing defendant because it "did not renew its request to seal" the document in question); *Coates v. Farmers Grp., Inc.*, No. 15-cv-01913-LHK, 2016 WL 8223348, at *2 (N.D. Cal., Jan. 25, 2016) (order on "renewed request to seal documents"); *Ovonic Battery Co. v. Sanyo Elec. Co.*, No. 14-cv-01637-JD, 2014 WL 3749152, at *2-3 (N.D. Cal. July 24, 2014) (granting "renewed" sealing application).[3]

       Consumer Plaintiffs also overlook that Google expressly requested "an opportunity" on an emergency basis to "file and permit the Court to consider a renewed sealing application in response to the August 18, 2021 Order." MDL Dkt. 83 at i. Thus, Google *did* seek the Court's permission to consider a renewed sealing request—and submitted that application together with the Emergency Motion to Stay in light of the timing exigency.

       In all events, any order of the Court "may be revised at any time" before judgment. Fed. R. Civ. P. 54(b). "As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quotation and emphasis omitted). To the extent the Consumer Plaintiffs suggest a more stringent standard for reconsideration based on Local Civil Rule 7-9, they confuse the

---

[3] Consumer Plaintiffs' attempt to distinguish *Ovonic* falls flat. Opp. at 1 n.1. They claim that in *Ovonic*, "the Court had found that portions of the documents at issue should be properly sealed, but the party had sought to seal the entire document." *Id.* For one, despite observing in its first sealing order that "some portions" of the document in question "might be properly sealed," *Ovonic Battery Co. v. Sanyo Elec. Co.*, No. 14-cv-01637-JD, 2014 WL 2758756, at *3 (N.D. Cal. June 17, 2014), the court neither precluded the party from submitting a narrowed request nor absolved the party of establishing "compelling reasons" to seal the material in question. In its second sealing order, the court considered the party's "renewed administrative motion" on the merits and determined that "narrowly tailored redactions" were justified. 2014 WL 3749152, at *3. That is all Google asks the Court to do here: consider the Renewed Application and the confidentiality facts set forth in the accompanying declaration, which provide compelling reasons to seal a narrow set of line items.

standard applicable to reconsideration of *post-judgment* orders with reconsideration before final judgment.  *See id.*; *see also Cobell v. Jewell*, 802 F.3d 12, 25-26 (D.C. Cir. 2015) (explaining the difference).  Local rules must be read consistently with standards set by the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 83(a)(1).  The Court therefore can and should consider Google's Renewed Application under its "inherent procedural power"—particularly in these circumstances, where Google acted promptly to preserve its rights.

### B. Google's Renewed Application Presents Compelling Reasons to Seal

As to the substance, Consumer Plaintiffs generally claim the Declaration of Christian Cramer does not meet the standard for sealing, but this criticism ignores the declaration itself.  For example, Consumer Plaintiffs claim Mr. Cramer "does not describe Google's supposedly 'strict practice'" of treating certain information as confidential, but only after block-quoting a lengthy paragraph in which Mr. Cramer does ***just that***.  *See* Opp. at 3 (quoting MDL Dkt. 84-1 ("Cramer Decl.") ¶ 4).  And Plaintiffs simply ignore the 17 ensuing pages in which Mr. Cramer details ***how*** and ***why*** the information is kept confidential and should be sealed.  He indicates that "Google does not disclose internal documents or confidential agreements or proposals of this nature outside the company."  Cramer Decl. ¶ 4.  And Mr. Cramer testifies that the "non-public financial revenue data" has "***never*** been disclosed publicly," and further that "Google ***does not*** publicly break out its revenues by business line as is revealed in this statement, as such disclosures would reveal important and confidential information to competitors and counterparties."  *Id.* ¶ 8 (emphasis added); *see also, e.g.*, *id.* ¶¶ 9, 33.  Consumer Plaintiffs suggest Google's concern is "embarrassment, incrimination, or exposure to further litigation," Opp. at 4-5, but that is just misdirection.  As Mr. Cramer testifies, the concern is ***competitive harm***.  If competitors learn this information, they can use it to compete against Google to attract developers to competing platforms.  If business partners learn it, they can use it as leverage in deal talks.

And this is where Consumer Plaintiffs fall silent.  Plaintiffs never even acknowledge, and thus ***never dispute***, Mr. Cramer's detailed explanations for why specific confidential information contained in Plaintiffs' complaints would harm Google's competitive standing in the marketplace—which, under Ninth Circuit precedent, warrants sealing.  Cramer Decl. ¶¶ 7-43; *see*

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

Case Nos. 3:21-md-02981-JD; 3:20-cv-05761-JD;
3:20-cv-05792-JD; 3:21-cv-05227-JD

DEFS.' REPLY ISO EMERGENCY MOTION TO STAY AND RENEWED APPLICATION TO SEAL

*Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008).  By "not address[ing] this argument," Consumer Plaintiffs "have waived any opposition thereto."  *See Casey v. City of Santa Rosa*, No. 4:18-cv-07731-KAW, 2019 WL 2548140, at *6 (N.D. Cal. June 20, 2019).

### III. Conclusion

For these reasons, the Court should grant Google's Emergency Motion to Stay and Renewed Application to Seal.  *See* MDL Dkt. 83-2 (proposed order re stay); MDL Dkt. 85-2 (proposed order re application to seal).

| | |
|---|---|
| Dated: August 24, 2021 | MORGAN, LEWIS & BOCKIUS LLP |
| | By: */s/ Brian C. Rocca* |
| | BRIAN C. ROCCA<br>*Attorney for Defendants* |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

Case Nos. 3:21-md-02981-JD; 3:20-cv-05761-JD; 3:20-cv-05792-JD; 3:21-cv-05227-JD
DEFS.' REPLY ISO EMERGENCY MOTION TO STAY AND RENEWED APPLICATION TO SEAL