Karma M. Giulianelli (SBN 184175)
**BARTLIT BECK LLP**
1801 Wewatta St., Suite 1200
Denver, CO 80202
Telephone: (303) 592-3100
Facsimile: (303) 592-3140
karma.giulianelli@bartlitbeck.com

Hae Sung Nam (*pro hac vice*)
**KAPLAN FOX & KILSHEIMER LLP**
850 Third Avenue
New York, NY 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7715
hnam@kaplanfox.com

*Co-Lead Counsel for the Proposed Class*

[Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY CONSUMER ANTITRUST LITIGATION**<br><br>RELATED ACTIONS:<br><br>*Epic Games Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD<br><br>*In re Google Play Developer Antitrust Litigation*, Case No. 3:20-cv-05792-JD<br><br>*State of Utah, et. al., v. Google LLC, et. al.*, Case No. 3:21-cv-05227-JD | No. 3:20-CV-05761-JD<br><br>**CONSUMER PLAINTIFFS' MOTION FOR LEAVE TO AMEND PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 15(A)(2) AND 21**<br><br>**Date:** December 9, 2021<br>**Time:** 10:00 a.m.<br>**Courtroom:** Courtroom 11, 19th Floor<br>**Judge:** Hon. James Donato |

## NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE** that on December 9, 2021 at 10:00 a.m., or as soon thereafter as the matter can be heard by the above-titled court, in the courtroom of the Honorable James Donato located at the Phillip Burton Federal Building and United States Courthouse, Courtroom 11, 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, Consumer Plaintiffs will move the Court, pursuant to Federal Rules of Civil Procedure 15 and/or 21, for an order permitting Consumer Plaintiffs to amend their consolidated complaint to add Alex Iwamoto and Leigh Silver as plaintiffs and putative class representatives, and to update certain allegations concerning the relevant markets. Consumer Plaintiffs' Motion is based on this Notice and Motion, the Memorandum of Points and Authorities in Support of Motion, the complete records and files of this action, all other matters of which the Court may take judicial notice, and any other such evidence and oral argument as may be made at the hearing of this matter.

Respectfully submitted,

By: /s/ *Karma M. Giulianelli*

**BARTLIT BECK LLP**
Karma M. Giulianelli (SBN 184175)
Glen E. Summers (SBN 176402)
Jameson R. Jones (*pro hac vice*)
1801 Wewatta St., Suite 1200
Denver, CO 80202
Telephone: (303) 592-3100
Facsimile: (303) 592-3140
karma.giulianelli@bartlitbeck.com
glen.summers@bartlitbeck.com
jameson.jones@bartlitbeck.com

John Byars (*pro hac vice*)
Lee Mason (*pro hac vice*)
54 W. Hubbard St., Suite 300
Chicago, IL 60654
Telephone: (312) 494-4400
Facsimile: (312) 494-4440
john.byars@bartlitbeck.com
lee.mason@bartlitbeck.com

By: /s/ *Hae Sung Nam*

**KAPLAN FOX & KILSHEIMER LLP**
Hae Sung Nam (*pro hac vice*)
Robert N. Kaplan (*pro hac vice*)
Frederic S. Fox (*pro hac vice*)
Donald R. Hall (*pro hac vice*)
Aaron L. Schwartz (*pro hac vice*)
850 Third Avenue
New York, NY 10022
Tel.: (212) 687-1980
Fax: (212) 687-7715
hnam@kaplanfox.com
rkaplan@kaplanfox.com
ffox@kaplanfox.com
dhall@kaplanfox.com
aschwartz@kaplanfox.com

**KOREIN TILLERY, LLC**
George A. Zelcs (*pro hac vice*)
Robert E. Litan (*pro hac vice*)
Randall Ewing, Jr. (*pro hac vice*)
205 North Michigan, Suite 1950
Chicago, IL 60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751
gzelcs@koreintillery.com
rlitan@koreintillery.com
rewing@koreintillery.com

Stephen M. Tillery (*pro hac vice*)
Michael E. Klenov (SBN 277028)
Carol O'Keefe (*pro hac vice*)
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525
stillery@koreintillery.com
mklenov@koreintillery.com
cokeefe@koreintillery.com

**COTCHETT, PITRE & MCCARTHY, LLP**
Nanci E. Nishimura (SBN 152621)
Adam J. Zapala (SBN 245748)
Elizabeth T. Castillo (SBN 280502)
Tamarah P. Prevost (SBN 313422)
Noorjahan Rahman (SBN 330572)
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
nnishimura@cpmlegal.com
azapala@cpmlegal.com
ecastillo@cpmlegal.com
tprevost@cpmlegal.com
nrahman@cpmlegal.com

**KAPLAN FOX & KILSHEIMER LLP**
Laurence D. King (SBN 206423)
Kathleen A. Herkenhoff (SBN 168562)
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Telephone: 415-772-4700
Facsimile: 415-772-4707
lking@kaplanfox.com
kherkenhoff@kaplanfox.com

**PRITZKER LEVINE, LLP**
Elizabeth C. Pritzker (SBN 146267)
Bethany Caracuzzo (SBN 190687)
Caroline Corbitt (SBN 305492)
1900 Powell Street, Suite 450
Emeryville, CA 94608
Telephone: (415) 805-8532
Facsimile: (415) 366-6110
ecp@pritzkerlevine.com
bc@pritzkerlevine.com
ccc@pritzkerlevine.com

**MILBERG PHILLIPS GROSSMAN LLP**
Peggy J. Wedgworth (*pro hac vice*)
Robert A. Wallner (*pro hac vice*)
Elizabeth McKenna (*pro hac vice*)
Blake Yagman (*pro hac vice*)
Michael Acciavatti (*pro hac vice*)
One Penn Plaza, Suite 1920
New York, New York 10119
Telephone: 212-594-5300
Facsimile: 212-868-1229
pwedgworth@milberg.com
rwallner@milberg.com
emckenna@milberg.com
byagman@milberg.com
macciavatti@milberg.com

*Counsel for the Proposed Class*

**RELIEF REQUESTED**

Pursuant to Federal Rules of Civil Procedure 15(a)(2) and 21, Consumer Plaintiffs seek leave to add Alex Iwamoto and Leigh Silver as plaintiffs and putative class representatives, and to update certain allegations concerning the relevant markets in Consumer Plaintiffs' Second Amended Class Action Complaint.

**ISSUE PRESENTED**

Whether this Court should permit Consumer Plaintiffs to add Alex Iwamoto and Leigh Silver as plaintiffs and putative class representatives, and to update certain allegations concerning the relevant markets, when this minor amendment will not prejudice any party and does not result from undue delay, bad faith, pleading inadequacies, or futile intentions.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 15(a)(2) and/or Rule 21, Consumer Plaintiffs should be granted leave to name two additional plaintiffs, Alex Iwamoto and Leigh Silver (collectively "Proposed Plaintiffs"), and to update certain allegations concerning the relevant markets, in their Second Amended Class Action Complaint ("Second Amended Complaint").[1]

No party would be prejudiced by this amendment. The Proposed Plaintiffs' claims, and the additional allegations concerning the relevant markets, are substantively identical to those asserted by consumers and other parties since the inception of this litigation. Moreover, procedurally, discovery remains ongoing; depositions are only just beginning, and experts have not been disclosed. Class certification briefing, dispositive motions, and trial are all several weeks to many months away, giving Defendants more than enough time to conduct any necessary investigation.

---

[1] The Second Amended Complaint contains material that that the Court previously ordered to remain under seal in the First Amended Complaint. (MDL Dkt. 89.) Accordingly, Consumer Plaintiffs file an administrative motion to seal concurrent with this motion. The proposed Second Amended Complaint is attached to the motion to seal as Exhibit 1 (redacted) and Exhibit 2 (unredacted). A redline of the changes from the First Amended Complaint to the proposed Second Amended Complaint is attached to the motion to seal as Exhibit 3 (redacted) and Exhibit 4 (unredacted).

There is no evidence the requested amendment is unduly delayed, motivated by bad faith, required to remedy pleading inadequacies or futile. Indeed, the Scheduling Order entered by this Court set the deadline for adding parties and amending pleadings as December 3, 2021. (MDL Dkt. 122.) Moreover, Rule 15(a)(2) pronounces that leave to amend should be freely given when justice so requires, while Rule 21 permits the addition of parties on just terms. Under these circumstances, either Rule justifies an order permitting Consumer Plaintiffs to add the Proposed Plaintiffs to the Second Amended Complaint, as well as to update allegations concerning the relevant markets.[2]

## II.  FACTUAL AND PROCEDURAL BACKGROUND

Consumer Plaintiffs filed their Consolidated Consumer Class Action Complaint ("Consolidated Complaint") on December 28, 2020. (Dkt. 132).[3] The Consolidated Complaint alleged that Defendants violated the Sherman Act and California Cartwright Act, and named six plaintiffs, all of whom "purchased one or more apps through the Google Play Store" and/or "purchased in-app digital content through one or more apps offered in the Google Play Store from August 16, 2016, to the present and paid Google directly for these purchases." (*Id.* at ¶¶16-21).

As discovery progressed, Consumer Plaintiffs decided to dismiss the claims filed by three of the original named plaintiffs—Kondomar Herrera, Francis MacAulay and Paul Kerivan. To that end, Consumer Plaintiffs and Defendants negotiated a stipulated dismissal without prejudice for those individuals, which the Court entered on July 27, 2021. (Dkt. 186). Around the same time, Consumer Plaintiffs filed their First Amended Complaint, which added two plaintiffs as named plaintiffs and putative class representatives. (Dkt. 185-3 at ¶¶26-27). The First Amended

---

[2] The proposed Second Amended Complaint also adds one factual allegation regarding a change Google made to its take rates for in-app purchases of subscriptions on October 21, 2021. The parties have already negotiated discovery concerning Google's announcement, and the addition will cause no prejudice to Google.

[3] Unless otherwise indicated, all citations to the record refer to the docket in *In re Google Play Consumer Antitrust Litigation*, case number 3:20-CV-05761-JD.

Complaint alleged that Defendants unlawfully monopolize the android application distribution market and the in-app aftermarket. (*Id.*)

On October 22, 2021, the Court entered the MDL Scheduling Order after considering the parties' Joint Statement re: Case Schedule. (MDL Dkt. 122). The MDL Scheduling Order provides that December 3, 2021 is the deadline for adding parties and amending pleadings. (*Id.*)

Consumer Plaintiffs now seek leave pursuant to Rules 15 and/or 21 to add the Proposed Plaintiffs as named plaintiffs and putative class representatives in this lawsuit, and to update certain allegations concerning the relevant markets.

### III.     ARGUMENT AND AUTHORITY

#### A.     Leave to Add the Proposed Plaintiffs and Update the Relevant Markets Should be Granted Pursuant to Rule 15(a)(2).

A liberal standard governs a party's right to amend. Rule 15(a)(2) instructs that courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2) (2021). "In *Foman v. Davis,* 371 U.S. 178, 182 (1962), the Supreme Court declared that the requirement of Rule 15(a) that leave to amend shall be freely given when justice so requires 'is to be heeded' [and the] Ninth Circuit has directed district courts to apply the rule favoring amendments to pleadings with 'extreme liberality.'" *Whelan v. Miles Indus.*, No. C-11-02146 EDL, 2012 WL 12920688, at *3 (N.D. Cal. Sept. 12, 2012) (*quoting DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)).

Courts consider five factors when evaluating a motion for leave to amend: (1) whether the movant unduly delayed in bringing the motion; (2) evidence of bad faith or dilatory motive by the movant; (3) a movant's repeated failure to cure deficiencies by previous amendments; (4) prejudice to the opposing party; and (5) futility of the amendment. *Griggs v. Pace Am. Grp. Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). The "predominating factor is the resulting prejudice to the opposing party." *Braun v. Norton*, No. C-05-03777-MJJ, 2006 WL 8459605, at *2 (N.D. Cal. Jan. 27, 2006). *See also Yucesoy v. Uber Techs., Inc.*, No. C-15-0262 EMC, 2015 WL 4571547, at *2 (N.D. Cal.

July 28, 2015) ("the crucial factor is the resulting prejudice to the opposing party." (internal quotations omitted)); *Whelan*, 2012 WL 12920688, at *3 ("prejudice is the critical factor in considering motions for leave to amend.") "Absent prejudice, or a strong showing of any of the remaining [] factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Braun*, 2006 WL 8459605, at *2 (*quoting Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)) (emphasis in original). *See also Bradley v. T-Mobile US, Inc.*, No. 17-cv-07232-BLF, 2019 WL 2358972 at *2 (N.D. Cal. June 4, 2019) (same).

        **1.**        **No party would be prejudiced by amendment.**

Adding the Proposed Plaintiffs and updating the relevant markets would not prejudice any party. Discovery is ongoing. Depositions have only just begun, with the first one having occurred on December 2, 2021. No expert reports or opinions have been disclosed. Briefing on class certification is still weeks away while the deadlines for dispositive and *Daubert* motions, as well as trial, are still months away. The Proposed Plaintiffs were already members of the putative class and the updated allegations concerning the relevant markets do not change the theories of the case and/or have been alleged by other plaintiffs in this MDL. Under such circumstances, Defendants cannot seriously contend they are prejudiced by Consumer Plaintiffs' proposed amendment. *See, e.g., Bradley*, 2019 WL 2358972 at *2-3 (additional plaintiff permitted because "Defendants have more than adequate time to brief and argue a motion to dismiss [and] to conduct further discovery, if necessary."); *McConnell v. Red Robin Int'l, Inc.*, No. C 11-03026 (WHA), 2012 WL 1357616, at *2-3 (N.D. Cal. Apr. 17, 2012) (no prejudice where proposed plaintiff was already a class member); *Whelan*, 2012 WL 12920688 at *3-4 (permitting new named plaintiffs because, among other reasons, limited discovery required was not prejudicial).

Further, the Proposed Plaintiffs' circumstances and claims are essentially identical to those of the existing plaintiffs and putative class members. (*See* Dkt. 185-3 at ¶¶ 23-29). More to the point, adding the Proposed Plaintiffs and adjusting the relevant markets will neither expand the scope of the Consumer Plaintiffs' claims nor change core legal theories. As *Braun* recognized, the

"undue prejudice which a court must guard against is that prejudice which would cause a party undue difficulty in prosecuting a lawsuit as a result of a change of tactics or theories on the part of the other party." *Braun*, 2006 WL 8459605, at *4 (internal quotations omitted). *See also In re Facebook Priv. Litig.*, No. 10-cv-02389 (RMW), 2015 WL 2453734, at *5 (N.D. Cal. May 22, 2015) (no prejudice when additional plaintiffs are "not seeking new categories of avenues of discovery.") No such difficulties exist here. This total lack of prejudice strongly favors adding the Proposed Plaintiffs.

### 2.     Rule 15(a)(2)'s remaining factors also support amendment.

The additional factors relevant to Rule 15(a)(2) also favor leave to amend. Consumer Plaintiffs did not delay in seeking this amendment. *Griggs*, 170 F.3d at 880. The schedule entered by this Court contemplated the deadline to add parties and amend pleadings would be December 3, 2021. Defendants have adequate time to investigate the Proposed Plaintiffs and prepare for trial. The revised allegations concerning the relevant markets will not prejudice Google because similarly defined worldwide markets are alleged in the operative complaints of other plaintiffs in this multi-district litigation. This lack of prejudice trumps any minor inconvenience allegedly caused by amendment. *See Kormylo v. Forever Resorts, LLC*, No. 13cv511 JM (WVG), 2015 WL 5944064, at *6 (S.D. Cal. Oct. 13, 2015) (allowing amendment where delay did not prejudice defendants).

There is also no evidence that Consumer Plaintiffs are acting in bad faith or with a dilatory motive. *Griggs*, 170 F.3d at 880. The addition of the Proposed Plaintiffs and updated market definition have no meaningful effect on the scope, timing or substance of this litigation. Therefore, this factor also supports leave to amend.

Finally, Consumer Plaintiffs' proposed amendment is not the result of failure or futility. *Griggs*, 170 F.3d at 880. Plaintiffs named in the Consumer Plaintiffs' prior filings—be they plaintiffs' original, individual complaints or the consumers' consolidated pleadings—were appropriate plaintiffs and putative class representatives and Defendants never suggested otherwise.

The addition of the Proposed Plaintiffs is not, therefore, required to cure a repeated, prior deficiency. Similarly, adding the Proposed Plaintiffs is not futile. Alex Iwamoto and Leigh Silver are proper plaintiffs because they "made one or more purchases of in-app digital content through one or more apps offered in the Google Play Store from August 16, 2016 to the present and paid Google directly for [those] purchases." (Dkt. 185-3 at ¶¶ 26-27). There is nothing unique about the Proposed Plaintiffs that would render their claims futile.

In summary, all factor courts consider under a Rule 15(a)(2) analysis supports adding the Proposed Plaintiffs to the First Amended Complaint.

**B.      The Proposed Plaintiffs Should be Added Pursuant to Rule 21.**

Alternatively, as it relates to the addition of the Proposed Plaintiffs, Rule 21 "allows parties to amend their pleadings by adding new parties but only with leave of court." *Harper*, 2005 WL 8173082, at *2. Rule 21 provides: "On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21 (2021). For the same reasons amendment is appropriate under Rule 15(a), "just terms" exist to add the Proposed Plaintiffs. No party would be prejudiced by the amendment. The Proposed Plaintiffs' claims are essentially identical to those alleged by consumers since this litigation began and, as such, naming them putative class representatives would not expand the breadth or complexity of this case. The amendment will have no discernable impact on the timing or progression of this lawsuit, particularly considering discovery is ongoing, depositions have only just begun, no significant motion practice has occurred, and trial is not scheduled until fall 2022. Defendants cannot plausibly assert any reason why they would be harmed if the Proposed Plaintiffs were added. For these reasons, the Court should exercise its discretion under Rule 21 and add the Proposed Plaintiffs as plaintiffs and putative class representatives in this lawsuit.

**IV.     CONCLUSION**

Based on the foregoing, the Court should enter an order pursuant to Rule 15(a)(2) permitting Consumer Plaintiffs to amend their Complaint to add the Proposed Plaintiffs as named

plaintiffs and putative class representatives and to and to update certain allegations concerning the relevant markets. In the alternative, the Court may also enter an order pursuant to Rule 21 adding the Proposed Plaintiffs to this lawsuit.

Respectfully submitted,

By: */s/ Karma M. Giulianelli*

**BARTLIT BECK LLP**
Karma M. Giulianelli (SBN 184175)
Glen E. Summers (SBN 176402)
Jameson R. Jones (*pro hac vice*)
1801 Wewatta St., Suite 1200
Denver, CO 80202
Telephone: (303) 592-3100
Facsimile: (303) 592-3140
karma.giulianelli@bartlitbeck.com
glen.summers@bartlitbeck.com
jameson.jones@bartlitbeck.com

John Byars (*pro hac vice*)
Lee Mason (*pro hac vice*)
54 W. Hubbard St., Suite 300
Chicago, IL 60654
Telephone: (312) 494-4400
Facsimile: (312) 494-4440
john.byars@bartlitbeck.com
lee.mason@bartlitbeck.com

**KOREIN TILLERY, LLC**
George A. Zelcs (*pro hac vice*)
Robert E. Litan (*pro hac vice*)
Randall Ewing, Jr. (*pro hac vice*)
205 North Michigan, Suite 1950
Chicago, IL 60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751
gzelcs@koreintillery.com
rlitan@koreintillery.com
rewing@koreintillery.com

Stephen M. Tillery (*pro hac vice*)
Michael E. Klenov (SBN 277028)
Carol O'Keefe (*pro hac vice*)
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525
stillery@koreintillery.com
mklenov@koreintillery.com
cokeefe@koreintillery.com

By: */s/ Hae Sung Nam*

**KAPLAN FOX & KILSHEIMER LLP**
Hae Sung Nam (*pro hac vice*)
Robert N. Kaplan (*pro hac vice*)
Frederic S. Fox (*pro hac vice*)
Donald R. Hall (*pro hac vice*)
Aaron L. Schwartz (*pro hac vice*)
850 Third Avenue
New York, NY 10022
Tel.: (212) 687-1980
Fax: (212) 687-7715
hnam@kaplanfox.com
rkaplan@kaplanfox.com
ffox@kaplanfox.com
dhall@kaplanfox.com
aschwartz@kaplanfox.com

**KAPLAN FOX & KILSHEIMER LLP**
Laurence D. King (SBN 206423)
Kathleen A. Herkenhoff (SBN 168562)
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Telephone: 415-772-4700
Facsimile: 415-772-4707
lking@kaplanfox.com
kherkenhoff@kaplanfox.com

**PRITZKER LEVINE, LLP**
Elizabeth C. Pritzker (SBN 146267)
Bethany Caracuzzo (SBN 190687)
Caroline Corbitt (SBN 305492)
1900 Powell Street, Suite 450
Emeryville, CA 94608
Telephone: (415) 805-8532
Facsimile: (415) 366-6110
ecp@pritzkerlevine.com
bc@pritzkerlevine.com
ccc@pritzkerlevine.com

| | |
|---|---|
| **COTCHETT, PITRE & MCCARTHY, LLP** | **MILBERG PHILLIPS GROSSMAN LLP** |
| Nanci E. Nishimura (SBN 152621) | Peggy J. Wedgworth (*pro hac vice*) |
| Adam J. Zapala (SBN 245748) | Robert A. Wallner (*pro hac vice*) |
| Elizabeth T. Castillo (SBN 280502) | Elizabeth McKenna (*pro hac vice*) |
| Tamarah P. Prevost (SBN 313422) | Blake Yagman (*pro hac vice*) |
| Noorjahan Rahman (SBN 330572) | Michael Acciavatti (*pro hac vice*) |
| San Francisco Airport Office Center | One Penn Plaza, Suite 1920 |
| 840 Malcolm Road, Suite 200 | New York, New York 10119 |
| Burlingame, CA 94010 | Telephone: 212-594-5300 |
| Telephone: (650) 697-6000 | Facsimile: 212-868-1229 |
| Facsimile: (650) 697-0577 | pwedgworth@milberg.com |
| nnishimura@cpmlegal.com | rwallner@milberg.com |
| azapala@cpmlegal.com | emckenna@milberg.com |
| ecastillo@cpmlegal.com | byagman@milberg.com |
| tprevost@cpmlegal.com | macciavatti@milberg.com |
| nrahman@cpmlegal.com | |

*Counsel for the Proposed Class*

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing was served on December 3, 2021 upon all counsel of record via the Court's electronic notification system.

/s/ Karma M. Giulianelli