1   Karma M. Giulianelli (SBN 184175)
    karma.giulianelli@bartlitbeck.com
2   **BARTLIT BECK LLP**
    1801 Wewetta St., Suite 1200
3   Denver, Colorado 80202
    Telephone: (303) 592-3100
4
    Hae Sung Nam (*pro hac vice*)
5   hnam@kaplanfox.com
    **KAPLAN FOX & KILSHEIMER LLP**
6   850 Third Avenue
    New York, NY 10022
7   Tel.: (212) 687-1980

8   *Co-Lead Counsel for the Proposed Class in In
    re Google Play Consumer Antitrust Litigation*
9
    Steve W. Berman (*pro hac vice*)
10  steve@hbsslaw.com
    **HAGENS BERMAN SOBOL SHAPIRO LLP**
11  1301 Second Ave., Suite 2000
    Seattle, WA 98101
12  Telephone: (206) 623-7292

13  Eamon P. Kelly (*pro hac vice*)
    ekelly@sperling-law.com
14  **SPERLING & SLATER P.C.**
    55 W. Monroe, Suite 3200
15  Chicago, IL 60603
    Telephone: 312-641-3200
16
    *Co-Lead Counsel for the Proposed Class in In
17  re Google Play Developer Antitrust Litigation
    and Attorneys for Pure Sweat Basketball, Inc.*
18
    Bonny E. Sweeney (SBN 176174)
19  bsweeney@hausfeld.com
    **HAUSFELD LLP**
20  600 Montgomery Street, Suite 3200
    San Francisco, CA 94104
21  Telephone: (415) 633-1908

22  *Co-Lead* Counsel *for the Proposed Class in In
    re Google Play Developer Antitrust Litigation
23  and Attorneys for Peekya App Services, Inc.*

24  Douglas J. Dixon (SBN 275389)
    ddixon@hueston.com
25  **HUESTON HENNIGAN LLP**
    620 Newport Center Drive, Suite 1300
26  Newport Beach, CA 92660
    Telephone:     (949) 229-8640
27
    *Counsel for Plaintiffs Match Group, LLC et al.*
28

    Paul J. Riehle (SBN 115199)
    paul.riehle@faegredrinker.com
    **FAEGRE DRINKER BIDDLE & REATH LLP**
    Four Embarcadero Center, 27th Floor
    San Francisco, CA 94111
    Telephone: (415) 591-7500

    Christine A. Varney (*pro hac vice*)
    cvarney@cravath.com
    **CRAVATH, SWAINE & MOORE LLP**
    825 Eighth Avenue
    New York, New York 10019
    Telephone: (212) 474-1000

    *Counsel for Plaintiff Epic Games, Inc. in Epic
    Games, Inc. v. Google LLC et al.*

    Brendan P. Glackin (SBN 199643)
    bglackin@agutah.gov
    **OFFICE OF THE UTAH ATTORNEY
    GENERAL**
    160 E 300 S, 5th Floor
    PO Box 140872
    Salt Lake City, UT 84114-0872
    Telephone:  801-366-0260
    *Counsel for Utah and the Plaintiff States*

    Brian C. Rocca (SBN 221576)
    brian.rocca@morganlewis.com
    **MORGAN, LEWIS & BOCKIUS LLP**
    One Market, Spear Street Tower
    San Francisco, CA 94105-1596
    Telephone: (415) 442-1000

    Daniel M. Petrocelli (SBN 97802)
    dpetrocelli@omm.com
    **O'MELVENY & MYERS LLP**
    1999 Avenue of the Stars, 7th Fl.
    Los Angeles, CA 90067-6035
    Telephone:  (310) 553-6700

    *Counsel for Defendants Google LLC et al.*

    Glenn D. Pomerantz (SBN 97802)
    glenn.pomerantz@mto.com
    **MUNGER, TOLLES & OLSON LLP**
    350 South Grand Avenue, Fiftieth Floor
    Los Angeles, California 90071-3426
    Telephone:     (213) 683-9100

    *Counsel for Defendants Google LLC et al. in In
    re Google Play Consumer Antitrust Litig.; In re
    Google Play Developer Antitrust Litig.; Epic
    Games, Inc. v. Google LLC et al.; State of Utah et
    al. v. Google LLC et al.*

STIPULATED [PROPOSED] SECOND AMENDED SUPPLEMENTAL PROTECTIVE ORDER
GOVERNING PRODUCTION OF PROTECTED NON-PARTY MATERIALS
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:20-cv-05792-JD; 3:21-cv-05227-JD; 3:22-
cv-02746-JD

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Match Group, LLC et al. v. Google LLC et al.*, Case No. 3:22-cv-02746-JD<br><br>*Epic Games Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD<br><br>*In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD<br><br>*In re Google Play Developer Antitrust Litigation*, Case No. 3:20-cv-05792-JD<br><br>*State of Utah et al. v. Google LLC et al.*, Case No. 3:21-cv-05227-JD | Case No. 3:21-md-02981-JD<br><br>**STIPULATED [PROPOSED] SECOND AMENDED SUPPLEMENTAL PROTECTIVE ORDER GOVERNING PRODUCTION OF PROTECTED NON-PARTY MATERIALS**<br><br>Judge: Hon. James Donato |

- 2 -

1    WHEREAS, on May 20, 2021, the Court entered a Stipulated Protective Order Governing

2    Production of Protected Non-Party Materials (the "Non-Party Protective Order") in the above-

3    captioned cases.  *See* Case No. 3:21-md-02981-JD, Dkt. No. 44;

4    WHEREAS on July 20, 2021, the Court entered an Order Determining Cases to be

5    Related with respect to the case entitled *State of Utah, et al. v. Google LLC et al.*, Case No. 3:21-

6    cv-5227-JSC, which consolidated that case into MDL Case No. 2981 (the "Litigation"). The

7    Parties acknowledge that certain protective orders require amendment to govern the production

8    by and to the Plaintiff States;

9    WHEREAS on December 10, 2020, the Court entered a Stipulated Protective Order in the

10   following cases: Case No. 3:20-cv-05671-JD, Dkt. No. 110, approving Dkt. No. 106-1; Case No.

11   3:20-cv-05761-JD, Dkt. No. 117, approving Dkt. No. 109-1; Case No. 3:20-cv-05792; JD, Dkt.

12   No. 78, approving Dkt. No. 76-1, and Parties have concurrently submitted an amendment to that

13   Stipulated Protective Order to govern the production by and to the Plaintiff States ("Amended

14   Protective Order");

15   WHEREAS on October 22, 2021, the Court entered a Stipulated Supplemental Protective

16   Order Governing Production of Protected Non-Party Materials (the "First Amended Supplemental

17   Protective Order") in the following cases:  Case No. 3:21-md-02981-JD, Dkt. No. 124, approving

18   Dkt. No. 117; Case No. 3:20-cv-05671-JD, Dkt. No. 190, approving Dkt. No. 185; Case No.

19   3:20-cv-05761-JD, Dkt. No. 224, approving Dkt. No. 219; Case No. 3:20-cv-05792-JD, Dkt. No.

20   163, approving Dkt. No. 158; Case No. 3:21-cv-05227-JD, Dkt. No. 186, approving Dkt. No.

21   177;

22   WHEREAS on December 20, 2021, the Court entered a Stipulated Second Amended

23   Protective Order in Case No. 3:21-md-02981-JD, Dkt. No. 170, approving Dkt. No. 154; Case

24   No. 3:20-cv-05671-JD, Dkt. No. 203, approving Dkt. No. 199; Case No. 3:20-cv-05761-JD, Dkt.

25   No. 239, approving Dkt. No. 232; Case No. 3:20-cv-05792- JD, Dkt. No. 177, approving Dkt.

26   No. 168, Case No. 3:21-cv-05227-JD, Dkt. No. 204, approving Dkt. No. 198 (the "Second

27   Amended Protective Order");

28

STIPULATED [PROPOSED] SECOND AMENDED SUPPLEMENTAL PROTECTIVE ORDER
GOVERNING PRODUCTION OF PROTECTED NON-PARTY MATERIALS
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:20-cv-05792-JD; 3:21-cv-05227-JD; 3:22-
cv-02746-JD

1      WHEREAS, the Parties in the above-captioned cases have filed concurrently herewith the

2   Stipulated [Proposed] Third Amended Protective Order (the "Third Amended Protective Order");

3      WHEREAS, Section 11(a) of the Third Amended Protective Order states that its

4   provisions should not "be construed as prohibiting a Non-Party from seeking additional

5   protections";

6      WHEREAS, materials that Parties intend to produce in the Litigations may contain

7   information that is subject to contractual obligations to a Non-Party, including but not limited to

8   non-disclosure agreements between a Party and Non-Party, or may otherwise contain Non-Party

9   Protected Material (as defined herein);

10      WHEREAS, Parties have served subpoenas pursuant to Rule 45 of the Federal Rules of

11   Civil Procedure on Non-Parties;

12      WHEREAS, certain Non-Parties have expressed concerns regarding the production of

13   competitively sensitive information to Parties in the Litigations absent certain additional

14   protections beyond those set forth in the Third Amended Protective Order;

15      WHEREAS, on May 9, 2022, Match Group, LLC; Humor Rainbow, Inc.; PlentyofFish

16   Media ULC; and People Media, Inc. filed a complaint in Case No. 3:22-cv-02746-JD, which has

17   been related to the above matters, and too consent to the terms of the First Amended

18   Supplemental Protective Order;

19      WHEREFORE, IT IS HEREBY ORDERED that documents or information disclosed or

20   produced by Non-Parties or by Parties to the extent such documents or information are designated

21   as containing Non-Party Protected Material in connection with the Litigations shall be subject to

22   the following provisions (the "Second Amended Supplemental Protective Order"):

23      1.      GENERAL PROVISIONS

24          1.1      The definitions, terms and provisions contained in the Third Amended

25   Protective Order shall be incorporated herein by reference as though fully set forth herein;

26   provided, however, that in the event of a conflict between any definition, term, or provision of

27   this Second Amended Supplemental Protective Order and any definition, term, or provision of the

28

- 4 -

1  Third Amended Protective Order, this Second Amended Supplemental Protective Order will

2  control with respect to such conflict.

3       1.2   The definitions, terms and provisions contained in this Second Amended

4  Supplemental Protective Order shall apply only to those Discovery Materials designated as Non-

5  Party Protected Material in accordance with this Second Amended Supplemental Protective

6  Order, and nothing herein shall provide any rights or protections to the Parties to the Litigations

7  beyond those set forth in the Third Amended Protective Order.

8      2.   DEFINITIONS

9       2.1   Designating Party: a Party or Non-Party that designates information or

10  items that it produces in disclosures or in responses to discovery in the Litigations as "NON-

11  PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY."

12       2.2   Non-Party Protected Material: sensitive Non-Party confidential

13  information or documents, disclosure of which to another Party or Non-Party could create a

14  substantial risk of serious harm to the Non-Party.

15      3.   SCOPE

16       3.1   This Second Amended Supplemental Protective Order covers not only

17  documents designated "NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL

18  EYES ONLY", but also any information copied, excerpted, or summarized from documents with

19  such designation and any testimony, conversations, or presentations by Counsel that might reveal

20  information from documents with such designation.  However, the protections conferred by this

21  Second Amended Supplemental Protective Order do not cover the following: (a) any documents

22  or information that is in the public domain at the time of disclosure to a Receiving Party or

23  becomes part of the public domain after its disclosure to a Receiving Party for reasons not

24  involving a violation of this Second Amended Supplemental Protective Order or the Third

25  Amended Protective Order, including becoming part of the public record through trial or

26  otherwise; and (b) any documents or information known to the Receiving Party prior to the

27  disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the

28

- 5 -

1   document or information lawfully and under no obligation of confidentiality to the Designating

2   Party.

3           3.2     Nothing in these provisions should be construed as prohibiting a Non-Party

4   from seeking additional protections.

5           4.      DESIGNATION AND USE OF NON-PARTY PROTECTED MATERIAL

6           4.1     In order for materials produced in discovery to qualify for protection as

7   "NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY", the

8   Designating Party must affix the legend "NON-PARTY HIGHLY CONFIDENTIAL –

9   OUTSIDE COUNSEL EYES ONLY" to each page of any document for which the Designating

10  Party seeks protection under this Second Amended Supplemental Protective Order;

11          4.2     Unless otherwise ordered by the Court or permitted by all implicated Non-

12  Parties, a Receiving Party may disclose documents and information designated as "NON-PARTY

13  HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" to the following only:

14          (a)     The Receiving Party's Outside Counsel of Record in this action, as

15  well as employees of Outside Counsel of Record to whom it is reasonably necessary to disclose

16  the documents or information for this litigation and who have signed the "Acknowledgment and

17  Agreement to be Bound" (Exhibit A to the Third Amended Protective Order);

18          (b)     State AGO Attorneys who have appeared on behalf of Plaintiff

19  States in this litigation, who are actively prosecuting the Litigation, or to whom it is reasonably

20  necessary to disclose the information for purposes of this litigation; State AGO Attorneys who

21  have appeared will maintain a list of Attorneys as well as supervisors of support staff subject to

22  this section;

23          (c)     Experts of the Receiving Party (1) to whom disclosure is reasonably

24  necessary for the Litigations and (2) who have signed the "Acknowledgment and Agreement to

25  be Bound" (Exhibit A to the Third Amended Protective Order);

26          (d)     The Court and its personnel;

27          (e)     Stenographic reporters, videographers, and their respective staff,

28

- 6 -

1    professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably

2    necessary for these Litigations and who have signed the "Acknowledgment and Agreement to be

3    Bound" (Exhibit A to the Third Amended Protective Order);

4                        (f)        The author or recipient of a document containing the information or

5    custodian or other person who otherwise possessed or knew the information.

6                   4.3        Filing and Filing under Seal.  A Party may not file in the public record in

7    this action any Non-Party Protected Material.  Non-Party Protected Material may be filed only

8    under seal pursuant to a Court order authorizing the sealing of the specific Non-Party Protected

9    Material at issue.  A Party that seeks to file under seal any Non-Party Protected Material must

10   comply with Civil Local Rule 79-5.  In addition to the requirements of Civil Local Rule 79-5(e),

11   the Party seeking to file under seal any Non-Party Protected Material should identify the Non-

12   Party whose Non-Party Protected Material has been designated as "NON-PARTY HIGHLY

13   CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" and serve the supporting declaration

14   on the Non-Party so that Non-Party has the opportunity to file a declaration establishing that all of

15   the designated material is sealable pursuant to Civil Local Rule 79-5(e).  If a Receiving Party's or

16   Non-Party's request to file Non-Party Protected Material under seal pursuant to Civil Local

17   Rule 79-5(e) is denied by the Court, then the Receiving Party may file the Protected Material in

18   the public record pursuant to Civil Local Rule 79-5(e)(2), unless otherwise instructed by the

19   Court.

20                  4.4        Use of Non-Party Protected Material at Depositions.  Except as may

21   otherwise be ordered by the Court, any person may be examined as a witness at deposition and

22   may testify concerning Non-Party Protected Material to the extent such person was the author,

23   recipient, or custodian of the material, or otherwise possessed or had prior knowledge of such

24   material.  For clarity,

25                        (a)        A present director, officer, agent, employee and/or designated Rule

26   30(b)(6) witness of a Non-Party may be examined and may testify concerning Non-Party

27   Protected Material, but to the extent a document is designated as NON-PARTY HIGHLY

28

- 7 -

1  CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY and contains another Non-Party's

2  Protected Material, all such materials, of which such person did not have prior knowledge, should

3  be redacted prior to introducing any such document for examination;

4          (b)      A former director, officer, agent, and/or employee of Non-Party

5  may be interviewed or examined and may testify concerning Non-Party Protected Material to the

6  extent such person was the author, recipient, or custodian of the material, or otherwise possessed

7  or had prior knowledge of such material, but to the extent a document is designated as NON-

8  PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY and contains

9  another Non-Party's Protected Material, all such materials, of which such person did not have

10  prior knowledge, should be redacted prior to introducing any such document for examination;

11          (c)      Any other witness may be examined at deposition or otherwise

12  testify concerning any document containing Non-Party Protected Material which appears on its

13  face or from other documents or testimony to have been received from, communicated to, or

14  otherwise made known to that witness as a result of any contact or relationship with the Non-

15  Party, but to the extent a document is designated as NON-PARTY HIGHLY CONFIDENTIAL –

16  OUTSIDE COUNSEL EYES ONLY and contains another Non-Party's Protected Material, all

17  such materials, of which such person did not have prior knowledge, should be redacted prior to

18  introducing any such document for examination; and

19          (d)      At deposition, any person other than (i) the witness, (ii) the

20  witness's outside attorney(s), and (iii) any Person(s) qualified to receive documents designated as

21  NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY under this

22  Second Amended Supplemental Protective Order shall be excluded from the portion of the

23  examination concerning such information, unless the Non-Party or the witness appearing on

24  behalf of the Non-Party whose Non-Party's Protected Material is at issue consents to that

25  person's attendance.  If the witness is represented by an outside attorney who is not qualified

26  under this Second Amended Supplemental Protective Order to receive such information, then

27  prior to the examination, the outside attorney shall be requested to sign and provide a signed copy

28

- 8 -

1  of the "Acknowledgment and Agreement to be Bound" attached as Exhibit A to the Third

2  Amended Protective Order, and to confirm that he or she will comply with the terms of this

3  Second Amended Supplemental Protective Order and maintain the confidentiality of information

4  contained within documents designated as NON-PARTY HIGHLY CONFIDENTIAL –

5  OUTSIDE COUNSEL EYES ONLY.  In the event that such outside attorney declines to sign the

6  "Acknowledgment and Agreement to be Bound" prior to the examination, the Non-Party may

7  seek a protective order from the Court, in a motion to which the Parties will not object,

8  prohibiting such outside attorney from disclosing Non-Party Protected Material.

9         4.5     Use of Designated Material at Hearings. A Party must not disclose NON-

10  PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY information,

11  directly or indirectly, in an open hearing without prior consent from the Non-Party or without

12  authorization from the court.  If the disclosing party anticipates disclosing any NON-PARTY

13  HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY information in any open

14  hearing, the disclosing party must notify the Non-Party of its intent to disclose such material at

15  least four (4) business days in advance of such disclosure, or, if such notice is not possible, as

16  soon as is reasonably practicable, and describe the materials to be disclosed with reasonable

17  particularity, so that the Non-Party has the opportunity to file an objection to such disclosure and

18  establish that the materials to be disclosed are sealable pursuant to Civil Local Rule 79-5(e) and

19  the Court's standing orders.  If such notice is not given or the Non-Party files such an objection,

20  the Disclosing Party must request that the courtroom be sealed, and that only those authorized to

21  review NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY

22  information remain present during the presentation of such material, unless the Court orders

23  otherwise.

24         4.6     Use of Designated Material at Trial.  Any Party that discloses any NON-

25  PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY materials on any

26  trial exhibit list exchanged with an opposing Party, or that is disclosed to the Court, must disclose

27  such materials to the implicated Non-Party no later than two (2) business days after such

28

1  exchange or disclosure, and describe the materials with reasonable particularity, so that the Non-

2  Party has the opportunity to file an objection to such disclosure and establish that the materials to

3  be disclosed are sealable pursuant to Civil Local Rule 79-5(e) and the Court's standing orders.  If

4  such notice is not given or the Non-Party files such an objection, the Disclosing Party must

5  request that the courtroom be sealed, and that only those authorized to review NON-PARTY

6  HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY information remain present

7  during the presentation of such material, unless the Court orders otherwise.

Dated: May 24, 2022

CRAVATH, SWAINE & MOORE LLP
    Christine Varney *(pro hac vice)*
    Katherine B. Forrest *(pro hac vice)*
    Darin P. McAtee *(pro hac vice)*
    Gary A. Bornstein *(pro hac vice)*
    Timothy G. Cameron *(pro hac vice)*
    Yonatan Even *(pro hac vice)*
    Lauren A. Moskowitz *(pro hac vice)*
    Omid H. Nasab *(pro hac vice)*
    Justin C. Clarke *(pro hac vice)*
    M. Brent Byars *(pro hac vice)*

FAEGRE DRINKER BIDDLE & REATH LLP
    Paul J. Riehle (SBN 115199)

Respectfully submitted,

By:   */s/ Lauren A. Moskowitz*
      Lauren A. Moskowitz

*Counsel for Plaintiff Epic Games, Inc.*

Dated: May 24, 2022

BARTLIT BECK LLP
    Karma M. Giulianelli

KAPLAN FOX & KILSHEIMER LLP
    Hae Sung Nam

Respectfully submitted,

By:   */s/ Karma Giulianelli*
      Karma M. Giulianelli

*Co-Lead Counsel for the Proposed Class in
In re Google Play Consumer Antitrust
Litigation*

- 10 -

1

2    Dated:  May 24, 2022                              PRITZKER LEVINE LLP
                                                           Elizabeth C. Pritzker
3
                                                      Respectfully submitted,
4
                                                      By:   */s/ Elizabeth Pritzker*
5                                                            Elizabeth C. Pritzker

6                                                            *Liaison Counsel for the Proposed Class in*
                                                            *In re Google Play Consumer Antitrust*
7                                                            *Litigation*

8    Dated: May 24, 2022                               HAGENS BERMAN SOBOL SHAPIRO LLP
                                                           Steve W. Berman
9                                                          Robert F. Lopez
                                                           Benjamin J. Siegel
10
                                                      SPERLING & SLATER PC
11                                                         Joseph M. Vanek
                                                           Eamon P. Kelly
12                                                         Alberto Rodriguez

13
                                                      Respectfully submitted,
14
                                                      By:   */s/ Steve Berman*
15                                                           Steve W. Berman

16                                                           *Co-Lead Interim Class Counsel for the*
                                                            *Developer Class and Attorneys for Plaintiff*
17                                                           *Pure Sweat Basketball*

18

19   Dated: May 24, 2022                               HAUSFELD LLP
                                                           Bonny E. Sweeney
20                                                         Melinda R. Coolidge
                                                           Katie R. Beran
21                                                         Scott A. Martin
                                                           Irving Scher
22

23                                                    Respectfully submitted,

24                                                    By:   */s/ Bonny Sweeney*
                                                            Bonny E. Sweeney
25
                                                            *Co-Lead Interim Class Counsel for the*
26                                                           *Developer Class and Attorneys for Plaintiff*
                                                            *Peekya App Services, Inc.*
27

28
                                         - 11 -

1    Dated: May 24, 2022

OFFICE OF THE UTAH ATTORNEY
GENERAL
    Brendan P. Glackin

Respectfully submitted,

By:    */s/ Brendan P. Glackin*
        Brendan P. Glackin
*Counsel for Utah and the Plaintiff States*

Dated: May 24, 2022

HUESTON HENNIGAN LLP
    John C. Hueston
    Douglas J. Dixon
    Joseph A. Reiter
    Michael K. Acquah
    William M. Larsen
    Julia L. Haines

Respectfully submitted,

By:    */s/ Douglas J. Dixon*
        Douglas J. Dixon
*Counsel for Match Group, LLC; Humor Rainbow,
Inc.; PlentyofFish Media ULC; and People
Media, Inc.*

Dated:  May 24, 2022

MORGAN, LEWIS & BOCKIUS LLP
    Brian C. Rocca
    Sujal J. Shah
    Michelle Park Chiu
    Minna L. Naranjo
    Rishi P. Satia

Respectfully submitted,

By:    */s/ Brian Rocca*
        Brian C. Rocca

*Counsel for Defendants Google LLC et al.*

- 12 -

1    Dated: May 24, 2022                    O'MELVENY & MYERS LLP
                                               Daniel M. Petrocelli
2                                              Ian Simmons
                                               Benjamin G. Bradshaw
3                                              E. Clay Marquez
                                               Stephen J. McIntyre
4

5                                           Respectfully submitted,

6
                                            By:    */s/ Daniel Petrocelli*
7                                                  Daniel M. Petrocelli

8                                           *Counsel for Defendants Google LLC et al.*

9

10

11   Dated: May 24, 2022                    MUNGER, TOLLES & OLSON LLP
                                               Glenn D. Pomerantz
12                                             Kuruvilla Olasa
                                               Emily C. Curran-Huberty
13                                             Jonathan I. Kravis
                                               Justin P. Raphael
14                                             Kyle W. Mach

15                                          Respectfully submitted,

16
                                            By:    */s/ Glenn Pomerantz*
17                                                 Glenn D. Pomerantz

18                                          *Counsel for Defendants Google LLC et al. in In
                                            re Google Play Consumer Antitrust Litig.; In re
19                                          Google Play Developer Antitrust Litig.; Epic
                                            Games, Inc. v. Google LLC et al.; State of Utah et
20                                          al. v. Google LLC et al.*

21

22

23
                                                       **<u>ORDER</u>**
24

25         Pursuant to stipulation, it is so ordered.

26
     DATED: _____    _____
27                                           HON. JAMES DONATO
                                             United States District Court Judge
28
                                               - 13 -

     STIPULATED [PROPOSED] SECOND AMENDED SUPPLEMENTAL PROTECTIVE ORDER
              GOVERNING PRODUCTION OF PROTECTED NON-PARTY MATERIALS
     Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:20-cv-05792-JD; 3:21-cv-05227-JD; 3:22-
                                             cv-02746-JD

1

## **E-FILING ATTESTATION**

2     I, Hae Sung Nam, am the ECF User whose ID and password are being used to file

3 this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the

4 signatories identified above has concurred in this filing.

5

6
         /s/ *Hae Sung Nam*
              Hae Sung Nam

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 14 -