1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION** | Case No. 3:21-md-02981-JD |
| THIS DOCUMENT RELATES TO: | **STIPULATED [PROPOSED] SECOND AMENDED SUPPLEMENTAL PROTECTIVE ORDER GOVERNING PRODUCTION OF PROTECTED NON-PARTY MATERIALS** |
| *Match Group, LLC et al. v. Google LLC et al.*, Case No. 3:22-cv-02746-JD | |
| *Epic Games Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD | Judge: Hon. James Donato |
| *In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD | |
| *In re Google Play Developer Antitrust Litigation*, Case No. 3:20-cv-05792-JD | |
| *State of Utah et al. v. Google LLC et al.*, Case No. 3:21-cv-05227-JD | |

1    WHEREAS, on May 20, 2021, the Court entered a Stipulated Protective Order Governing

2    Production of Protected Non-Party Materials (the "Non-Party Protective Order") in the above-

3    captioned cases.  *See* Case No. 3:21-md-02981-JD, Dkt. No. 44;

4    WHEREAS on July 20, 2021, the Court entered an Order Determining Cases to be

5    Related with respect to the case entitled *State of Utah, et al. v. Google LLC et al.*, Case No. 3:21-

6    cv-5227-JSC, which consolidated that case into MDL Case No. 2981 (the "Litigation"). The

7    Parties acknowledge that certain protective orders require amendment to govern the production

8    by and to the Plaintiff States;

9    WHEREAS on December 10, 2020, the Court entered a Stipulated Protective Order in the

10    following cases: Case No. 3:20-cv-05671-JD, Dkt. No. 110, approving Dkt. No. 106-1; Case No.

11    3:20-cv-05761-JD, Dkt. No. 117, approving Dkt. No. 109-1; Case No. 3:20-cv-05792; JD, Dkt.

12    No. 78, approving Dkt. No. 76-1, and Parties have concurrently submitted an amendment to that

13    Stipulated Protective Order to govern the production by and to the Plaintiff States ("Amended

14    Protective Order");

15    WHEREAS on October 22, 2021, the Court entered a Stipulated Supplemental Protective

16    Order Governing Production of Protected Non-Party Materials (the "First Amended Supplemental

17    Protective Order") in the following cases:  Case No. 3:21-md-02981-JD, Dkt. No. 124, approving

18    Dkt. No. 117; Case No. 3:20-cv-05671-JD, Dkt. No. 190, approving Dkt. No. 185; Case No.

19    3:20-cv-05761-JD, Dkt. No. 224, approving Dkt. No. 219; Case No. 3:20-cv-05792-JD, Dkt. No.

20    163, approving Dkt. No. 158; Case No. 3:21-cv-05227-JD, Dkt. No. 186, approving Dkt. No.

21    177;

22    WHEREAS on December 20, 2021, the Court entered a Stipulated Second Amended

23    Protective Order in Case No. 3:21-md-02981-JD, Dkt. No. 170, approving Dkt. No. 154; Case

24    No. 3:20-cv-05671-JD, Dkt. No. 203, approving Dkt. No. 199; Case No. 3:20-cv-05761-JD, Dkt.

25    No. 239, approving Dkt. No. 232; Case No. 3:20-cv-05792- JD, Dkt. No. 177, approving Dkt.

26    No. 168, Case No. 3:21-cv-05227-JD, Dkt. No. 204, approving Dkt. No. 198 (the "Second

27    Amended Protective Order");

28

WHEREAS, the Parties in the above-captioned cases have filed concurrently herewith the Stipulated [Proposed] Third Amended Protective Order (the "Third Amended Protective Order");

WHEREAS, Section 11(a) of the Third Amended Protective Order states that its provisions should not "be construed as prohibiting a Non-Party from seeking additional protections";

WHEREAS, materials that Parties intend to produce in the Litigations may contain information that is subject to contractual obligations to a Non-Party, including but not limited to non-disclosure agreements between a Party and Non-Party, or may otherwise contain Non-Party Protected Material (as defined herein);

WHEREAS, Parties have served subpoenas pursuant to Rule 45 of the Federal Rules of Civil Procedure on Non-Parties;

WHEREAS, certain Non-Parties have expressed concerns regarding the production of competitively sensitive information to Parties in the Litigations absent certain additional protections beyond those set forth in the Third Amended Protective Order;

WHEREAS, on May 9, 2022, Match Group, LLC; Humor Rainbow, Inc.; PlentyofFish Media ULC; and People Media, Inc. filed a complaint in Case No. 3:22-cv-02746-JD, which has been related to the above matters, and too consent to the terms of the First Amended Supplemental Protective Order;

WHEREFORE, IT IS HEREBY ORDERED that documents or information disclosed or produced by Non-Parties or by Parties to the extent such documents or information are designated as containing Non-Party Protected Material in connection with the Litigations shall be subject to the following provisions (the "Second Amended Supplemental Protective Order"):

1.    <u>GENERAL PROVISIONS</u>

1.1    The definitions, terms and provisions contained in the Third Amended Protective Order shall be incorporated herein by reference as though fully set forth herein; provided, however, that in the event of a conflict between any definition, term, or provision of this Second Amended Supplemental Protective Order and any definition, term, or provision of the

- 3 -

Third Amended Protective Order, this Second Amended Supplemental Protective Order will control with respect to such conflict.

        1.2     The definitions, terms and provisions contained in this Second Amended Supplemental Protective Order shall apply only to those Discovery Materials designated as Non-Party Protected Material in accordance with this Second Amended Supplemental Protective Order, and nothing herein shall provide any rights or protections to the Parties to the Litigations beyond those set forth in the Third Amended Protective Order.

    2.     <u>DEFINITIONS</u>

        2.1     <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery in the Litigations as "NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY."

        2.2     <u>Non-Party Protected Material</u>: sensitive Non-Party confidential information or documents, disclosure of which to another Party or Non-Party could create a substantial risk of serious harm to the Non-Party.

    3.     <u>SCOPE</u>

        3.1     This Second Amended Supplemental Protective Order covers not only documents designated "NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY", but also any information copied, excerpted, or summarized from documents with such designation and any testimony, conversations, or presentations by Counsel that might reveal information from documents with such designation.  However, the protections conferred by this Second Amended Supplemental Protective Order do not cover the following: (a) any documents or information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party for reasons not involving a violation of this Second Amended Supplemental Protective Order or the Third Amended Protective Order, including becoming part of the public record through trial or otherwise; and (b) any documents or information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the

- 4 -

1   document or information lawfully and under no obligation of confidentiality to the Designating

2   Party.

3           3.2     Nothing in these provisions should be construed as prohibiting a Non-Party

4   from seeking additional protections.

5           4.     <u>DESIGNATION AND USE OF NON-PARTY PROTECTED MATERIAL</u>

6           4.1     In order for materials produced in discovery to qualify for protection as

7   "NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY", the

8   Designating Party must affix the legend "NON-PARTY HIGHLY CONFIDENTIAL –

9   OUTSIDE COUNSEL EYES ONLY" to each page of any document for which the Designating

10  Party seeks protection under this Second Amended Supplemental Protective Order;

11          4.2     Unless otherwise ordered by the Court or permitted by all implicated Non-

12  Parties, a Receiving Party may disclose documents and information designated as "NON-PARTY

13  HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" to the following only:

14          (a)     The Receiving Party's Outside Counsel of Record in this action, as

15  well as employees of Outside Counsel of Record to whom it is reasonably necessary to disclose

16  the documents or information for this litigation and who have signed the "Acknowledgment and

17  Agreement to be Bound" (Exhibit A to the Third Amended Protective Order);

18          (b)     State AGO Attorneys who have appeared on behalf of Plaintiff

19  States in this litigation, who are actively prosecuting the Litigation, or to whom it is reasonably

20  necessary to disclose the information for purposes of this litigation; State AGO Attorneys who

21  have appeared will maintain a list of Attorneys as well as supervisors of support staff subject to

22  this section;

23          (c)     Experts of the Receiving Party (1) to whom disclosure is reasonably

24  necessary for the Litigations and (2) who have signed the "Acknowledgment and Agreement to

25  be Bound" (Exhibit A to the Third Amended Protective Order);

26          (d)     The Court and its personnel;

27          (e)     Stenographic reporters, videographers, and their respective staff,

28

- 5 -

1  professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably

2  necessary for these Litigations and who have signed the "Acknowledgment and Agreement to be

3  Bound" (Exhibit A to the Third Amended Protective Order);

4               (f)     The author or recipient of a document containing the information or

5  custodian or other person who otherwise possessed or knew the information.

6             4.3     Filing and Filing under Seal.  A Party may not file in the public record in

7  this action any Non-Party Protected Material.  Non-Party Protected Material may be filed only

8  under seal pursuant to a Court order authorizing the sealing of the specific Non-Party Protected

9  Material at issue.  A Party that seeks to file under seal any Non-Party Protected Material must

10  comply with Civil Local Rule 79-5.  In addition to the requirements of Civil Local Rule 79-5(e),

11  the Party seeking to file under seal any Non-Party Protected Material should identify the Non-

12  Party whose Non-Party Protected Material has been designated as "NON-PARTY HIGHLY

13  CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" and serve the supporting declaration

14  on the Non-Party so that Non-Party has the opportunity to file a declaration establishing that all of

15  the designated material is sealable pursuant to Civil Local Rule 79-5(e).  If a Receiving Party's or

16  Non-Party's request to file Non-Party Protected Material under seal pursuant to Civil Local

17  Rule 79-5(e) is denied by the Court, then the Receiving Party may file the Protected Material in

18  the public record pursuant to Civil Local Rule 79-5(e)(2), unless otherwise instructed by the

19  Court.

20             4.4     Use of Non-Party Protected Material at Depositions.  Except as may

21  otherwise be ordered by the Court, any person may be examined as a witness at deposition and

22  may testify concerning Non-Party Protected Material to the extent such person was the author,

23  recipient, or custodian of the material, or otherwise possessed or had prior knowledge of such

24  material.  For clarity,

25               (a)     A present director, officer, agent, employee and/or designated Rule

26  30(b)(6) witness of a Non-Party may be examined and may testify concerning Non-Party

27  Protected Material, but to the extent a document is designated as NON-PARTY HIGHLY

28

- 6 -

CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY and contains another Non-Party's Protected Material, all such materials, of which such person did not have prior knowledge, should be redacted prior to introducing any such document for examination;

(b)      A former director, officer, agent, and/or employee of Non-Party may be interviewed or examined and may testify concerning Non-Party Protected Material to the extent such person was the author, recipient, or custodian of the material, or otherwise possessed or had prior knowledge of such material, but to the extent a document is designated as NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY and contains another Non-Party's Protected Material, all such materials, of which such person did not have prior knowledge, should be redacted prior to introducing any such document for examination;

(c)      Any other witness may be examined at deposition or otherwise testify concerning any document containing Non-Party Protected Material which appears on its face or from other documents or testimony to have been received from, communicated to, or otherwise made known to that witness as a result of any contact or relationship with the Non-Party, but to the extent a document is designated as NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY and contains another Non-Party's Protected Material, all such materials, of which such person did not have prior knowledge, should be redacted prior to introducing any such document for examination; and

(d)      At deposition, any person other than (i) the witness, (ii) the witness's outside attorney(s), and (iii) any Person(s) qualified to receive documents designated as NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY under this Second Amended Supplemental Protective Order shall be excluded from the portion of the examination concerning such information, unless the Non-Party or the witness appearing on behalf of the Non-Party whose Non-Party's Protected Material is at issue consents to that person's attendance.  If the witness is represented by an outside attorney who is not qualified under this Second Amended Supplemental Protective Order to receive such information, then prior to the examination, the outside attorney shall be requested to sign and provide a signed copy

- 7 -

of the "Acknowledgment and Agreement to be Bound" attached as Exhibit A to the Third

Amended Protective Order, and to confirm that he or she will comply with the terms of this

Second Amended Supplemental Protective Order and maintain the confidentiality of information

contained within documents designated as NON-PARTY HIGHLY CONFIDENTIAL –

OUTSIDE COUNSEL EYES ONLY.  In the event that such outside attorney declines to sign the

"Acknowledgment and Agreement to be Bound" prior to the examination, the Non-Party may

seek a protective order from the Court, in a motion to which the Parties will not object,

prohibiting such outside attorney from disclosing Non-Party Protected Material.

           4.5     Use of Designated Material at Hearings. A Party must not disclose NON-

PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY information,

directly or indirectly, in an open hearing without prior consent from the Non-Party or without

authorization from the court.  If the disclosing party anticipates disclosing any NON-PARTY

HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY information in any open

hearing, the disclosing party must notify the Non-Party of its intent to disclose such material at

least four (4) business days in advance of such disclosure, or, if such notice is not possible, as

soon as is reasonably practicable, and describe the materials to be disclosed with reasonable

particularity, so that the Non-Party has the opportunity to file an objection to such disclosure and

establish that the materials to be disclosed are sealable pursuant to Civil Local Rule 79-5(e) and

the Court's standing orders.  If such notice is not given or the Non-Party files such an objection,

the Disclosing Party must request that the courtroom be sealed, and that only those authorized to

review NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY

information remain present during the presentation of such material, unless the Court orders

otherwise.

           4.6     Use of Designated Material at Trial.  Any Party that discloses any NON-

PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY materials on any

trial exhibit list exchanged with an opposing Party, or that is disclosed to the Court, must disclose

such materials to the implicated Non-Party no later than two (2) business days after such

- 8 -

1 exchange or disclosure, and describe the materials with reasonable particularity, so that the Non-

2 Party has the opportunity to file an objection to such disclosure and establish that the materials to

3 be disclosed are sealable pursuant to Civil Local Rule 79-5(e) and the Court's standing orders.  If

4 such notice is not given or the Non-Party files such an objection, the Disclosing Party must

5 request that the courtroom be sealed, and that only those authorized to review NON-PARTY

6 HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY information remain present

7 during the presentation of such material, unless the Court orders otherwise.

Dated: May 20, 2022    CRAVATH, SWAINE & MOORE LLP
              Christine Varney *(pro hac vice)*
              Katherine B. Forrest *(pro hac vice)*
              Darin P. McAtee *(pro hac vice)*
              Gary A. Bornstein *(pro hac vice)*
              Timothy G. Cameron *(pro hac vice)*
              Yonatan Even *(pro hac vice)*
              Lauren A. Moskowitz *(pro hac vice)*
              Omid H. Nasab *(pro hac vice)*
              Justin C. Clarke *(pro hac vice)*
              M. Brent Byars *(pro hac vice)*

              FAEGRE DRINKER BIDDLE & REATH LLP
              Paul J. Riehle (SBN 115199)

              Respectfully submitted,

              By: */s/ Lauren A. Moskowitz*
                 Lauren A. Moskowitz

              *Counsel for Plaintiff Epic Games, Inc.*

Dated: May 20, 2022    BARTLIT BECK LLP
              Karma M. Giulianelli

              KAPLAN FOX & KILSHEIMER LLP
              Hae Sung Nam

              Respectfully submitted,

              By: */s/ Karma Giulianelli*
                 Karma M. Giulianelli

              *Co-Lead Counsel for the Proposed Class in*
              *In re Google Play Consumer Antitrust*
              *Litigation*

Dated:  May 20, 2022

PRITZKER LEVINE LLP
Elizabeth C. Pritzker

Respectfully submitted,

By:   */s/ Elizabeth Pritzker*
Elizabeth C. Pritzker

*Liaison Counsel for the Proposed Class in
In re Google Play Consumer Antitrust
Litigation*

Dated: May 20, 2022

HAGENS BERMAN SOBOL SHAPIRO LLP
Steve W. Berman
Robert F. Lopez
Benjamin J. Siegel

SPERLING & SLATER PC
Joseph M. Vanek
Eamon P. Kelly
Alberto Rodriguez

Respectfully submitted,

By:   */s/ Steve Berman*
Steve W. Berman

*Co-Lead Interim Class Counsel for the
Developer Class and Attorneys for Plaintiff
Pure Sweat Basketball*

Dated: May 20, 2022

HAUSFELD LLP
Bonny E. Sweeney
Melinda R. Coolidge
Katie R. Beran
Scott A. Martin
Irving Scher

Respectfully submitted,

By:   */s/ Bonny Sweeney*
Bonny E. Sweeney

*Co-Lead Interim Class Counsel for the
Developer Class and Attorneys for Plaintiff
Peekya App Services, Inc.*

- 10 -

1    Dated: May 20, 2022                    OFFICE OF THE UTAH ATTORNEY
                                            GENERAL
2                                               Brendan P. Glackin

3
                                            Respectfully submitted,
4
                                            By:    /s/ Brendan P. Glackin
5                                                  Brendan P. Glackin
                                            Counsel for Utah and the Plaintiff States
6

7
     Dated: May 20, 2022                    HUESTON HENNIGAN LLP
8                                               John C. Hueston
                                                Douglas J. Dixon
9                                               Joseph A. Reiter
                                                Michael K. Acquah
10                                              William M. Larsen
                                                Julia L. Haines
11
                                            Respectfully submitted,
12
                                            By:    /s/ Douglas J. Dixon
13                                                 Douglas J. Dixon
                                            Counsel for Match Group, LLC; Humor Rainbow,
14                                          Inc.; PlentyofFish Media ULC; and People
                                            Media, Inc.
15

16   Dated:  May 20, 2022                   MORGAN, LEWIS & BOCKIUS LLP
                                                Brian C. Rocca
17                                              Sujal J. Shah
                                                Michelle Park Chiu
18                                              Minna L. Naranjo
                                                Rishi P. Satia
19

20                                          Respectfully submitted,

21
                                            By:    /s/ Brian Rocca
22                                                 Brian C. Rocca

23                                          Counsel for Defendants Google LLC et al.

24

25

26

27

28
                                            - 11 -

1    Dated: May 20, 2022                    O'MELVENY & MYERS LLP
                                            Daniel M. Petrocelli
2                                           Ian Simmons
                                            Benjamin G. Bradshaw
3                                           E. Clay Marquez
                                            Stephen J. McIntyre
4

5                                           Respectfully submitted,

6

7                                           By:    */s/ Daniel Petrocelli*
                                                   Daniel M. Petrocelli

8                                           *Counsel for Defendants Google LLC et al.*

9

10

11   Dated: May 20, 2022                    MUNGER, TOLLES & OLSON LLP
                                            Glenn D. Pomerantz
12                                          Kuruvilla Olasa
                                            Emily C. Curran-Huberty
13                                          Jonathan I. Kravis
                                            Justin P. Raphael
14                                          Kyle W. Mach

15                                          Respectfully submitted,

16

17                                          By:    */s/ Glenn Pomerantz*
                                                   Glenn D. Pomerantz

18                                          *Counsel for Defendants Google LLC et al. in In*
                                            *re Google Play Consumer Antitrust Litig.; In re*
19                                          *Google Play Developer Antitrust Litig.; Epic*
                                            *Games, Inc. v. Google LLC et al.; State of Utah et*
20                                          *al. v. Google LLC et al.*

21

22
                                            **ORDER**
23

24          Pursuant to stipulation, it is so ordered.

25

26   DATED:  May 25, 2022                   _____
                                            HON. JAMES DONATO
27                                          United States District Judge

28

                                           - 12 -

STIPULATED [PROPOSED] SECOND AMENDED SUPPLEMENTAL PROTECTIVE ORDER
GOVERNING PRODUCTION OF PROTECTED NON-PARTY MATERIALS
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:20-cv-05792-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD