| | |
|---|---|
| Brian C. Rocca, S.B. #221576<br>brian.rocca@morganlewis.com<br>Sujal J. Shah, S.B. #215230<br>sujal.shah@morganlewis.com<br>Michelle Park Chiu, S.B. #248421<br>michelle.chiu@morganlewis.com<br>Minna Lo Naranjo, S.B. #259005<br>minna.naranjo@morganlewis.com<br>Rishi P. Satia, S.B. #301958<br>rishi.satia@morganlewis.com<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>One Market, Spear Street Tower<br>San Francisco, CA 94105<br>Telephone: (415) 442-1000<br><br>Richard S. Taffet, *pro hac vice*<br>richard.taffet@morganlewis.com<br>Ian Simmons, *pro hac vice*<br>isimmons@omm.com<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>101 Park Avenue<br>New York, NY 10178<br>Telephone: (212) 309-6000<br><br>Benjamin G. Bradshaw, S.B. #189925<br>bbradshaw@omm.com<br>**O'MELVENY & MYERS LLP**<br>1625 Eye Street, NW<br>Washington, DC 20006<br>Telephone: (202) 383-5300<br><br>Daniel M. Petrocelli, S.B. #97802<br>dpetrocelli@omm.com<br>Stephen J. McIntyre, S.B. #274481<br>smcintyre@omm.com<br>**O'MELVENY & MYERS LLP**<br>1999 Avenue of the Stars<br>Los Angeles, California 90067<br>Telephone: (310) 553-6700<br><br>*Counsel for Defendants* | Glenn D. Pomerantz, S.B. #112503<br>glenn.pomerantz@mto.com<br>Kuruvilla Olasa, S.B. #281509<br>kuruvilla.olasa@mto.com<br>**MUNGER, TOLLES & OLSON LLP**<br>350 South Grand Avenue, Fiftieth Floor<br>Los Angeles, California 90071<br>Telephone: (213) 683-9100<br><br>Kyle W. Mach, S.B. #282090<br>kyle.mach@mto.com<br>Justin P. Raphael, S.B. #292380<br>justin.raphael@mto.com<br>Emily C. Curran-Huberty, S.B. #293065<br>emily.curran-huberty@mto.com<br>**MUNGER, TOLLES & OLSON LLP**<br>560 Mission Street, Twenty Seventh Floor<br>San Francisco, California 94105<br>Telephone: (415) 512-4000<br><br>Jonathan I. Kravis, *pro hac vice*<br>jonathan.kravis@mto.com<br>**MUNGER, TOLLES & OLSON LLP**<br>601 Massachusetts Avenue NW, Suite 500E<br>Washington, D.C. 20001<br>Telephone: (202) 220-1100<br><br>*Counsel for Defendants Google LLC et al. in In re Google Play Consumer Antitrust Litigation; In re Google Play Developer Antitrust Litigation; Epic Games, Inc. in Epic Games, Inc. v. Google LLC; State of Utah et al. v. Google LLC et al.* |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE GOOGLE PLAY ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*In Re Google Play Consumer Antitrust Litigation*, Case No. 3:20-CV-05761-JD | Case No. 3:21-md-02981-JD<br><br>**DECLARATION OF JUSTIN P. RAPHAEL IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE THE TESTIMONY OF DR. HAL J. SINGER ON CLASS CERTIFICATION**<br><br>Date:      August 4, 2022<br>Time:      10:00 a.m.<br>Judge:    Hon. James Donato<br>Courtroom: 11, 19th Floor, 450 Golden Gate Ave, San Francisco, California 94102<br>Case No. 3:21-md-02981-JD |

**DECLARATION OF JUSTIN P. RAPHAEL**

I, Justin P. Raphael, declare as follows:

1. I am admitted to practice before all of the courts of the State of California and this Court. I am a partner in the law firm of Munger, Tolles & Olson LLP, counsel for Defendants in the above-captioned matter. I submit this declaration in support of Defendants' Motion to Exclude the Testimony of Dr. Hal J. Singer on Class Certification. The contents of this declaration are based on my personal knowledge. If called as a witness, I could and would testify competently to the matters set forth in this declaration.

2. Attached hereto as **Exhibit 1** is a true and correct copy of excerpts from the transcript of the deposition of Hal Singer, Ph.D. taken in this matter on May 12, 2022.

3. Attached hereto as **Exhibit 2** is a true and correct copy of the Class Certification Report of Hal J. Singer, Ph.D., dated February 28, 2022, marked as Defendants' deposition exhibit 333 at the deposition of Dr. Singer.

4. Attached hereto as **Exhibit 3** is a true and correct copy of the Expert Report of Dr. Michelle M. Burtis, dated March 31, 2022, marked as Defendants' deposition exhibit 338 at the deposition of Dr. Singer.

5. Attached hereto as **Exhibit 4** is a true and correct copy of the Class Certification Reply Report of Hal J. Singer, Ph.D., dated April 25, 2022, marked as Defendants' deposition exhibit 334 at the deposition of Dr. Singer.

6. Attached hereto as **Exhibit 5** is a true and correct copy of Avi Goldfarb & Catherine Tucker, *Digital Economics*, 57 J. Econ. Lit. 3, 12 (2019), marked as Defendants' deposition exhibit 335 at the deposition of Dr. Singer.

7. Attached hereto as **Exhibit 6** is a true and correct copy of excerpts from the transcript of the deposition of Michael Alan Williams, Ph.D. taken in this matter on May 11, 2022.

8. Attached hereto as **Exhibit 7** is a true and correct copy of Scalisco LLC d/b/a Rescue Pets' Supplemental Objections and Responses to Defendants' Second Set of Interrogatories to Developer Class Plaintiffs, Interrog. No. 18, dated May 13, 2022.

9. Attached hereto as **Exhibit 8** is a true and correct copy of LittleHoots, LLC's

Supplemental Objections and Responses to Defendants' Second Set of Interrogatories to Developer Class Plaintiffs, Interrog. No. 18, dated May 13, 2022.

10. Attached hereto as **Exhibit 9** is a true and correct copy of Pure Sweat Basketball, Inc.'s Supplemental Objections and Responses to Defendants' Second Set of Interrogatories to Developer Class Plaintiffs, Interrog. No. 18, dated May 9, 2022.

11. Attached hereto as **Exhibit 10** is a true and correct copy of Nathan Miller, Marc Remer & Gloria Sheu, *Using Cost Pass-Through to Calibrate Demand*, 118 Econ. Ltrs. 452 (2013), marked as Defendants' deposition exhibit 336 at the deposition of Dr. Singer.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed at San Francisco, California on this 26th day of May, 2022.

                                           */s/ Justin P. Raphael*
                                           Justin P. Raphael

*Counsel for Defendants Google LLC et al. in In re Google Play Consumer Antitrust Litigation; In re Google Play Developer Antitrust Litigation; Epic Games, Inc. in Epic Games, Inc. v. Google LLC; State of Utah et al. v. Google LLC et al.*