# EXHIBIT 1

| | |
|---|---|
| **From:** | Raphael, Justin |
| **Sent:** | Tuesday, August 2, 2022 7:38 PM |
| **To:** | Hae Sung Nam |
| **Cc:** | Aaron Schwartz; Karma Giulianelli; Glen Summers; jameson.jones@bartlitbeck.com; googleappconsumercounsel@bartlitbeck.com; Laurence King; gzelcs@koreintillery.com; stillery@koreintillery.com; appconsumersdiscovery@koreintillery.com; pwedgworth@milberg.com; ecp@pritzkerlevine.com; jkl@pritzkerlevine.com; nnishimura-cpmlegal.com; mmolumphy@cpmlegal.com; azapala@cpmlegal.com; ecastillo@cpmlegal.com; ~PLAY_MTO; playlitigation@morganlewis.com; GoogleEpic@omm.com |
| **Subject:** | RE: Request for Consent to Rule 7-11 Motion -- In re Google Play Antitrust Litigation No. 3:21-md-02981-JD (N.D. Cal.) |

Hae Sung—

Consumer Plaintiffs waited until *after* Google's opposition and Plaintiffs' reply were in to file this purported correction.  As your email makes clear, this was not, in fact, a mere administrative correction to correct a typo or nit.  Consumer Plaintiffs also did not meet and confer with Google before making their filing; nor did they seek leave of the Court.

We disagree that our submission would constitute a sur-reply—let alone an unauthorized sur-reply—since it responds to Consumers' last minute unauthorized filing.  Moreover, unlike consumers' improper submission, Google is seeking leave of the Court for this filing.  We will note that consumers oppose Google's request.

Best,

**Justin P. Raphael** | Munger, Tolles & Olson LLP
560 Mission Street | San Francisco, CA 94105
Tel:  (415) 512-4085 | justin.raphael@mto.com | www.mto.com

*** NOTICE ***

*This message is confidential and may contain information that is privileged, attorney work product or otherwise exempt from disclosure under applicable law.  It is not intended for transmission to, or receipt by, any unauthorized person.  If you have received this message in error, do not read it.  Please delete it without copying it, and notify the sender by separate e-mail so that our address record can be corrected.  Thank you.*

---

**From:** Hae Sung Nam <HNam@kaplanfox.com>
**Sent:** Tuesday, August 2, 2022 4:33 PM
**To:** Raphael, Justin <Justin.Raphael@mto.com>
**Cc:** Aaron Schwartz <ASchwartz@kaplanfox.com>; Karma Giulianelli <karma.giulianelli@bartlitbeck.com>; Glen Summers <glen.summers@bartlitbeck.com>; jameson.jones@bartlitbeck.com; googleappconsumercounsel@bartlitbeck.com; Laurence King <LKing@kaplanfox.com>; gzelcs@koreintillery.com;

1

stillery@koreintillery.com; appconsumersdiscovery@koreintillery.com; pwedgworth@milberg.com; ecp@pritzkerlevine.com; jkl@pritzkerlevine.com; nnishimura-cpmlegal.com <nnishimura@cpmlegal.com>; mmolumphy@cpmlegal.com; azapala@cpmlegal.com; ecastillo@cpmlegal.com; ~PLAY_MTO <~PLAY_MTO@mto.com>; PlayLitigation@morganlewis.com; GoogleEpic@omm.com
**Subject:** Re: Request for Consent to Rule 7-11 Motion -- In re Google Play Antitrust Litigation No. 3:21-md-02981-JD (N.D. Cal.)

Justin-

Consumer Plaintiffs disagree with your characterization of Plaintiffs' Corrected [Proposed] Order Granting Plaintiffs' Motion for Class Certification. This is not a modification or expansion of the proposed classes but simply makes explicit what was obvious in Consumer Plaintiffs' Motion for Class Certification. Accordingly, under no circumstances will we consent to Google filing 5 additional pages of unauthorized sur-reply 24 hours before the class certification hearing. There is no basis for the filing Google proposes under Civil Local Rule 7-11 or any other rule and, if Google proceeds, the filing will be out of compliance with Rule 16(b)(4) as well as paragraph 15 of the Standing Order for Civil Cases Before Judge James Donato ("Sur-replies are not permitted."). Plaintiffs' intentions were clear from the motion filing and Google has not suffered any prejudice; indeed, Google already made its arguments on 23(a)(4) adequacy in its opposition, and will have its opportunity to present those arguments at the hearing.

Regards,

Hae Sung Nam
Kaplan Fox & Kilsheimer, LLP
850 Third Avenue, 14th Floor
New York, New York 10022
212.687.1980

The information contained in this communication may be confidential, is intended only for the use of the recipient named above, and may be legally privileged. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please notify the sender immediately by replying to this message and delete the original message and any copy of it from your system. Thank you.

Sent from my iPhone

On Aug 2, 2022, at 6:30 PM, Raphael, Justin <Justin.Raphael@mto.com> wrote:

Counsel,

Plaintiffs' Corrected [Proposed] Order Granting Plaintiffs' Motion for Class Certification is an untimely and improper request to modify Consumer Plaintiffs' motion for class certification and expand the proposed classes. Pursuant to Local Rule 7-11, Google will seek leave to file a 5-page response to Plaintiffs' Corrected [Proposed] Order Granting Plaintiffs' Motion for Class Certification. Please let us know by 7 AM Pacific time on Wednesday, August 3, whether the Consumer Plaintiffs consent to Google's request for leave.

Best,

Justin P. Raphael | Munger, Tolles & Olson LLP
560 Mission Street | San Francisco, CA 94105
Tel: (415) 512-4085 | justin.raphael@mto.com<mailto:justin.raphael@mto.com> |
www.mto.com<http://www.mto.com>

***NOTICE***
This message is confidential and may contain information that is privileged, attorney work product or otherwise exempt from disclosure under applicable law. It is not intended for transmission to, or receipt by, any unauthorized person. If you have received this message in error, do not read it. Please delete it without copying it, and notify the sender by separate e-mail so that our address record can be corrected. Thank you.