| | |
|---|---|
| Karma M. Giulianelli (SBN 184175)<br>karma.giulianelli@bartlitbeck.com<br>**BARTLIT BECK LLP**<br>1801 Wewetta St., Suite 1200<br>Denver, Colorado 80202<br>Telephone: (303) 592-3100<br><br>Hae Sung Ham (*pro hac vice*)<br>hnam@kaplanfox.com<br>**KAPLAN FOX & KILSHEIMER LLP**<br>850 Third Avenue<br>New York, NY 10022<br>Telephone: (212) 687-1980<br><br>*Co-Lead Counsel for the Proposed Class in In re Google Play Consumer Antitrust Litigation*<br><br>Brian C. Rocca, Bar No. 221576<br>brian.rocca@morganlewis.com<br>Sujal J. Shah, Bar No. 215230<br>sujal.shah@morganlewis.com<br>Michelle Park Chiu, Bar No. 248421<br>michelle.chiu@morganlewis.com<br>Minna Lo Naranjo, Bar No. 259005<br>minna.naranjo@morganlewis.com<br>Rishi P. Satia, Bar No. 301958<br>rishi.satia@morganlewis.com<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>One Market, Spear Street Tower<br>San Francisco, CA 94105-1596<br>Telephone: (415) 442-1000<br><br>Richard S. Taffet, *pro hac vice*<br>richard.taffet@morganlewis.com<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>101 Park Avenue<br>New York, NY 10178-0060<br>Telephone: (212) 309-6000<br><br>*Counsel for Defendants* | Glenn D. Pomerantz, Bar No. 112503<br>glenn.pomerantz@mto.com<br>Kuruvilla Olasa, Bar No. 281509<br>kuruvilla.olasa@mto.com<br>**MUNGER, TOLLES & OLSON LLP**<br>350 South Grand Avenue, Fiftieth Floor<br>Los Angeles, California 90071<br>Telephone: (213) 683-9100<br><br>Kyle W. Mach, Bar No. 282090<br>kyle.mach@mto.com<br>Justin P. Raphael, Bar No. 292380<br>justin.raphael@mto.com<br>Emily C. Curran-Huberty, Bar No. 293065<br>emily.curran-huberty@mto.com<br>**MUNGER, TOLLES & OLSON LLP**<br>560 Mission Street, Twenty Seventh Fl.<br>San Francisco, California 94105<br>Telephone: (415) 512-4000<br><br>Jonathan I. Kravis, pro hac vice<br>jonathan.kravis@mto.com<br>**MUNGER, TOLLES & OLSON LLP**<br>601 Massachusetts Ave. NW, Ste 500E<br>Washington, D.C. 20001<br>Telephone: (202) 220-1100<br><br>Daniel M. Petrocelli, Bar No. 97802<br>dpetrocelli@omm.com<br>Stephen J. McIntyre, Bar No. 274481<br>smcintyre@omm.com<br>**O'MELVENY & MYERS LLP**<br>1999 Avenue of the Stars, 7th Fl.<br>Los Angeles, CA 90067-6035<br>Telephone: (310) 553-6700<br><br>Ian Simmons, *pro hac vice*<br>isimmons@omm.com<br>Benjamin G. Bradshaw, Bar No. 189925<br>bbradshaw@omm.com<br>**O'MELVENY & MYERS LLP**<br>1625 Eye Street, NW<br>Washington, DC 20006-4001<br>Telephone: (202) 383-5106 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD | Case No. 3:21-md-02981-JD<br><br>**JOINT OMNIBUS ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Judge: Hon. James Donato |

# INTRODUCTION

Pursuant to the Court's order (MDL Dkt. No. 246), Consumer Plaintiffs ("Consumers") and Google Defendants ("Google") (collectively, the "Parties") respectfully submit this joint motion to seal certain limited portions of the Parties' class certification papers, *Daubert* briefing, and supporting documents, as set forth herein and in the supporting declarations. While stylized as a joint motion for the purpose of judicial administrative convenience and clarity, the Parties do not support each other's requests to seal. Instead, the Parties take no position on each other's requests except for the 17 requests where a notation of opposition is explicitly delineated. *See* Ex. B1 to the Declaration of Rishi Satia.

Consumers filed a motion for class certification on May 26, 2022 (MDL Dkt. Nos. 250-251). Google opposed Consumers' motion on June 23, 2022 (MDL Dkt. Nos. 272-273). Consumers filed a reply brief on July 14, 2022 (MDL Dkt. Nos. 288-289). Concurrently, Google filed a *Daubert* motion regarding Consumers' class certification expert, Dr. Hal J. Singer, on May 26, 2022 (MDL Dkt. Nos. 252 and 254), Consumers filed an opposition to the *Daubert* motion on June 23, 2022 (MDL Dkt. Nos. 270-271). Google filed its reply in support of the *Daubert* motion on July 14, 2022 (MDL Dkt. Nos. 286-287).

In the interest of judicial efficiency, and to avoid the filing of voluminous or multiple administrative motions to seal[1], the Parties stipulated, and the Court ordered, a modified sealing procedure for the Parties' class certification papers, *Daubert* briefings, and related documents. MDL Dkt. No. 242. Pursuant to the Court's Order, Consumers, Google, and any other implicated Party or Non-Party were ordered to file a joint omnibus sealing motion addressing all sealing requests by August 19, 2022. MDL Dkt. Nos. 246 and 290. The Parties submit this Motion, and its accompanying declarations, in accordance with the Court's Order.

---

[1] The Joint Omnibus Sealing Motion addresses requests to seal information cited in six different briefs, four voluminous expert reports, and dozens of multi-page exhibits attached to the underlying filings, totaling over 5,000 pages of material.

**LEGAL STANDARD**

Historically, courts have recognized a "general right to inspect and copy public records and documents, including judicial records." *Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 597 & n.7 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). The Ninth Circuit has held that "[t]wo standards generally govern motions to seal documents." *Pintos v. Pac. Creditorss Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010). "First, a 'compelling reasons' standard applies to most judicial records." *Id*. at 677-68. Under that standard, a court may seal records only when it finds "a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Kamakana*, 447 F.3d at 1179. Second, the Ninth Circuit has "carved out an exception" for sealed materials attached to a discovery motion and other materials that are only "tangentially related to the merits of the case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097, 1101 (9th Cir. 2016). In those circumstances, "a less exacting 'good cause' standard" applies. *Oliner v. Kontrabecki*, 745 F.3d 1024, 1026 (9th Cir. 2014) (quoting *Pintos*, 605 F.3d at 678). Thus, the "compelling reasons" standard generally applies to information contained in motions and memoranda that address the merits of a case, while the "good cause" standard applies to requests to seal information contained in exhibits attached to such motions.[2]

---

[2] *See, e.g.*, *DiMercurio v. Equilon Enters. LLC*, No. 19-cv-04029-JSC, 2021 WL 3885973, at *12 (N.D. Cal. Aug. 30, 2021) (applying "good cause" standard to exhibits to class certification motion); *Benedict v. Hewlett-Packard Co.*, No. 13-cv-00119-BLF, 2016 WL 3568922, at *2 (N.D. Cal. July 1, 2016) (applying "good cause" standard to motion to decertify class and exhibits to that motion); *In re Yahoo Mail Litig.*, No. 13-cv-04980-LHK, 2015 WL 12990210, at *1-2 (N.D. Cal. June 8, 2015) (applying "good cause" standard to records attached to class certification motion); *see also Gearsource Holdings, LLC v. Google LLC*, No. 18-cv-03812-HSG, 2021 WL 1123630, at *1-2 (N.D. Cal. Feb. 24, 2021) (applying "good cause" standard to records attached to motion *in limine* to exclude expert testimony); *but see, e.g.*, *In re Seagate Tech. LLC*, 326 F.R.D. 223, 246 (N.D. Cal. 2018) (holding, under facts of that case, that the class certification motion in issue was "effectively dispositive because the stakes of the litigation are such that proceeding individually would not be viable from a practical perspective" and therefore applying "compelling reasons" standard to associated sealing requests).

Courts in this Circuit have granted sealing motions where the material to be disclosed includes "trade secrets,"[3] "terms of confidential contracts,"[4] "contract negotiations,"[5] "detailed financial information,"[6] "long-term financial projections,"[7] discussions of business strategy,"[8] "business information that might harm a litigant's competitive standing,"[9] or personally identifiable information.[10] The Local Rules also require that sealing requests must be "narrowly tailored to seal only the sealable material." Civil L-R 79-5(c)(3).

## ARGUMENT

As the Ninth Circuit has stated, "[s]ecrecy is a one-way street: Once information is published, it cannot be made secret again." *In re Copley Press, Inc.*, 518 F.3d 1022, 1025 (9th Cir. 2008). Recognizing the presumption in favor of access to court papers, this sealing request focuses on four highly sensitive areas categories of non-public information: (a) specific deal terms (price and nonprice) of contracts with non-parties, (b) non-public financial information, (c) details of negotiations and negotiation strategies with third parties, and (d) personally identifiable information ("PII").

Courts within the Ninth Circuit have consistently held that these categories of confidential, non-public information may be sealed, pursuant to the "compelling reasons"

---

[3] *Kamakana*, 447 F.3d at 1179.
[4] *Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-CV-00220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019).
[5] *Id.*
[6] *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013) (finding, there are "compelling reasons" to seal detailed financial information if disclosure would create an "advantage in contract negotiations").
[7] *Krieger v. Atheros Commc'ns, Inc.*, No. 11-CV-00640-LHK, 2011 WL 2550831, at *1 (N.D. Cal. June 25, 2011).
[8] *Id.*
[9] *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978)).
[10] Fed. R. Civ. P. 5.2; *Snapkeys, Ltd. v. Google LLC*, No. 19-CV-02658-LHK, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021) (Granting motion to seal personally identifiable information of current and former employees, including their email addresses and telephone numbers); *Hewlett-Packard Co.*, 2014 WL 233827, at *3 (ordering the sealing of plaintiff's home address, phone number, and email address because there is a "compelling privacy interest in this information"); *Sameer v. Khera*, No. 117CV01748DADEPG, 2018 WL 4772035, at *1 (E.D. Cal. Oct. 1, 2018).

1  standard. *See*, *e.g.*, *Baird v. BlackRock Institutional Tr. Co.*, 403 F. Supp. 3d 765, 792 (N.D. Cal.
2  2019) ("Courts have found that 'confidential business information' in the form of 'license
3  agreements, financial terms, details of confidential licensing negotiations, and business
4  strategies' satisfies the 'compelling reasons' standard.") (citation omitted); *In re Electronic Arts,*
5  *Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (protecting competitive terms of a license agreement
6  "which plainly falls within the definition of 'trade secrets'" because it provides "an opportunity
7  to obtain an advantage over competitors who do not know or use it"); *Milliner v. Bock Evans*
8  *Fin. Counsel, Ltd.*, No. 15-cv-01763-JD, 2020 WL 1492692, at *2 (N.D. Cal. Mar. 27, 2020)
9  (permitting sealing of a "highly negotiated agreement" that would "expose [litigant] to
10 competitive harm" if publicly disclosed); *Johnstech Int'l Corp. v. JF Microtechnology SDN*
11 *BHD*, No. 14-cv-02864-JD, 2016 WL 4091388, at *2–5 (N.D. Cal. Aug. 2, 2016) (finding
12 "compelling reasons" to seal, inter alia, "product-specific customer data," "detailed sales
13 information for customers that could be used to the company's competitive disadvantage,"
14 "competitive intelligence," and "customer-specific sales data"); *Ovonic Battery*, 2014 WL
15 2758756, at *2 ("Our circuit allows parties to seal pricing terms, royalty rates, and guaranteed
16 minimum payment terms found in a licensing agreement even under the 'compelling reasons'
17 standard because that business information could 'harm a litigant's competitive standing.'")
18 (quoting *Electronic Arts*, 298 F. App'x at 569).
19       Courts in the Ninth Circuit have also consistently held that PII, such as email addresses,
20 telephone numbers, home addresses, and birth dates, should be shielded from public disclosure.
21 *See, e.g.*, Fed. R. Civ. P. 5.2; *Hewlett-Packard Co.*, 2014 WL 233827, at *3 (ordering the sealing
22 of plaintiff's home address, phone number, and email address because there is a "compelling
23 privacy interest in this information"); *Snapkeys*, 2021 WL 1951250, at *3 (granting Google's
24 motion to file under seal PII of its current and former employees, including their email addresses
25 and telephone numbers).
26       Google and certain Non-Parties seek to seal confidential materials related to: (a) specific
27 deal terms (price and nonprice) of contracts with non-parties, (b) non-public financial

information, (c) details of negotiations and negotiation strategies with third parties, and (d) PII.[11] As discussed in detail in the declarations filed herewith, Google and these Non-Parties assert that public disclosure of this information will cause severe and irreparable harm to not only Google's business relationships and its competitive position in the marketplace, but also that of Google's business partners and these Non-Parties, thereby outweighing any public interest in disclosure.

Consumer Plaintiffs, meanwhile, seek only to seal certain PII of named plaintiffs that were included in exhibits to Consumer Plaintiffs' class certification motion, and which are not relevant to any material issue in this case. The privacy interests of this personal information outweigh the public's right to access.

## CONCLUSION

For the foregoing reasons, the Parties and relevant Non-Parties respectfully request that the Court grant their requests to seal certain information, as reflected in the Proposed Order filed herewith. The specific, compelling reasons for sealing are further detailed in the Parties' and Non-Parties' supporting declarations.

---

[11] In advance of filing this joint motion, Google and Consumers notified the other parties to this litigation, as well as nearly 300 Non-Parties that some of the underlying class certification and/or *Daubert* motion briefings cited their confidential information and thus would be subject to this sealing motion. In response to those notices, Match, Epic, and fifty-five Non-Parties indicated that they are joining this motion where it pertains to some or all of their information: Activision Blizzard, Adobe, Adyen, Amazon, Ancestry, Aniplex, Apple, AppLovin, AppLovin (on behalf of subsidiary Clipwire Games), AppLovin (on behalf of subsidiary Lion Studios), AppLovin (on behalf of subsidiary Machine Zone and Epic War), AppLovin (on behalf of subsidiary Magic Tavern), AppLovin (on behalf of subsidiary PeopleFun), AppLovin (on behalf of subsidiary Redemption Games), AppLovin (on behalf of subsidiary ZenLife Games), AT&T, Bandai Namaco, Big Fish Games, Century Games, DeNA Corp, Disney, Dropbox, Etermax, FaceApp, Geo Track Technologies, GoPro, Gravity Interactive, Grindr, Hily, InShot, JamCity, Keepsafe, Line, Mastercard, Meta, MileIQ, Major League Baseball, MyFitnessPal, Niantic, Nintendo, Octro, Inc., onXmaps, Pandora, Pango, PayPal, PicsArt, Pinger, Inc, Plarium, Product Madness, Samsung, SciPlay, Sharp, Smule, Sony, SpiceRack, T-Mobile, The New York Times, Together Labs, Inc. (f/k/a IMVU), Viki, Vodafone, Warner Bros, and Xiaomi.

Respectfully submitted,

Dated:  August 19, 2022                    BARTLIT BECK LLP
                                            Karma M. Giulianelli

                                           KAPLAN FOX & KILSHEIMER LLP
                                            Hae Sung Nam


                                               Respectfully submitted,

                                           By:   */s/ Karma M. Giulianelli*
                                               Karma M. Giulianelli

                                               *Co-Lead Counsel for the Proposed Class in*
                                               *In re Google Play Consumer Antitrust*
                                               *Litigation*


Dated:  August 19, 2022                    PRITZKER LEVINE LLP
                                            Elizabeth C. Pritzker

                                           Respectfully submitted,

                                           By:   */s/ Elizabeth C. Pritzker*
                                               Elizabeth C. Pritzker

                                               *Liaison Counsel for the Proposed Class in*
                                               *In re Google Play Consumer Antitrust*
                                               *Litigation*

| | | |
|---|---|---|
| Dated: August 19, 2022 | | MORGAN, LEWIS & BOCKIUS LLP |
| | | Brian C. Rocca |
| | | Sujal J. Shah |
| | | Michelle Park Chiu |
| | | Minna L. Naranjo |
| | | Rishi P. Satia |

Respectfully submitted,

By:  /s/ *Brian C. Rocca*
    Brian C. Rocca

*Counsel for Defendants Google LLC et al.*

Dated: August 19, 2022        O'MELVENY & MYERS LLP
                              Daniel M. Petrocelli
                              Ian Simmons
                              Benjamin G. Bradshaw
                              Stephen J. McIntyre

Respectfully submitted,

By:  /s/ *Stephen J. McIntyre*
    Stephen J. McIntyre

*Counsel for Defendants Google LLC et al.*

Dated: August 19, 2022        MUNGER TOLLES & OLSON LLP
                              Glenn D. Pomerantz
                              Kuruvilla Olasa
                              Emily C. Curran-Huberty
                              Jonathan I. Kravis
                              Justin P. Raphael
                              Kyle W. Mach

    Respectfully submitted,

By:  /s/ *Kuruvilla Olasa*
    Kuruvilla Olasa

*Counsel for Defendants*

**E-FILING ATTESTATION**

I, Brian C. Rocca, am the ECF User whose ID and password are being used to file this document.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

*/s/ Brian C. Rocca*
Brian C. Rocca
