Karma M. Giulianelli (SBN 184175)
karma.giulianelli@bartlitbeck.com
**BARTLIT BECK LLP**
1801 Wewetta St., Suite 1200
Denver, Colorado 80202
Telephone: (303) 592-3100

Hae Sung Nam (*pro hac vice*)
hnam@kaplanfox.com
**KAPLAN FOX & KILSHEIMER LLP**
850 Third Avenue
New York, NY 10022
Telephone: (212) 687-1980

*Co-Lead Counsel for the Proposed Class in In re Google Play Consumer Antitrust Litigation*

Paul J. Riehle (SBN 115199)
paul.riehle@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH LLP**
Four Embarcadero Center, 27th Floor
San Francisco, CA 94111
Telephone: (415) 591-7500

Christine A. Varney (*pro hac vice*)
cvarney@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000

*Counsel for Plaintiff Epic Games, Inc. in Epic Games, Inc. v. Google LLC et al.*

Brendan P. Glackin (SBN 199643)
Lauren M. Weinstein (*pro hac vice*)
bglackin@agutah.gov
lweinstein@agutah.gov
**OFFICE OF THE UTAH ATTORNEY GENERAL**
160 E 300 S, 5th Floor
PO Box 140872
Salt Lake City, UT 84114-0872
Telephone: (801) 366-0260

*Counsel for the Plaintiff States*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD<br><br>*In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD<br><br>*State of Utah et al. v. Google LLC et al.*, Case No. 3:21-cv-05227-JD | Case No. 3:21-md-02981-JD<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR SANCTIONS, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Judge: Hon. James Donato |

**NOTICE OF MOTION TO ALL PARTIES HEREIN**

**AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to the October 5, 2022 Order in this litigation by the Honorable James Donato, Dkt. 340, Plaintiffs will and hereby do move this Court pursuant to Federal Rule of Civil Procedure 37(e)(2) for an adverse inference instruction based on Defendants Google LLC, Google Ireland Limited, Google Commerce Limited, Google Asia Pacific Pte. Limited and Google Payment Corp.'s (collectively, "Google") spoliation of evidence in the above-captioned action (the "Action"), or in the alternative for sanctions to cure Plaintiffs' prejudice under Federal Rule of Civil Procedure 37(e)(1). This motion is based upon this Notice of Motion, the Memorandum of Points and Authorities filed herewith, the Proposed Order Granting Plaintiffs' Motion for Sanctions, the Declaration of Lee M. Mason (the "LMM Decl."), all matters with respect to which this Court may take judicial notice, and such oral and documentary evidence as properly may be presented to the Court.

**RELIEF SOUGHT**

Plaintiffs request that the Court issue adverse inference jury instructions to remedy Google's spoliation of Google Chats as provided by Rule 37(e)(2)(B). In the alternative, Plaintiffs request that the Court issue a curative jury instruction consistent with Rule 37(e)(1).

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... iii

STATEMENT OF FACTS ....................................................................................................... 1

    A.    Google Failed to Preserve Employees' Google Chats. ............................................. 1

    B.    Google Destroyed Substantive Information............................................................. 2

    C.    History of the Dispute. .............................................................................................. 4

ARGUMENT .............................................................................................................................. 5

    A.    Google Spoliated Evidence by Deleting Google Chats. .......................................... 5

    B.    Google Intentionally Deprived Plaintiffs of Google Chats...................................... 7

    C.    Plaintiffs Have Been Prejudiced by Google's Spoliation. ....................................... 8

    D.    Remedy ................................................................................................................... 10

CONCLUSION ......................................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Apple Inc. v. Samsung Elecs. Co.*,
    881 F. Supp. 2d 1132 (N.D. Cal. 2012) .................................................................6, 7, 10

*Capricorn Mgmt. Sys., Inc. v. Gov't Emps. Ins.*,
    2020 WL 1242616 (E.D.N.Y. Mar. 16, 2020) ...............................................................7

*CAT3, LLC v. Black Lineage, Inc.*,
    164 F. Supp. 3d 488 (S.D.N.Y. 2016) ............................................................................9

*Chinitz v. Intero Real Est. Servs.*,
    2020 WL 7389417 (N.D. Cal. May 13, 2020) ...............................................................6

*Colonies Partners, L.P. v. Cty. Of San Bernardino*,
    2020 WL 1496444 (C.D. Cal. Feb. 27, 2020) ................................................................7

*DR Distribs, LLC v. 21 Century Smoking, Inc.*,
    513 F. Supp. 3d 839 (N.D. Ill. 2021) ..........................................................................6, 8

*Fast v. GoDaddy.com LLC*,
    2022 WL 325708 (D. Ariz. Feb. 3, 2022) ......................................................................7

*Glaukos Corp. v. Ivantis, Inc.*,
    2020 WL 10501850 (C.D. Cal. June 17, 2020) .............................................................7

*John v. County of Lake*,
    2020 WL 3630391 (N.D. Cal. July 3, 2020) ................................................................10

*Lokai Holdings LLC v. Twin Tiger USA LLC*,
    2018 WL 1512055 (S.D.N.Y. Mar. 12, 2018) ...............................................................9

*Matthew Enter., Inc. v. Chrysler Grp. LLC*,
    2016 WL 2957133 (N.D. Cal. May 23, 2016) ...............................................................9

*PersonalWeb Techs., LLC v. Google Inc.*,
    2014 WL 580290 (N.D. Cal. Feb. 13, 2014) ..................................................................8

*WeRide Corp. v. Kun Huang*,
    2020 WL 1967209 (N.D. Cal. Apr. 24, 2020) ................................................................7

**Statutes & Rules**

Fed. R. Civ. P. 37................................................................................................................*passim*

## PRELIMINARY STATEMENT

Plaintiffs bring this motion because Google has destroyed—irretrievably—an unknown but undoubtedly significant number of communications by its employees about relevant business conversations, including on topics at the core of this litigation. Google permanently deletes Google Chats[1] every 24 hours—and did so even after this litigation commenced, after Plaintiffs repeatedly inquired about why those chats were missing from Google's productions, and after Plaintiffs submitted a proffer on this exact issue at the Court's direction.

Google blames its systematic spoliation of relevant evidence on an enterprise default setting for Google Chats that is set to "history off," but that is no excuse. Any administrator of Google Chats—an application developed **by Google**—could have changed this default setting at any point for all custodians. Google has never claimed otherwise. But Google chose not to change the setting. It also chose to do nothing to ensure that its custodians changed this default setting on their own workstations.

Google's failure to comply with its preservation obligations has prejudiced Plaintiffs and is sanctionable under Federal Rules of Civil Procedure 37(e)(1) and 37(e)(2). Accordingly, Plaintiffs respectfully request (i) that the Court "instruct the jury that it may or must presume the information was unfavorable" to Google, under Rule 37(e)(2)(B), or, in the alternative, (ii) that the Court instruct the jury as to the circumstances of Google's spoliation under Rule 37(e)(1).

## STATEMENT OF FACTS

**A.      Google Failed to Preserve Employees' Google Chats.**

Epic filed the first complaint in this MDL on August 13, 2020. On September 11, 2020, Google acknowledged that it was under an obligation to preserve evidence that could be relevant to the litigation by issuing an initial litigation hold notice. (LMM Decl., Ex. 1 (2021.11.11 Letter from B. Rocca to L. Moskowitz) at 3.)

---

[1] To Plaintiffs' knowledge, Google has employed different instant messaging platforms over time, including Google Hangouts, Google Meet, and, most recently, Google Chat. Plaintiffs refer to these platforms collectively as "Google Chats" or "Chats."

1  Consistent with its legal obligations to preserve documents, Google's Chat Retention
2  Policy ▮
3  ▮
4  ▮ (*Id.* at Ex. A.)[2] Google's
5  Administrative Help page for Google Chats also states that administrators " ▮
6  ▮ " (*Id.* at Ex. B.)  Google, however, has not
7  preserved Google Chats for **any** custodians, automatically or otherwise.

   B.   **Google Destroyed Substantive Information.**

Google's failure to retain Google Chats caused the destruction of substantive, relevant information.  Discovery and deposition testimony confirms that Google employees use Google Chats on a **daily or near daily** basis, often for sensitive business communications.  Google argues that Chats are "generally non-substantive." (Dkt. 258 at 10.)  But that means some **are** substantive, and Google has already conceded that ▮
▮ (LMM Decl., Ex. 2 (Defendants' Responses and Objections to Plaintiffs' Document Preservation Interrogatories) at 11.)  Moreover, virtually every Google witness asked about the topic confirmed the pervasive use of Google Chats—and Google's failure to take sufficient steps to preserve those Chats.  For example:

- **Jamie Rosenberg**, VP of Strategy & Operations for Platforms & Ecosystems, used Google Chat " ▮ " and ▮
  ▮ . (LMM Decl., Ex. 3 (Rosenberg Dep. 127:3-8; 128:17-129:16).)

- **Tian Lim**, VP of User Experience and Product Management, testified that Google employees use Google Chat " ▮ "—and in his case " ▮ "—to communicate " ▮ ." Mr. Lim ▮
  ▮ . (*Id.*, Ex. 4 (Lim Dep. 446:20-23; 447:7-448:20; 459:5-7).)

- **Michael Marchak**, Director of Play Partnerships, Strategy & Operations, used " ▮
  ▮ . (*Id.*, Ex. 5 (Marchak Dep. 31:4-24, 32:4-11).)

- **Justin Mattson**, Senior Software Engineer, uses " ▮
  ▮

---

[2] All emphasis in quotations have been added.


"█████." He testified that █████ (Id., Ex. 6 (Mattson Dep. 200:20-21; 201:11-21; 201:24-202:4; 202:20- 203:3; 205:17-22).)

The few Google Chats that Google did produce in this litigation contain substantive post-litigation discussions of topics at the heart of the case, including: █████ (id., Ex. 7 (GOOG-PLAY-005576717)); the █████ (id., Ex. 8 (GOOG-PLAY-010510806)); and █████ (id., Ex. 9 (GOOG-PLAY-003930716)). Google employees also regularly communicate by Chat with business partners, █████ bout relevant matters such as █████ (Id., Ex. 10 (GOOG-PLAY-007213451); id., Ex. 11 (Pimplapure Dep. 363:10-364:4).)

Google Chat has robust features that facilitate substantive conversations about Google employees' work. The few Google Chats that have been produced show employees using Google Chat features such as screen capturing and link sharing to (i) discuss edits to relevant documents, (see, e.g., id., Ex. 12 (GOOG-PLAY-005601967) (Chats regarding █████; (ii) share and discuss relevant screenshots from other Chats, (see, e.g., id., Ex. 13 (GOOG-PLAY-007611604) at -605); (iii) collaborate on meeting summaries, (see, e.g., id., Ex. 14 (GOOG-PLAY-000353866) (Chat regarding █████); and (iv) ask questions about draft presentations on issues central to this case. (Id., Ex. 15 (GOOG-PLAY-007873896) (Chat regarding edits to a presentation about █████)

Moreover, Google intentionally diverted sensitive communications to Chat, with the understanding that those Chats would be expunged daily. For example, in a February 2020 Chat between Paul Bankhead and others about █████ a participant asked, █████ another employee then noted that perhaps the group should "█████" (Id., Ex. 16 (GOOG-

PLAY-003929257) at -257-58; see also id., Ex. 17 GOOG-PLAY-010510815 (Chat from Mr. Samat reminding his colleague to " ██████████████████████ ").)

C. **History of the Dispute.**

As discovery progressed in this case, Plaintiffs noticed a glaring absence of Google Chats in Google's productions. Plaintiffs first raised this issue in an April 22, 2021 letter, noting that "to date, Plaintiffs have seen no Instant Messages[] in Google's productions." (LMM Decl., Ex. 18 (2021.04.22 Letter from M. Coolidge to M. Naranjo) at 4.) In August 2021, four months after Plaintiffs' initial letter on this topic, Google finally responded, stating that, in the normal course, Google Chats automatically delete after 24 hours, so Google did not expect to produce a significant number of additional Chats **pre-dating** the litigation—implying (contrary to fact) that Google Chats **post-dating** the litigation were preserved and would be produced. (LMM Decl., Ex. 19 (2021.08.13 Letter from B. Rocca to L. Moskowitz) at 5.)

However, Google did not produce additional Chats. In November 2021, after continued follow-up by Plaintiffs, Google for the first time revealed that it still was not preserving Chats, stating inexplicably that Google "████████████████████████████████████████████████████████████████" and that "████████████████████████████████████████████████████████████████████████████████████" (LMM Decl., Ex. 1 (2021.11.11 Letter from B. Rocca to L. Moskowitz) at 3.)

On January 14, 2022, in response to additional interrogatories ordered by this Court, Google confirmed that "████████████████████████████████████████████████████████████████████ (LMM Decl., Ex. 2 at 18.) Google further confirmed that ████████████████████████████████████████████████████████████████████████████████████████ (Id.) Google acknowledged that ██████████████████████████████████████████████████████████████████████

---

[3] Google qualified this statement slightly: "████████████████████████████████████████████████████████████████████████████████████████████████." (LMM Decl., Ex. 2 at 18.)

1   ████████████████████████ (*Id.* at 11, 14, Ex. C.) In other words, Google confirmed
2   that, at a minimum, █████████████████████████████████████████████████████
3   ████

4         Plaintiffs raised Google's failure to preserve Google Chats with the Court at the
5   December 16, 2021 and May 12, 2022 Case Management Conferences. Per the Court's
6   instruction, the Parties met and conferred regarding Plaintiffs' forthcoming motion for Rule 37
7   sanctions on May 13, 2022. Google confirmed that, as of that time—nearly two years after the
8   litigation commenced and over a year since the issue was first raised by Plaintiffs—Google still
9   had not taken the most basic steps to preserve Google Chats, as it still had not turned "history on"
10  for Google Chats or instructed individual custodians to do so manually. As instructed by the Court,
11  the Parties jointly filed a proposed method of resolution and Plaintiffs' proffer on May 27, 2022.
12  On October 5, 2022, the Court directed briefing.

## ARGUMENT

14        Google breached its duty to preserve relevant Chats and must be held accountable for
15  prejudicing Plaintiffs. A party may be sanctioned "[i]f electronically stored information [("ESI")]
16  that should have been preserved in the anticipation or conduct of litigation is lost because a party
17  failed to take reasonable steps to preserve it, and it cannot be restored or replaced through
18  additional discovery." Fed. R. Civ. P. 37(e). "[U]pon finding prejudice . . . [the court] may order
19  measures no greater than necessary to cure the prejudice." Fed. R. Civ. P. 37(e)(1). If a court
20  determines that a party "acted with the intent to deprive another party of the information's use in
21  the litigation," it may "instruct the jury that it may or must presume the information was
22  unfavorable to the party." Fed. R. Civ. P. 37(e)(2)(B). Google's conduct, **which persists today**,
23  was willful and prejudicial. An adverse instruction is therefore an appropriate remedy. At
24  minimum, a curative jury instruction is warranted under Rule 37(e)(1).

25        **A.**    **Google Spoliated Evidence by Deleting Google Chats.**
26        In determining whether spoliation has occurred, courts consider under Rule 37(e):
27  "(1) [w]hether the information qualifies as ESI; (2) whether the ESI is lost and cannot be restored
28  or replaced through additional discovery; (3) whether the ESI should have been preserved in the

anticipation or conduct of litigation; and (4) whether the responding party failed to take reasonable steps to preserve the ESI." *Chinitz v. Intero Real Est. Servs.*, 2020 WL 7389417, at *3 (N.D. Cal. May 13, 2020). There is no reasonable dispute on the first three factors: (1) Google Chats are ESI, (2) Google admits the deleted Chats cannot be restored (LMM Decl., Ex. 2 at 21); and (3) Google's duty to preserve arose no later than when Epic filed its complaint, *see Apple Inc. v. Samsung Elecs. Co.*, 881 F. Supp. 2d 1132, 1136 (N.D. Cal. 2012) ("The common law imposes the obligation to preserve evidence from the moment that litigation is reasonably anticipated.").

While Google disputes the fourth factor, Dkt. 258 at 8, the evidence makes clear that Google did not take reasonable steps to preserve Google Chats. Google had an off-switch and chose not to use it. Instead of leaving the ███████ across the ███ ███████ (LMM Decl., Ex. 2 at 18), Google could have switched the default settings to ███. "[D]isabling an autodeletion function is universally understood to be one of the most basic and simple functions a party must do to preserve ESI." *DR Distribs, LLC v. 21 Century Smoking, Inc.*, 513 F. Supp. 3d 839, 977-79 (N.D. Ill. 2021). Google chose not to switch the default settings, in violation of its preservation obligations. *See id.* (holding defendants violated preservation obligations by not disabling auto-delete of Yahoo! Chats). Google's instruction to employees to preserve its Chats does not help its argument. Google's policy told employees subject to a legal hold that ███████ ███ which did not happen because Google did not change its default settings. Google then did nothing to ensure custodians preserved their chats, knowing that it had not changed its default settings. (LMM Decl., Ex. 1 at Ex. A.) Those are not reasonable steps to preserve ESI. *See Apple*, 881 F. Supp. 2d at 1147.

At least one court in this district has found such conduct to violate preservation obligations. In *Apple Inc. v. Samsung Elecs. Co.*, Samsung's internal email system auto-deleted emails after two weeks; employees using the system could manually adjust this default setting by clicking to save emails before the deletion period. 881 F. Supp. 2d at 1139-40. Samsung's litigation hold instructed its employees to preserve relevant documents, but Samsung failed to "build[] itself an off-switch—and us[e] it" to prevent auto-deletion. *Id.* at 1134. And Samsung, like Google, did

not "verify whether its employees were actually complying" with the preservation obligation. *Id.* at 1143-44, 1147. The court therefore held that Samsung "conscious[ly] disregard[ed]" its duty and issued an adverse jury instruction as a sanction. *Id.* at 1147, 1150-51. As the court put it, defendants cannot "leave in place an adjudicated spoliation tool and . . . take almost no steps to avoid spoliation beyond telling employees not to allow what will otherwise certainly happen." *Id.* at 1151.

### B. Google Intentionally Deprived Plaintiffs of Google Chats.

Google's document destruction was intentional. A party's conduct satisfies Rule 37(e)(2)'s intent requirement when "it is reasonable to infer, that [] a party purposefully destroyed evidence to avoid its litigation obligations." *WeRide Corp. v. Kun Huang*, 2020 WL 1967209, at *12 (N.D. Cal. Apr. 24, 2020). "[A] court can find such intent from circumstantial evidence." *Fast v. GoDaddy.com LLC*, 2022 WL 325708, at *7 (D. Ariz. Feb. 3, 2022). "Intent may be inferred if a party is on notice that documents were potentially relevant and fails to take measures to preserve relevant evidence[.]" *Colonies Partners, L.P. v. Cty. Of San Bernardino*, 2020 WL 1496444, at *9 (C.D. Cal. Feb. 27, 2020).

Courts have held the failure to preserve by disabling auto-delete functionality—exactly what Google has done here—satisfies the intent requirement of Rule 37(e)(2). *See, e.g.*, *Glaukos Corp. v. Ivantis, Inc.*, 2020 WL 10501850, at *6 (C.D. Cal. June 17, 2020); *WeRide Corp.*, 2020 WL 1967209, at *15-16. Google's misconduct goes beyond that: Google concealed from Plaintiffs its systematic destruction of documents for months, until instructed to respond to Court-ordered interrogatories. Even then, and to this day, Google did not stop the improper deletion of Google Chats from its custodians' files.

Finally, "[t]he court should be sensitive to the party's sophistication with regard to litigation in evaluating preservation efforts." Fed. R. Civ. P. 37 Advisory Comm. Notes to 2015 Amendment of Subdivision (e); *see Capricorn Mgmt. Sys., Inc. v. Gov't Emps. Ins.*, 2019 WL 5694256, at *10 (E.D.N.Y. July 22, 2019), *adopted*, 2020 WL 1242616 (E.D.N.Y. Mar. 16, 2020) (noting that higher preservation standards apply to a "large corporation with greater resources"). It is difficult to imagine a litigant better situated to prevent automatic deletion on its own platforms

than **Google**. When Google, whose stated mission is to "organize the world's information and make it accessible," irretrievably destroys information despite multiple warnings, its conduct is intentional.

### C. Plaintiffs Have Been Prejudiced by Google's Spoliation.

Rule 37(e)(1) permits sanctions where a party's preservation failures caused "prejudice to another party from the loss of information." Fed. R. Civ. P. 37(e)(1). Google's destruction prejudices Plaintiffs by depriving them of nearly all Google Chats from Google employees.

Direct evidence of the contents of lost ESI is rare, and even when present likely understates the full scope of the lost ESI. Courts thus consider circumstantial evidence to determine the extent of prejudice suffered and an appropriate remedy. *See DR Distribs.*, 513 F. Supp. 3d at 982. Rule 37 sanctions may therefore be awarded where the spoliated evidence could have supported the movant's case. *See PersonalWeb Techs., LLC v. Google Inc.*, 2014 WL 580290, at *4 (N.D. Cal. Feb. 13, 2014) ("[A] party must only come forward with plausible, concrete suggestions as to what the destroyed evidence might have been before a heavy burden shifts to the spoliating party to show a lack of prejudice").

Rule 37(e)(1) "does not place a burden of proving or disproving prejudice on one party or the other," instead leaving "judges with discretion to determine how best to assess prejudice." Fed. R. Civ. P. 37 Advisory Comm. Notes to 2015 Amendment of Subdivision (e). The evidence available here is sufficient to establish prejudice. This case is about ongoing conduct, and Google's actions in the relevant markets **after** its preservation obligations arose—no later than August 2020—are the subject of core disputes in this case. For example, Google and its experts have relied on its service fee reductions in 2021 and ongoing discussions about ▓▓▓▓▓▓▓▓▓▓ to oppose class certification in the consumer case. (*E.g.* Dkt. 273 at 16-21.) Plaintiffs expect those facts to figure prominently in Google's merits expert analysis as well. Google Chats on these issues are central to Plaintiffs' case and Google's defenses.

The limited production of Google Chats confirms that Google employees provide some of their most honest assessments of the Play Store and its business in Google Chats. *See, e.g.*, LMM Decl., Ex. 20 (GOOG-PLAY-002384214) (Chat concerning ▓▓▓▓▓

██████████ about which a Google employee noted, ████ ████); id., Ex. 12 (GOOG-PLAY-005601967) (Chat in which David Kleidermacher, Google's top security engineer for Android ████████████████████████████ ██████████

Google employees also use Google Chats to have candid conversations that undermine Google's claims. For example, Plaintiffs allege that Google illegally coerces developers to use Google's inferior and overpriced payment solution, GPB for digital in-app sales, while Google claims GPB provides value to developers. Chats between Google employees show that Google's own employees ████████████████████ In a Chat between two engineers at YouTube, one of Google's most popular apps, Eric Chu (Director of Software Engineering, YouTube) warns Prachi Gupta (Senior Director, Engineering, YouTube) that ████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████ (LMM Decl., Ex. 21 (GOOG-PLAY-003600814) at -816.) Google's failure to preserve Chats therefore likely denied Plaintiffs access to some of the most damning documents concerning Google's core arguments and defenses. *See Matthew Enter., Inc. v. Chrysler Grp. LLC*, 2016 WL 2957133, at *4 (N.D. Cal. May 23, 2016) (finding prejudice when parties lose the opportunity to use communications that "could have been probative.")

Finally, contrary to Google's argument, (Dkt. 258 at 11), its production of **other** communications, such as e-mail correspondence, does not negate the prejudice to Plaintiffs in this case. In *Lokai Holdings LLC v. Twin Tiger USA LLC*, defendants deleted emails after being advised to preserve relevant emails, due to storage concerns. 2018 WL 1512055, at *2 (S.D.N.Y. Mar. 12, 2018). The court found that while the plaintiff could adequately prosecute its claims with the documents the defendants had produced, defendants' destruction of relevant emails "limited the universe of documents available for . . . use in this litigation" in support of its claims," *id.* at 12, and therefore was prejudicial. *Id.* at *15; see also CAT3, LLC v. Black Lineage, Inc.*, 164 F. Supp. 3d 488, 497 (S.D.N.Y. 2016) ("Plaintiff's case . . . is weaker when it cannot present the overwhelming quantity of evidence it otherwise would have[.]"). Here, Google deleted Chats from

dozens of custodians, and the evidence shows that there were deleted Chats that likely supported Plaintiffs' claims. That is more than enough to show prejudice.

### D. Remedy

Having established Google's spoliation and its intent to deprive Plaintiffs of the use of Google Chats in this litigation, Plaintiffs submit that the remedies enumerated in Rule 37(e)(2) are appropriate here, including the remedy of "instruct[ing] the jury that it may or must presume the information was unfavorable to the party". Fed. R. Civ. P 37(e)(2)(B); *see also John v. County of Lake*, 2020 WL 3630391, at *7 (N.D. Cal. July 3, 2020) (ordering adverse inference instruction). In *Apple*, the Court granted Apple's motion for sanctions against Samsung after finding that Samsung's preservation efforts failed and that Samsung "kept the shredder on long after it should have known about the litigation, and simply trusted its custodial employees to save relevant evidence from it." *Apple*, 881 F. Supp. 2d at 1150-1151. Google, like Samsung, did not properly fulfil its preservation duty and as such, Plaintiffs respectfully submit that the proper remedy here is an instruction that (1) Google had a discovery obligation to maintain Google Chats no later than August 13, 2020; (2) Google had a mechanism to do so; (3) Google failed to implement that mechanism; (4) Google automatically deleted relevant Google Chats for each custodian in this case; (5) this destruction prevented Plaintiffs and the jury from learning the contents of those Google Chats; and (6) the jury should assume that the information Google had destroyed would have supported Plaintiffs' claims against Google. In the alternative, having satisfied the elements of Rule 37(e)(1), Plaintiffs ask the Court to provide the jury with instruction (1) through (5) above.

### CONCLUSION

Plaintiffs respectfully request that the Court issue adverse inference jury instructions to remedy Google's spoliation of Google Chats as provided by Rule 37(e)(2)(B). In the alternative, Plaintiffs request that the Court issue a curative jury instruction consistent with Rule 37(e)(1).

Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

Dated: October 13, 2022

BARTLIT BECK LLP
   Karma M. Giulianelli

KAPLAN FOX & KILSHEIMER LLP
   Hae Sung Nam

Respectfully submitted,

By: */s/ Karma M. Giulianelli*
   Karma M. Giulianelli

   *Co-Lead Counsel for the Proposed Class in In re Google Play Consumer Antitrust Litigation*


PRITZKER LEVINE LLP
   Elizabeth C. Pritzker

Respectfully submitted,

By: */s/ Elizabeth C. Pritzker*
   Elizabeth C. Pritzker

   *Liaison Counsel for the Proposed Class in In re Google Play Consumer Antitrust Litigation*

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR SANCTIONS, 11
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

CRAVATH, SWAINE & MOORE LLP
   Christine Varney *(pro hac vice)*
   Katherine B. Forrest *(pro hac vice)*
   Gary A. Bornstein *(pro hac vice)*
   Timothy G. Cameron *(pro hac vice)*
   Yonatan Even *(pro hac vice)*
   Lauren A. Moskowitz *(pro hac vice)*
   Justin C. Clarke *(pro hac vice)*
   M. Brent Byars *(pro hac vice)*
   Michael J. Zaken *(pro hac vice)*

FAEGRE DRINKER BIDDLE & REATH LLP
   Paul J. Riehle (SBN 115199)

Respectfully submitted,

By: */s/ Lauren A. Moskowitz*
   Lauren A. Moskowitz

*Counsel for Plaintiff Epic Games, Inc.*

OFFICE OF THE UTAH ATTORNEY GENERAL
   Brendan P. Glackin
   Lauren M. Weinstein

Respectfully submitted,

By: */s/ Lauren M. Weinstein*
   Lauren M. Weinstein

*Counsel for the Plaintiff States*

# E-FILING ATTESTATION

I, Lee M. Mason, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

                                                      */s/ Lee M. Mason*
                                                      Lee M. Mason