| | |
|---|---|
| Karma M. Giulianelli (SBN 184175)<br>karma.giulianelli@bartlitbeck.com<br>**BARTLIT BECK LLP**<br>1801 Weaetta St., Suite 1200<br>Denver, Colorado 80202<br>Telephone: (303) 592-3100<br><br>Hae Sung Nam (*pro hac vice*)<br>hnam@kaplanfox.com<br>**KAPLAN FOX & KILSHEIMER LLP**<br>850 Third Avenue<br>New York, NY 10022<br>Telephone: (212) 687-1980<br><br>*Co-Lead Counsel for the Consumer Class in In re Google Play Consumer Antitrust Litigation*<br><br>Paul J. Riehle (SBN 115199)<br>paul.riehle@faegredrinker.com<br>**FAEGRE DRINKER BIDDLE & REATH LLP**<br>Four Embarcadero Center, 27th Floor<br>San Francisco, CA 94111<br>Telephone: (415) 591-7500<br><br>Christine A. Varney (*pro hac vice*)<br>cvarney@cravath.com<br>**CRAVATH, SWAINE & MOORE LLP**<br>825 Eighth Avenue<br>New York, New York 10019<br>Telephone: (212) 474-1000<br><br>*Counsel for Plaintiff Epic Games, Inc. in Epic Games, Inc. v. Google LLC et al.* | Brendan P. Glackin (SBN 199643)<br>bglackin@agutah.gov<br>**OFFICE OF THE UTAH ATTORNEY GENERAL**<br>160 E 300 S, 5th Floor<br>PO Box 140872<br>Salt Lake City, UT 84114-0872<br>Telephone: 801-366-0260<br><br>*Counsel for the Plaintiff States in State of Utah et al. v. Google LLC et al.*<br><br>Douglas J. Dixon (SBN 275389)<br>ddixon@hueston.com<br>**HUESTON HENNIGAN LLP**<br>620 Newport Center Drive, Suite 1300 Newport Beach, CA 92660<br>Telephone: (949) 229-8640<br><br>*Counsel for Plaintiffs Match Group, LLC, et al. in Match Group, LLC et al. v. Google LLC et al.*<br><br>Glenn D. Pomerantz (SBN 97802)<br>glenn.pomerantz@mto.com<br>**MUNGER, TOLLES & OLSON LLP**<br>350 South Grand Avenue, Fiftieth Floor<br>Los Angeles, California 90071-3426<br>Telephone: (213) 683-9100<br><br>Brian C. Rocca (SBN 221576)<br>brian.rocca@morganlewis.com<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>One Market, Spear Street Tower<br>San Francisco, CA 94105-1596<br>Telephone: (415) 442-1000<br><br>*Counsel for Defendants Google LLC et al.* |

[Additional counsel appear on signature page]

---

JOINT SUBMISSION REGARDING TRIAL PROPOSAL
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD; 3:22-cv-02746

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games, Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD<br><br>*In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD<br><br>*State of Utah et al. v. Google LLC et al.*, Case No. 3:21-cv-05227-JD<br><br>*Match Group, LLC et al. v. Google LLC et al.*, Case No. 3:22-cv-02746-JD | Case No. 3:21-md-02981-JD<br><br>**JOINT SUBMISSION REGARDING TRIAL PROPOSAL IN RESPONSE TO COURT'S APRIL 21, 2023 ORDER**<br><br>Judge: Hon. James Donato |

Pursuant to the Court's minute order dated April 21, 2023 (MDL ECF No. 499), the parties in the above-captioned MDL action, by and through their undersigned counsel, submit this Joint Submission Regarding Trial Proposal. The parties held the in-person "trial summit" required by the Court's order in San Francisco on April 27, 2023. Lead trial counsel for all parties attended, with the exception of Mr. Reiter appearing in place of Mr. Dixon for the Match Plaintiffs in No. 22-cv-2746, as authorized by the Court. Following the April 27, 2023 summit, the parties have continued to meet and confer by telephone and e-mail with the involvement of lead trial counsel for all parties.

The parties take seriously the Court's admonition to "work it out." Apr. 20 Hr'g Tr. at 10:14. To that end, the consumer plaintiffs and Google have agreed that the consumer plaintiffs' class-capacity claims should not be tried until Google's pending 23(f) appeal is resolved. Further, Plaintiffs—who previously sought separate damages trials for the Match Plaintiffs and the States/Consumers—have agreed to try in the same antitrust liability trial all antitrust and consumer protection damages claims triable to the jury. Despite extensive discussion among the parties, two

disputes remain that the parties cannot resolve: (1) whether the claims of the Plaintiff State AGs and individual consumer plaintiffs should be tried in November along with the claims of Epic and the Match Plaintiffs and (2) the timing of proceedings relating to equitable relief. The parties' respective positions on those issues follow after the parties' agreed proposals on trial structure and other trial-related issues.

## I.   TRIAL STRUCTURE

The Court directed the parties to meet and confer on the structure of the November 6 trial, including which issues will be tried to the jury and which issues will be tried to the Court. As explained in Section III below, Google takes the position that the claims of the Plaintiff State AGs and individual consumer plaintiffs should not be tried in November along with the claims of Epic and the Match Plaintiffs. Nevertheless, the parties have negotiated and here describe below their agreed proposal for the structure of the trial if it includes Epic, the Match Plaintiffs, the States, and the individual consumer plaintiffs (but not the class). If the Court adopts Google's position, which is disputed by Plaintiffs, that the States and consumers should not be part of the November trial, then claims brought by the States and individual consumer plaintiffs can be removed from the structure articulated in this Section.

### A.   Issues Triable to a Jury

The parties agree that all claims by all Plaintiffs are triable to a jury, with the exception of the claims brought under California's Unfair Competition Law, which are addressed below, and claims that the States have brought under the laws of 38 states other than California. With respect to the States' state-law claims, the States and Google continue to discuss which aspects of the claims that the States have brought under the laws of states other than California would be triable to a jury and which would be triable to the Court. The parties will continue to work on the issue and will present a resolution to the Court (or a process for asking the Court to resolve any disagreement) at an appropriate time.

The parties further agree that the damages claims of all Plaintiffs that seek damages should be tried to the jury together with issues of liability.

The parties further agree that Google's counterclaims against Epic and the Match Plaintiffs, including any damages thereon, should be tried to the same jury that would decide claims against Google. This is without prejudice to Plaintiffs' positions and reservation of rights to file motions regarding the admissibility of certain evidence against certain Plaintiffs and the sequencing of the presentation of Google's counterclaims, which the parties intend to address by motion, if necessary, at a later time.

### B. Issues Triable to the Court

The parties agree that Plaintiffs' claims under California's Unfair Competition Law, which are solely equitable in nature, must be tried to the Court. *Nationwide Biweekly Admin. v. Super. Court of Alameda Cty.*, 9 Cal. 5th 279, 301 (2020) (holding that because "scores of decisions of both this Court and the Courts of Appeal have uniformly recognized that the cause of action established by [the UCL] is equitable in nature", UCL claims are to be tried by the Court rather than by a jury); *CZ Servs. v. Express Scripts Holding Co.*, 2020 WL 4368212, at *8 (N.D. Cal. July 30, 2020) (Donato, J.) ("UCL claims are equitable in nature and tried to the Court").

The parties further agree that the nature and scope of any injunctive or other equitable relief that may be available as a remedy for any claim is for the Court to decide.

## II. ADDITIONAL ISSUES RELATED TO TRIAL

### A. Trial Length

The parties have noted the trial schedule set forth in Paragraph 33 of the Court's Standing Order for Civil Jury Trials but recognize that the Court may adjust that schedule in appropriate cases. In recognition of that flexibility, the parties hereby propose trial time by hours rather than by trial days. The parties jointly propose a trial limit of 100 hours. For reference, the parties note that the Court in *Epic v. Apple* allotted 90 hours for a bench trial involving one plaintiff and no damages claims.

### B. Allocation of Trial Time

The parties agree that any trial time will be evenly divided between all Plaintiffs as a group and the Google Defendants as a group. Trial time shall be kept pursuant to the procedures set forth in Paragraph 34 of the Court's Standing Order for Civil Jury Trials.

C.  **Process for Exchanges of Pre-Trial Disclosures and Materials**

The parties have each identified specific counsel for each party who are working together to prepare a schedule and process for efficiently preparing, exchanging, and filing the pretrial materials required by the Court's Standing Order for Civil Jury Trials as well as for disclosures during trial, including demonstratives. In due course, the parties may present some or all of these agreements to the Court for consideration and, if approved, entry as a Court order.

III.  **REMAINING DISPUTES**

A.  **Which Plaintiffs Should Participate in a November Trial**

The Court informed the parties that a trial involving at least some Plaintiffs would proceed on November 6, Apr. 20 Hr'g Tr. at 6:14-15, and the Court directed the parties to "discuss and come up with a plan for the sequencing of the member cases for trial." MDL ECF No. 499 at 1. In light of the Court's ruling, the parties agree that the claims of the Consumer Plaintiff class should not be tried at the trial scheduled for November 6 in light of Google's pending appeal of the Court's order certifying the class. The parties disagree regarding whether the States and individual consumers should participate in the November trial. Google proposes that the November 6 trial should proceed only as to Epic and the Match Plaintiffs. Plaintiffs propose a joint trial of the claims of Epic, the Match Plaintiffs, the States, and the individual consumers, followed by a bench proceeding on equitable relief. Below the parties set forth their positions regarding the sequencing of cases in this MDL for trial.

1.  **Google's Position**

Plaintiffs and Google agree that the Consumer Class's claims should not be tried until the Ninth Circuit resolves Google's Rule 23(f) appeal.[1] In light of that agreement, if there is to be a trial in November 2023, then Google submits that the trial should include only Epic and the Match Plaintiffs; the Court should defer trial with respect to Plaintiff State AGs, any individual consumers, and the Consumer Class pending Google's 23(f) appeal. Google has moved to expedite that appeal, asking the Ninth Circuit to deny any requests for extensions of the briefing

---

[1] Plaintiffs have not specified whether the representatives of the certified class will be pursuing claims at the November trial under their proposal and Google reserves all rights on that issue.

schedule and to set the appeal for argument during the August sitting. Rather than seek a "repeat" of its stay motion—where Google argued for a stay and single trial of *all* Plaintiffs' claims—Google here submits its position in light of the Court's ruling that "definitely one, two, or three" plaintiffs "are going to be in trial in November." Apr. 20, 2023 Hr'g Tr. at 15:6-8. As in Plaintiffs' authority, *In re Suboxone Antitrust Litig.*, 2022 WL 3588024, at *12 (E.D. Pa. Aug. 22, 2022), the Plaintiff State AGs' claims should be tried with the class claims.

The issues raised in Google's Rule 23(f) appeal affect the claims of the Plaintiff State AGs and individual consumers in a direct way that is different from how the appeal affects the claims of Epic and the Match Plaintiffs. Unlike Epic and the Match Plaintiffs, the State AGs and individual Plaintiffs expressly rely on the very same expert testimony about injury and damages that the Consumer Class relies on, namely, the pass-through model advanced by Dr. Hal J. Singer. The reliability of this pass-through model is at the core of the Rule 23(f) appeal. Without the Singer model, Plaintiffs have no way to certify a class.

If the Ninth Circuit agrees with Google that this model is unreliable, then neither the Consumer Class nor the States should be allowed to offer this model into evidence. Yet that is precisely what the States say they intend to do if they are part of the November trial. The Plaintiff State AGs take the position that they can and will offer the Singer pass-through model to show that the consumers in their states have been injured and have suffered the damages the States seek in this case. Although the Plaintiff State AGs do not have to certify a class, at trial they will still need to present a method of computing damages for the residents of their states on an individualized, not an aggregate basis; the Clayton Act provides that where States are pursuing *parens patriae* claims, "damages may be proved and assessed in the aggregate" only where they prove that "a defendant agreed to fix prices," 15 U.S.C. § 15d, which plaintiffs have not alleged here. It makes practical sense to await the Ninth Circuit's guidance regarding Dr. Singer's model before permitting any Plaintiff to offer that model into evidence during the November trial. Because Epic and the Match Plaintiffs do not rely on the Singer model, but the States and individual plaintiffs do rely on that model, only the claims of Epic and Match should go forward in November.

In addition to the advantages of guidance from the Ninth Circuit, deferring trial of claims by all Plaintiffs that seek to represent consumers—Plaintiff State AGs, individual consumers and the Consumer Class—is the most fair and efficient course for several additional reasons as well.

*First*, proceeding to trial in November with Plaintiff State AGs and certain individual consumers—but not the Consumer Class—is inefficient and risks multiple trials regarding the existence of consumer harm and the measurement of consumer damages. Given that all these plaintiffs seek to prove injury and damages to consumers using the *same* pass-through model advanced by Dr. Singer, there should be a single trial before a single jury that can assess whether consumers were injured, the extent of damages, if any, and the validity of the Singer pass-through model (assuming this Court and the Ninth Circuit permit that model to be presented to the jury). Under Plaintiffs' proposal, if Google persuades the jury in the November 6 trial to reject the Singer overcharge model or to find no consumer damages, Google may have to repeat that presentation all over again with a second jury in a trial against the Consumer Class.

*Second*, trying the claims of the Plaintiff State AGs along with the claims of Epic and the Match Plaintiffs will introduce complexities that are not outweighed by any efficiency benefits. While Epic and the Match Plaintiffs have asserted claims only under federal and California law, the Plaintiff State AGs have asserted myriad claims under the laws of 39 different states—not just antitrust claims but a broad set of consumer protection claims that Epic and the Match Plaintiffs have not asserted. To the extent that Plaintiff State AGs' state law claims are triable to the jury, the State AGs' position is that the jury may have to be instructed regarding those claims under the laws of dozens of different states. In that scenario, the jury also would have to be instructed that these many different instructions do not apply to Epic's and the Match Plaintiffs' claims. Plaintiffs are wrong that this argument is inconsistent with Google's position in its stay motion. Google argued in that motion that *all* Plaintiffs' claims should be tried together *after* Google's 23(f) appeal is resolved. The challenges of instructing the jury if claims under dozens of state laws are presented to the jury would have still existed, but they would have been outweighed by the efficiencies of that single trial that Google requested. No such countervailing

efficiencies will be present if trial goes forward in November on the claims of some but not all Plaintiffs.

Further, Plaintiff State AGs and individual consumers have argued that evidence related to Google's counterclaims against Epic and the Match Plaintiffs should not be introduced in any trial that also involves Plaintiff State AGs and consumers. Google disagrees, and the parties have agreed to brief that issue before trial. But the Court would not have to decide this issue if it orders a trial of only Epic's and the Match Plaintiffs' claims and Google's counterclaims against Epic and the Match Plaintiffs.

*Third*, proceeding to trial in November on the claims of the Plaintiff State AGs but not the claims of the Consumer Class could result in some consumers having claims tried in two separate trials. According to Plaintiffs, whether a consumer is represented by class counsel or the Plaintiff State AGs depends upon their "legal address" in their Google payment profile at the time of a particular purchase. On that theory, as Google has explained (MDL ECF No. 430 at 4-5), consumers whose address in their Google payment profile changed over time may be represented by *both* class counsel and the Plaintiff State AGs as to different purchases. Plaintiffs do not dispute that those consumers would have claims tried in two separate trials if trial of the Plaintiff State AGs' claims goes forward in November while trial of the Consumer Class claims is deferred. A trial of only Epic's and the Match Plaintiffs' claims would avoid that effective claim-splitting. In addition, separate trials of claims by the Plaintiff State AGs and the Consumer Plaintiff Class would compound the significant challenges for the joint notice that Plaintiffs have proposed.

Plaintiff State AGs have argued that they are somehow immune from ordinary case management considerations because they act on behalf of sovereign states. But under the Clayton Act, Plaintiff State AGs pursuing claims as *parens patriae* have the status of private parties just like the Consumer Class and the individual consumer plaintiffs. *Cf. New York v. Meta Platforms, Inc.*, --- F.4th ----, 2023 WL 3102921, at *5-7 (D.C. Cir. Apr. 27, 2023) (rejecting argument that

"the States should be treated as 'special persons'").[2]  Where the Court has rejected Google's proposal for a single trial of all Plaintiffs' claims, the next most efficient course would be for all private parties seeking relief for consumers to have their claims tried together.  The Consumer Class has agreed to have its claims tried after the resolution of Google's appeal of the Court's class certification order.  The claims of the Plaintiff State AGs and individual consumers should be tried then, too.

### 2. Plaintiffs' Position

Plaintiffs' position, unlike Google's, follows Rule 39, precedent, and the "organizing principle" the Court recently reiterated: "We will try the jury cases first for all issues common to the legal and equitable claims," and the Court would take up equitable claims after that. Apr. 20, 2023 Hr'g Tr. at 7:19-22.  Google, by contrast, wants a second bite at the apple.

Google argues that because the Ninth Circuit may find that Dr. Singer's model cannot satisfy predominance under Rule 23, individual consumers and the States cannot have any trial of any kind until the appeal concludes.  That is the same argument the Court rejected less than three weeks ago when it denied Google's motion to stay, explaining that the "Rule 23(f) proceedings" are "irrelevant" to a common trial. Apr. 20, Hr'g Tr. at 8:25-9:1.  Indeed, the Court identified the "state attorneys general" as parties "who have nothing to do with [the] class action petitions" underlying the Rule 23(f) appeal. *Id.* at 8:18-20.

As set forth in Plaintiffs' oppositions to Google's motion to defer or stay the trial, Google has not met its burden to stay the State and individual consumer actions pending the Rule 23(f) appeal.  In particular, Google failed to show irreparable harm as required to justify a stay.  The Court should reject Google's repeat run at a stay for several reasons.

*First*, Google simply reiterates the argument that the appeal raises issues regarding the reliability of Dr. Singer's pass-on analysis that would affect its presentation by the States and individual consumers at trial.  But what the Ninth Circuit says about certification of a *class* based

---

[2] *United States v. B.F. Goodrich Co.*, 619 F.2d 798 800-01 (9th Cir. 1980) is not the contrary.  That case involved States' access to grand jury materials, which is not at issue here.

on Dr. Singer's model, under the standards applicable to class certification, will not prevent a trial of the *parens* claims of the States or the claims of individual consumers. Apr. 20, 2023 Hr'g Tr. at 8:25-9:1. Google based its Rule 23(f) petition on the argument that the Court did not apply a sufficiently "rigorous analysis" under Rule 23. But neither *individual* consumers nor the States need to satisfy Rule 23. *See Illinois v. Abbott & Assocs.*, 460 U.S. 557, 573 n.29 (1983). Although Google claims the States will "need to present a method of computing damages for the residents of their states on an individualized, not an aggregate basis," the only authority Google cites does not support that assertion. 15 U.S.C. § 15(d) merely provides where "there has been a determination that a defendant agreed to fix prices in violation of sections 1 to 7 of this title, damages may be proved and assessed in the aggregate by statistical or sampling methods, by the computation of illegal overcharges, or by such other reasonable system of estimating aggregate damages as the court in its discretion may permit." It does not provide that proof of damages on an aggregate basis is limited to price-fixing claims as Google states.

Nor can Google say the Ninth Circuit will rule on any "reliability" issues generally because Google has not asked the Ninth Circuit to find that Dr. Singer's model does not satisfy *Daubert* standards as a standalone basis for the appeal; the case does not appear in its statement of issues for review or even in the table of authorities of its petition. Pet. for Permission to Appeal at iv-vi, 1, *Carr v. Google*, No. 22-80140 (9th Cir. Dec. 9, 2022). To be sure, *Daubert* appears in two sentences of the 23(f) petition, *id.* at 18-19, but an argument presented in such a cursory manner waives that issue on appeal, *see United States v. Alameda Gateway Ltd.*, 213 F.3d 1161, 1168-69 (9th Cir. 2000). The thrust of Google's appeal is that Dr. Singer's model includes unharmed class members so as to defeat predominance. To require governments or individuals to show predominance would graft the strictures of Rule 23 onto *parens* and non-class claims and subvert the judgment of Congress to bypass those requirements in enforcement actions. *See* No. 3:21-CV-05227, Dkt. 364, at 3-4 (collecting authority).

Moreover, the States and individual consumer plaintiffs do not rely on Dr. Singer's pass-on analysis alone; the States retained Dr. Marc Rysman who will testify on consumer damages using a model that is completely different from Dr. Singer's. No. 3:21-CV-05227, Dkt. 364, at 6-7.

Google also ignores that Dr. Singer presents *other* damages models that were not a basis for class certification and are not before the Ninth Circuit. *Id.* These other models are not implicated in the appeal at all.

*Second*, Google complains that it "may have to repeat" its presentation with respect to Dr. Singer's pass-on model if it secures a favorable jury verdict at the November 6 trial. But the same is true for many other common issues even if the States and individual consumers do not participate in the November 6 trial. Indeed, the States and individual consumers have alleged at least eight antitrust and consumer protection claims in common with the Match Plaintiffs and Epic. These claims involve the same underlying evidence, including many overlapping witnesses. If Google achieves a favorable verdict against the Match Plaintiffs and Epic, Google would need to present its expert and fact witnesses on liability again in a second trial regardless of the outcome of the Rule 23(f) appeal. Severing the States' and individual consumer claims from the first trial *increases* the chance that Google has to repeat its trial testimony.

*Third*, Google argues that Play customers that made purchases in different States might be represented by both class counsel and the States as to different purchases, such that some consumer claims would be "tried twice." That is wrong. Under Plaintiffs' proposal, all consumer transactions that are covered by the *parens patriae* action will be adjudicated at the November 6 trial; meanwhile, consumer transactions not covered by the *parens patriae* action will be adjudicated once the Rule 23(f) appeal is decided (setting aside any individuals who participate in the November trial). In any event, Google's concern about the claims being "tried twice" provides no reason to delay a common trial. It is just another flavor of pointing out that, if Google loses its appeal, it will face the prospect of a second trial on class claims—a prospect the Court already determined was proper. *See* Apr. 20 Hr'g Tr. at 12:14-13:6.

*Fourth*, Google argues that because there are 39 governments with unique non-federal claims, it will be too complicated for the States to be in any trial with Epic and Match. In March, Google argued just the opposite in seeking to stay trial: It claimed that the "most efficient" path was to have claims by "all sides of the platform litigated at the same trial." No. 3:21-md-02981, Dkt. 467, at 11. Breaking up consumer and developer claims, Google warned then, "risks both

inconsistent results and 'duplicative damages awards.'" *Id.* Google's about-face would foreclose any common liability trial, contrary to what the Court has been for years instructing would happen. The presence of claims under the laws of many states is common in both nationwide class actions and in multistate enforcement actions consensually tried with private parties. *See, e.g.*, *In re Suboxone (Buprenorphine Hydrochloride & Naloxone) Antitrust Litig.*, No. 13-MD-2445, 2022 WL 3588024, at *12 (E.D. Pa. Aug. 22, 2022) (multistate antitrust suit consolidated with class action set for trial in September 2023).[3] This case is no different.

*Finally*, the strong public policy against delay of enforcement actions outweighs every efficiency Google claims. *See* No. 3:21-CV-05227, Dkt. 364, at 3-6 (collecting legislative history and cases). Google is wrong to claim that State Attorneys General "have the status of private parties just like the Consumer Class." The *Meta* appeal simply held that equitable doctrines like laches apply to *parens* claims. *See New York v. Meta Platforms, Inc.*, --- F.4th ----, 2023 WL 3102921, at *5-7 (D.C. Cir. Apr. 27, 2023). The law of this Circuit is that the Clayton Act puts "the State attorneys general on a different footing than private parties seeking redress for antitrust violations." *United States v. B.F. Goodrich Co.*, 619 F.2d 798, 800-01 (9th Cir. 1980). And that is justified because "delays in antitrust enforcement are . . . undesirable when the antitrust laws are enforced by a State." H.R. REP. 117-494, at 3 (Sept. 26, 2022). At best, Google's arguments are reasons to try the enforcement action first, not last.

### B. Proceedings Related to Equitable Relief (if Applicable)

The parties agree to meet and confer immediately following a jury verdict regarding any issues and evidence that may be necessary to resolve any requests for injunctive or equitable relief, and submit a joint proposal or, if necessary, their respective positions regarding any dispute within 10 days of the jury verdict.

**Plaintiffs' Position:** Plaintiffs believe that if there is a liability finding against Google, proceedings regarding equitable relief should proceed expeditiously in order to address the harm

---

[3] *Suboxone* merely illustrates that sometimes enforcement actions and private actions can be tried together. It does not stand for the proposition, as Google suggests, that enforcement actions and consumer class actions must be tried separately from related claims by other private parties.

being inflicted on competitors, developers, and consumers.  Accordingly, Plaintiffs propose that the Court set aside time in late January or early February 2024 for any proceedings that may be necessary regarding such relief.  Plaintiffs believe that the open-ended process that Google proposes would risk too much delay in remedying the harms found by the jury.

**Google's Position:**  Google submits that the timing, length and format of any hearing on injunction relief should be decided once the scope of the issues to be heard (if any) is known after the jury trial.  Google notes that Plaintiffs have not yet identified the particular injunctive relief that they will seek.

Dated:  May 12, 2023

CRAVATH, SWAINE & MOORE LLP
 Christine Varney *(pro hac vice)*
 Gary A. Bornstein *(pro hac vice)*
 Yonatan Even *(pro hac vice)*
 Lauren A. Moskowitz *(pro hac vice)*
 Justin C. Clarke *(pro hac vice)*
 Michael J. Zaken *(pro hac vice)*
 M. Brent Byars *(pro hac vice)*

FAEGRE DRINKER BIDDLE & REATH LLP
 Paul J. Riehle (SBN 115199)

Respectfully submitted,

By:  */s/ Gary A. Bornstein*
       Gary A. Bornstein

*Counsel for Plaintiff Epic Games, Inc.*

| | | |
|---|---|---|
| 1 | Dated: May 12, 2023 | BARTLIT BECK LLP |
| 2 | |    Karma M. Giulianelli |

Dated: May 12, 2023

BARTLIT BECK LLP
   Karma M. Giulianelli

KAPLAN FOX & KILSHEIMER LLP
   Hae Sung Nam

Respectfully submitted,

By:   <u>*/s/ Karma M. Giulianelli*</u>
       Karma M. Giulianelli

*Co-Lead Counsel for the Proposed Class in In re Google Play Consumer Antitrust Litigation*

Dated: May 12, 2023

PRITZKER LEVINE LLP
   Elizabeth C. Pritzker

Respectfully submitted,

By:   <u>*/s/ Elizabeth C. Pritzker*</u>
       Elizabeth C. Pritzker

*Liaison Counsel for the Proposed Class in In re Google Play Consumer Antitrust Litigation*

Dated: May 12, 2023

OFFICE OF THE UTAH ATTORNEY GENERAL
   Brendan P. Glackin
   Lauren M. Weinstein
   Brendan Benedict

Respectfully submitted,

By:   <u>*/s/ Brendan P. Glackin*</u>
       Brendan P. Glackin

*Counsel for Utah and the Plaintiff States*

Dated: May 12, 2023

HUESTON HENNIGAN LLP
   John C. Hueston
   Douglas J. Dixon
   Joseph A. Reiter
   Michael K. Acquah
   William M. Larsen
   Julia L. Haines

Respectfully submitted,

By:  */s/ Douglas J. Dixon*
     Douglas J. Dixon

*Counsel for Match Group, LLC; Humor Rainbow, Inc.; PlentyofFish Media ULC; and People Media, Inc.*

Dated: May 12, 2023

MORGAN, LEWIS & BOCKIUS LLP
    Brian C. Rocca
    Sujal J. Shah
    Michelle Park Chiu
    Minna L. Naranjo
    Rishi P. Satia

Respectfully Submitted,

By:  */s/ Brian C. Rocca*
     Brian C. Rocca

*Counsel for Defendants Google LLC et al.*

Dated: May 12, 2023

MUNGER, TOLLES & OLSON LLP
    Glenn D. Pomerantz
    Kuruvilla Olasa
    Emily C. Curran-Huberty
    Jonathan I. Kravis
    Justin P. Raphael
    Kyle W. Mach
    Dane P. Shikman
    Nicholas R. Sidney

Respectfully submitted,

By:  */s/ Glenn Pomerantz*
     Glenn Pomerantz

*Counsel for Defendants Google LLC et al.*

**E-FILING ATTESTATION**

I, Hae Sung Nam, , am the ECF User whose ID and password are being used to file this document.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

               */s/ Hae Sung Nam*
               Hae Sung Nam