FILED

AUG 31 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: GOOGLE PLAY STORE ANTITRUST LITIGATION, <br> _____ <br><br> MARY CARR, Individually and on behalf of all others similarly situated; et al., <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> GOOGLE, LLC; et al., <br><br> Defendants-Appellants, <br> _____ <br><br> AMAZON.COM LLC, <br><br> Intervenor. | No.  23-15285 <br><br> D.C. No. 3:20-cv-05761-JD <br> Northern District of California, <br> San Francisco <br><br><br> ORDER |

Appellants have filed a motion (Dkt. # 120) to vacate oral argument in this interlocutory class certification appeal and for a limited remand to the district court pursuant to Fed. R. App. P. 12-1(b). Appellees join Appellants' request to vacate oral argument and issue a limited remand (Dkt. #121). The district court issued an order certifying the class on November 28, 2022 (ECF # 330). This Court granted permission to appeal pursuant to Fed. R. Civ. P. 23(f) on February 27, 2023 (Dkt. # 1).

On August 28, 2023, the district court issued an order (ECF # 448) excluding the testimony of the expert witness whose testimony formed the basis for class certification. On the same day, the district court entered an order (ECF # 449) stating that, in view of the exclusion of the testimony, "the order granting certification should be vacated." However, the district court properly concluded that it lacked jurisdiction to vacate the order granting class certification because of the pendency of this appeal. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam) ("The filing of a notice of appeal is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.").

Federal Rule of Appellate Procedure 12.1(b) provides, in relevant part, that:

> If the district court states that it would grant the motion or that the motion raises a substantial issue, the court of appeals may remand for further proceedings but retains jurisdiction unless it expressly dismisses the appeal. If the court of appeals remands but retains jurisdiction, the parties must promptly notify the circuit clerk when the district court has decided the motion on remand.

This Court may order a limited remand under this rule where, as here, the district court has effectively made an indicative ruling even in the absence of a motion under Fed. R. Civ. P. 62.1. *See Mendia v. Garcia*, 874 F.3d 1118, 1121-22

(9th Cir. 2017). Given the district court's indication that it would reconsider class certification, the Court grants the motion to vacate the scheduled oral argument in the appeal and to remand the case to the district for further proceedings.

The oral argument scheduled for September 11, 2023 is **VACATED** and submission of this case is deferred. Pursuant to Fed. R. App. 12.1(b), the case is **REMANDED** for further proceedings in the district court. The Court retains jurisdiction over this appeal, but stays further appellate proceedings until further order of this Court. The parties are directed to notify the Court when the district court has issued an order pertaining to the class certification.

**REMANDED.**

                                                FOR THE COURT:

                                                MOLLY C. DWYER
                                                CLERK OF COURT