| | |
|---|---|
| Karma M. Giulianelli (SBN 184175)<br>karma.giulianelli@bartlitbeck.com<br>**BARTLIT BECK LLP**<br>1801 Wewetta St., Suite 1200<br>Denver, Colorado 80202<br>Telephone: (303) 592-3100 | Glenn D. Pomerantz (SBN 112503)<br>glenn.pomerantz@mto.com<br>**MUNGER, TOLLES & OLSON LLP**<br>350 South Grand Avenue, Fiftieth Floor<br>Los Angeles, California 90071<br>Telephone: (213) 683-9100 |
| Hae Sung Nam (*pro hac vice*)<br>hnam@kaplanfox.com<br>**KAPLAN FOX & KILSHEIMER LLP**<br>850 Third Avenue<br>New York, NY 10022<br>Telephone.: (212) 687-1980 | Brian C. Rocca (SBN 221576)<br>brian.rocca@morganlewis.com<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>One Market, Spear Street Tower<br>San Francisco, CA 94105-1596<br>Telephone: (415) 442-1000 |
| *Co-Lead Counsel for the Proposed Class in In re Google Play Consumer Antitrust Litigation* | *Counsel for Defendants Google LLC et al.* |

Brendan P. Glackin (SBN 199643)
bglackin@agutah.gov
**OFFICE OF THE UTAH ATTORNEY GENERAL**
160 E 300 S, 5th Floor
PO Box 140872
Salt Lake City, UT 84114-0872
Telephone: (801) 366-0260

*Counsel for Utah*

[Additional counsel appear on signature page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD<br><br>*State of Utah et al. v. Google LLC et al.*, Case No. 3:21-cv-05227-JD | Case No. 3:21-md-02981-JD<br><br>**STIPULATION AND [PROPOSED] ORDER RE DEADLINES IN CONSUMERS' AND STATES' ACTIONS IN LIGHT OF TENTATIVE SETTLEMENT**<br><br>[Civil L.R. 6-2]<br>Judge: Hon. James Donato |

Plaintiffs in *State of Utah et al. v. Google LLC et al.*, Case No. 3:21-cv-05227-JD ("States"), Plaintiffs in *In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD ("Consumers"), and Defendants Alphabet Inc., Google LLC, Google Ireland Limited, Google Commerce Limited, Google Asia Pacific Pte. Limited, and Google Payment Corp. (collectively, "Google"), stipulate as follows under Civil Local Rule 6-2:

**RECITALS:**

1. On September 5, 2023, States, Consumers, and Google ("Settling Parties") reached an agreement in principle to settle this case. The agreement is the product of mediation efforts spanning many months.

2. The settlement in principle is subject to approval by the State Attorneys General and Alphabet's Board of Directors, execution of a long-form settlement agreement, and approval by the Court. The Settling Parties anticipate submitting a long-form settlement agreement to the Court for preliminary approval in approximately 30 days.

3. The Settling Parties anticipate that the States will seek approval of an Amended Complaint that will include all of the settling jurisdictions shortly before or at the same time the Settling Parties submit the long-form settlement agreement to the Court for preliminary approval. Because the long-form settlement agreement is anticipated to include all U.S. states and territories as well as the named consumer plaintiffs, the settlement will not require certification of a settlement class.

4. To provide the Settling Parties the opportunity to finalize and enter into a long-form agreement and develop and propose a plan for notice and Court approval of the settlement, the Settling Parties respectfully request that the Court vacate the November 6 trial date as between the Settling Parties and suspend the interim pre-trial deadlines as between the Settling Parties (including with respect to jury instructions, verdict forms, witness lists, exhibit lists, motions in limine, deposition designations, factual stipulations, proposed voir dire, glossary of specialized terms, and the joint pre-trial statement). If the Court does not approve the settlement or the settlement agreement is terminated for any reason, the parties

shall be returned to their respective litigation positions and will meet and confer regarding whether any adjustments are needed in the schedules for their respective cases.

5. The Settling Parties submit that good cause exists to grant the requested relief. In light of the settlement in principle, further litigation among the Settling Parties would waste judicial and party (including public) resources, could interfere with finalization of the settlement, and would create substantial uncertainty for all parties regarding which parties will participate in the trial.

6. The Settling Parties note that, in light of the settlement in principle, if the Court grants the relief requested herein, then it need not decide the following pending issues at this time: (1) Google's Motion to Exclude Merits Opinion of Dr. Marc Rysman, ECF No. 484 (Apr. 20, 2023),[1] (2) the portion of Google's Motion for Partial Summary Judgment addressing the standing of Consumers and States, ECF No. 483 at pp. 17-20 (Apr. 20, 2023), and (3) States' Motion for Approval of Notice of Pendency and Opportunity to Opt-Out For Parens Patriae Claims, ECF No. 546 (Jul. 27, 2023).

7. In light of the settlement in principle, Consumers have agreed not to oppose vacatur of the Court's class certification decision.[2]

---

[1] All references are to the MDL Docket, 3:21-md-02981-JD.

[2] On August 28, 2023, the Court granted Google's motion to exclude the injury and damages opinions of Dr. Hal Singer (see ECF No. 588) and issued an order indicating that its "order granting certification should be vacated," noting that it lacked jurisdiction to do so while Google's appeal of the certification order was pending in the Court of Appeals, and directing the parties "to meet and confer, and be prepared to discuss proposed next steps with the Court at the September 7, 2023 status conference." (ECF No. 589 at 1). On August 31, 2023, the Ninth Circuit issued an order granting a limited remand stating: "Given the district court's indication that it would reconsider class certification, the Court grants the motion to vacate the scheduled oral argument in the appeal and to remand the case to the district for further proceedings," while retaining jurisdiction over the appeal and directing the parties to notify the Court "when the district court has issued an order pertaining to the class certification." Clerk Order, Case No. 23-15285 (9th Cir. Aug. 31, 2023).

**NOW, THEREFORE, IT IS STIPULATED AND AGREED, SUBJECT TO THE APPROVAL OF THE COURT:**

1. The November 6, 2023, trial date as among or between any of States, Consumers, and Google in *State of Utah et al. v. Google LLC et al.*, Case No. 3:21-cv-05227-JD and *In re Google Play Consumer Antitrust Litigation*, shall be vacated, and all pre-trial deadlines relevant to those cases shall be suspended pending the status conference referenced below.

2. States, Consumers, and Google, shall appear at a status conference on October 12, 2023, to report on the status of the settlement and the plan for seeking Court approval of the settlement.

3. The Court's class certification decision, ECF No. 383, is vacated.

DATED: September 5, 2023         Respectfully submitted,

**BARTLIT BECK LLP**
Karma M. Giulianelli

**KAPLAN FOX & KILSHEIMER LLP**
Hae Sung Nam

By:  /s/ *Karma M. Giulianelli*
       Karma M. Giulianelli

*Co-Lead Counsel for the Proposed Class in In re Google Play Consumer Antitrust Litigation*

DATED: September 5, 2023         Respectfully submitted,

**OFFICE OF THE UTAH ATTORNEY GENERAL**
Brendan P. Glackin
Lauren M. Weinstein

By:  /s/ *Brendan P. Glackin*
       Brendan P. Glackin

*Counsel for Utah*

-3-
STIPULATION AND [PROPOSED] ORDER RE
DEADLINES IN CONSUMERS' AND STATES' ACTIONS IN LIGHT OF TENTATIVE SETTLEMENT
Case Nos. 3:21-md-02981-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

DATED:  September 5, 2023               Respectfully submitted,

**MUNGER, TOLLES & OLSON LLP**
  Glenn D. Pomerantz
  Kuruvilla Olasa
  Emily C. Curran-Huberty
  Jonathan I. Kravis
  Justin P. Raphael
  Kyle W. Mach


By:     /s/ *Glenn D. Pomerantz*
            Glenn D. Pomerantz

*Defendants Google LLC et al.*


**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: _____        _____
                                                                    United States District Judge

**E-FILING ATTESTATION**

I, Kuruvilla Olasa, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

                                                       */s/ Kuruvilla Olasa*
                                                        Kuruvilla Olasa