Karma M. Giulianelli (SBN 184175)
karma.giulianelli@bartlitbeck.com
**BARTLIT BECK LLP**
1801 Wewatta St., Suite 1200
Denver, Colorado 80202
Telephone: (303) 592-3100

Hae Sung Nam (*pro hac vice*)
hnam@kaplanfox.com
**KAPLAN FOX & KILSHEIMER LLP**
800 Third Avenue
New York, NY 10022
Telephone: (212) 687-1980

*Co-Lead Counsel for Consumer Plaintiffs*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD<br><br>*State of Utah et al. v. Google LLC et al.*, Case No. 3:21-cv-05227-JD | Case No. 3:21-md-02981-JD<br><br>**SUPPLEMENTAL BRIEF IN SUPPORT OF CONSUMER COUNSEL'S MOTION FOR ATTORNEYS' FEES**<br><br>Date:  April 30, 2026<br>Time: 10:00 a.m.<br>Courtroom: 11, 19th Floor<br>Judge: Hon. James Donato |

Consumer Counsel respectfully submit this short supplemental brief to more fully respond to certain issues raised by the Court at the April 30, 2026 hearing.

This was a landmark antitrust case challenging one of Google's core businesses. An antitrust case of this magnitude, against one of the largest companies on earth, naturally required massive fact discovery, complex expert analysis, and extensive motions practice – not to mention discovery of Google's systematic destruction of evidence. The top executives of Google, including the CEO, provided testimony. Consumer Counsel took a leading role in all of it, right up to the eve of trial when the settlement was inked.

Perhaps more importantly, Consumer Counsel's role in this litigation was not limited to pursuing the claims of the former putative class. Pursuant to the Cooperation and Joint Prosecution Agreement between the States and Consumer Counsel (the "JPA"), Consumer Counsel provided a laboring oar in advancing the States' *parens patriae* claims. *See, e.g.*, Decl.[1] ¶¶ 23, 38, 40–41, 43–54, 58–60, 62–68, 73–84, 86–92; *see also* JPA, MDL Dkt. 1129-2. When the States first entered the litigation in July of 2021, they appreciated that Consumer Counsel had already done an enormous amount of work developing their common claims against Google, and entered the groundbreaking JPA to leverage Consumer Counsel's knowledge, skill and substantial resources going forward in the litigation. And in fact, throughout the full span of the case, the States continued to largely rely on the manpower of Consumer Counsel. In recognition of the fact that Consumer Counsel would be working to advance the States' *parens patriae* claims for the benefit of all consumers nationwide, the States further agreed that Consumer Counsel should be compensated for their work based on the overall financial recovery in the litigation, not just any class action recovery. JPA, MDL Dkt. 1129-2 at 3, § IV.

Because Consumer Counsel did a large share of the work that led to the settlement, Consumer Counsel now seeks a fee representing a percentage of the common fund created in significant

---

[1]Decl. refers to the Declaration of Lead Counsel Karma M. Giulianelli and Hae Sung Nam in Support of Consumer Plaintiffs' Renewed Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Incentive Awards for Individual Plaintiffs (Dec. 1, 2025), MDL Dkt. 1129-1.

SUPPLEMENTAL BRIEF IN SUPPORT OF CONSUMER COUNSEL'S MOTION FOR ATTORNEYS' FEES
Case Nos. 3:21-md-02981-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

measure as a result of that work. That percentage, 13.5% (not including the interest earned), represents just over half of the Ninth Circuit's 25% benchmark.

Consumer Counsel extensively vetted their motion for attorneys' fees with the States prior to submitting it to this Court. The States had direct, first-hand knowledge of Consumer Counsel's contributions to the litigation and settlement. They also have a well-established practice of scrutinizing and opposing excessive fee requests by private counsel, yet not one of them objects to this request. That is especially salient here, given their compelling and independent interest in this *parens patriae* fund. Given that none of the 53 states and territories object to Consumer Counsel's request for attorneys' fees from the common fund created by the *parens patriae* settlement, Consumer Counsel respectfully submit that their motion should be granted.

Consumer Counsel's role in the mediations—about which the Court inquired —was equally substantial. Settlement negotiations spanned more than a year before Judges Weinstein (Ret.) and Westerfield (Ret.). Decl. ¶¶ 86–87. Consumer Counsel took the lead in drafting the joint mediation statement and made the principal liability and damages presentations to Google. Decl. ¶¶ 87–89. As reflected in the States' filings, Consumer Counsel "devoted hundreds of hours over more than a year negotiating alongside" the States to obtain the relief reflected in the Settlement. States' Mot. of Proposed Settlement at 4 (Dec. 18, 2023), States Dkt. 522. Both mediators have offered, on the Court's invitation and with the parties' consent, to submit declarations attesting to Consumer Counsel's instrumental contributions. Consumer Plfs' Renewed Fee Mot. at 8 (Dec. 1, 2025), MDL Dkt. 1129.

With respect to the appropriateness of a fee representing a small multiple of their lodestar, Class Counsel worked on this case for several years on a purely contingent basis, putting their fees and money completely at risk with no assurance of any recovery. Given that significant risk and the time value of money, the multiplier of 1.34 is low and eminently reasonable. Indeed, it is lower than the 1.41 multiplier this Court approved for Developer Counsel, who settled much earlier in the litigation before class certification. *In re Google Play Dev. Antitrust Litig.*, No. 20-cv-05792-JD, 2024 WL 150585, at *3 (N.D. Cal. Jan. 11, 2024). Even if Consumer Counsel's lodestar were cut in

SUPPLEMENTAL BRIEF IN SUPPORT OF CONSUMER COUNSEL'S MOTION FOR ATTORNEYS' FEES
Case Nos. 3:21-md-02981-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

half, the analysis does not change. An implied multiplier of approximately 2.7 would be well within reason.

No "exceptional circumstances" are required to justify a fee award based on a percentage of the common fund where the lodestar cross-check shows a modest multiplier.[2] Multipliers within this range are well established and routine in common fund cases—including those pre-certification and after a denial of certification.[3] That is because the ultimate result for plaintiffs, and counsel's contribution to that result, is what matters. Here, Consumer Counsel, assisting in prosecuting the States *parens patriae* case, were critical in obtaining one of the largest settlements Google has ever paid in this landmark antitrust case. The average consumer will receive over 47% of overcharge damages calculated using a reasonable 50% pass-through rate. States' Supp. Br. in Support of Mot. for Proposed Settlement at 5–6 (Apr. 17, 2024), MDL Dkt. 953 & States Dkt. 548. That, coupled with meaningful injunctive relief, is an outstanding result for a negotiated settlement.

At the hearing, the Court questioned the necessity of Consumer Counsel investing over 98,000 hours in the litigation. By comparison, Epic's counsel expended over 248,838 hours

---

[2] The court inquired about law related to multipliers being warranted only in "exceptional" circumstances. But that law does not apply here, an antitrust case involving cash payments to a common fund from which counsel claims an interest, as opposed to an application for fees through a statutory fee shifting provision. In the *Van Gerwen v. Guarantee Mutual Life Co.* case, for instance, the Ninth Circuit's statement about the lodestar amount being the presumptively reasonable fee amount was in the context of statutory fee shifting in ERISA actions. 214 F.3d 1041, 1045 (9th Cir. 2000) (citation modified). This Ninth Circuit made a similar point in its more recent decision in *Chambers v. Whirlpool Corp.*, 980 F.3d 645 (9th Cir. 2020). There, the *Chambers* court said that a lodestar multiplier is warranted only in "exceptional circumstances," but made its statements in the context of a partial coupon settlement where the defendant paid the plaintiff's attorney fees directly based upon a lodestar calculation. *Chambers*, 980 F.3d at 665. The Court's statements regarding the appropriateness of a multiplier relied on caselaw regarding federal fee-shifting statutes, were not made about percentage-of-the-fund calculations, and *specifically excluded* common fund cases. *Id.* at 665–68 (noting that the case upon which the Court relied to reject the contingency multiplier was "inapplicable to class action settlements involving a common fund").

[3] *See, e.g.*, *In re Google Play Dev. Antitrust Litig.*, 2024 WL 150585 (awarding 24.1% of the fund representing a 1.41 multiplier, before class certification motions were filed); *In re Alphabet, Inc. Sec. Litig.*, No. 18-cv-6245-TLT, 2024 WL 4354988 (N.D. Cal. Sept. 30, 2024) (approving fee of $66.5 million from $350 million settlement reached prior to class certification, representing 19% of the fund and a lodestar multiplier of 4.58); *Bondi v. DeFalco*, No. 17-cv-5681-KMK, 2020 WL 2476006 (S.D.N.Y. May 13, 2020) (approving 33% fee award in FLSA class settlement reached after certification of litigation class was denied).

3

representing their separate client, a single large developer with different interests than consumers and without a claim for damages. *See* Epic Fee Mot. at 14 (Aug. 23, 2025), MDL Dkt. 1088. While Epic went to trial, Consumer Counsel's hours represent less than 40% of Epic's hours, even though Consumer Counsel worked on behalf of consumers nationwide through the eve of trial. The hours of counsel for Developers also provide a useful comparison. Counsel for Developers expended over 34,430 hours before settling at a much earlier stage of the litigation, prior to class certification, expert discovery, the chat sanction proceedings, evidentiary hearings, the completion of document discovery and depositions, or summary judgment filings. Devs. Corrected Fee Mot. at 11 (Mar. 6, 2023), Devs. Dkt. 243-1. Consumer Plaintiffs, by contrast, litigated through all those stages, settling only in the weeks before trial. When viewed in the context of the hours expended by Epic and Developers, Consumer Counsel's hours fall squarely in the range one would expect. Even if the number of hours were substantially lowered, the cross-check would still confirm the reasonableness of the recovery based on the low percentage of the fund requested. And in this case, the presence of 53 non-objecting State Attorney's General that fully vetted counsel's request is further evidence of the reasonableness of that request.

The landmark JPA entered into by the States and Consumer Counsel was intended to be a model for future state-private collaboration in important public interest litigation. It was intended to secure for the States the valuable assistance of Consumer Counsel in prosecuting the litigation, for the benefit of their *parens patriae* claims. That model yielded great benefits for the public, allowing the States to leverage the work of private counsel while safeguarding the public fisc. A rejection of Consumer Counsel's fee application in the face of the unanimous non-opposition of all 50 States, the District of Columbia and two U.S. territories, and the lack of opposition by even a single consumer, would undermine the parties' expectations in this case and jeopardize state-private collaboration in future cases.

SUPPLEMENTAL BRIEF IN SUPPORT OF CONSUMER COUNSEL'S MOTION FOR ATTORNEYS' FEES
Case Nos. 3:21-md-02981-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

DATED:  May 1, 2026                          BARTLIT BECK LLP


                                        By:    */s/ Karma M. Giulianelli*
                                               Karma M. Giulianelli
                                               **BARTLIT BECK LLP**
                                               1801 Wewatta St., Suite 1200
                                               Denver, Colorado 80202
                                               Telephone: (303) 592-3100
                                               karma.giulianelli@bartlitbeck.com

                                               *Co-Lead Counsel for Consumer Plaintiffs*


                                        KAPLAN FOX & KILSHEIMER LLP


                                        By:    */s/ Hae Sung Nam*
                                               Hae Sung Nam
                                               **KAPLAN FOX & KILSHEIMER LLP**
                                               800 Third Avenue
                                               New York, NY 10022
                                               Telephone: (212) 687-1980
                                               hnam@kaplanfox.com

                                               *Co-Lead Counsel for Consumer Plaintiffs*

SUPPLEMENTAL BRIEF IN SUPPORT OF CONSUMER COUNSEL'S MOTION FOR ATTORNEYS' FEES
Case Nos. 3:21-md-02981-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

## <u>E-FILING ATTESTATION</u>

I, Karma M. Giulianelli, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(h)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

/s/ *Karma M. Giulianelli*
Karma M. Giulianelli